**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROL A. FORTI, | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case No. 1:06CV00613 (JR)** |
| | ) | |
| W.C. & A.N. MILLER | ) | |
| DEVELOPMENT COMPANY, et al., | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF DEFENDANTS W.C. & A.N. MILLER DEVELOPMENT
COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, AND
GEORGE T. MASSON, JR., TO DISMISS THE COMPLAINT OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants W.C. & A.N. Miller Development Company ("Miller"), June Humbert

("Humbert"), Hamilton and Hamilton, LLP ("Hamilton"),[1] and George T. Masson, Jr.

("Masson") have moved to dismiss the Complaint filed by Carol A. Forti ("Forti") in this action

or, in the alternative, for summary judgment and, as reasons therefor, state as follows:

**I.      Statement of the Facts.**

In the memorandum of points and authorities ("Memorandum") filed on behalf of Alberto

Chong ("Chong") and Luisa Zanforlin ("Zanforlin")(collectively referred to herein as "Buyers"),

Richard L. Aguglia ("Aguglia"), and Jeffrey Hardie ("Hardie") in support of their motion to

dismiss the Complaint or, in the alternative, for summary judgment, their counsel has correctly

set forth facts and a statement of law applicable to this case.  Accordingly, defendants Miller,

---

[1]  Plaintiff Forti served only one summons addressed to "George Masson, Jr. and
Hamilton and Hamilton LLP" upon defendant Masson.  Nevertheless, defendant Hamilton joins
in this motion.

Humbert, Hamilton, and Masson incorporate the Memorandum by reference herein and will

concentrate on those facts which are most pertinent to the claims against them.

This case is yet another instance demonstrating Forti's malicious intention to harass the

parties she has named in the Complaint by assertion of claims having no basis in either law or

fact. It arises from a dispute which arose on April 29, 2002, between Miller and Forti

concerning whether Miller was entitled to a commission of 3% of the sale price at the time of

sale of Forti's house on Garfield Terrace in the District of Columbia. Forti, who is a lawyer

licensed in the Commonwealth of Pennsylvania,[2] had previously published an ad in The

Washington Post listing her house for sale for $895,000 and offering to pay a commission of 3%

of the sale price to a real estate broker who brought her a buyer with whom she executed a sale

contract. See Exhibit 1, attached hereto. The Buyers were shown the Forti house by Miller's

agent, Humbert, and thereafter executed a contract to purchase the house for $950,000.[3] Because

Forti and Miller could not agree on the day scheduled for settlement concerning the payment of a

commission, it was subsequently agreed by the parties to the contract and the settlement

attorney, Nathan Finkelstein, Esq. ("Finkelstein"), that the amount of the disputed commission

_____

[2] The Memorandum, at p. 1 n. 1, discusses the recommendation of D.C. Court of Appeals Committee on Admissions that Forti's application for admission to the D.C. bar be denied.

[3] Buyers submitted an offer of $915,000 along with an escalation clause, whereby they agreed to pay $5,000 more in net proceeds of sale than would be paid under any other offer made to Forti, subject to an upper limit of $975,000. If Forti received a higher offer, she was entitled to complete the blank in the escalation clause calling for the "New Sales Price" so long as that figure was within the limits of the escalation clause. Forti showed Humbert a purported purchase offer in the amount of $945,000, and then completed in her own hand the blank in the escalation clause calling for the "New Sales Price" by writing "950,000." She then signed a modified sales contract with Buyers which recited the sale price of $950,000. See Forti's Exhibit 1, attached to her Complaint.

should be held in escrow by Finkelstein until it was determined who was entitled to those monies.

In June 2002, Miller filed suit in the Superior Court of the District of Columbia, Civil Action No. 02ca000475, and asserted its claim to the escrowed monies. See Amended Complaint, attached hereto as Exhibit 2.

Not content with merely filing an answer and asserting by counterclaim her entitlement to the escrowed funds in the Superior Court action, Forti filed a third-party complaint against Humbert and the Buyers. Forti alleged, *inter alia,* that Humbert "either persuaded or colluded with the settlement attorney to deduct a 3 percent broker's commission, $28,500, from the $950,000 owed to Seller . . . .," Exhibit 4 ¶ 8, attached hereto, and that Humbert "encouraged Buyers Chong/Zanforlin to refuse to escrow the disputed commission and proceed to settlement." *Id.* at ¶ 15. In her counterclaim filed against Miller, Forti alleged that Humbert "encouraged Buyers Chong and Zanforlin to refuse to also oppose escrowing the disputed commission and proceeding with settlement on June 29 [sic, should be April 29]." Exhibit 3 ¶ 8, attached hereto.

Throughout the litigation, Forti contended that she had no legal obligation to pay any commission and that the Buyers, Miller, Humbert and their attorneys had and were acting improperly. Forti even sought sanctions pursuant to Super. Ct. Civ. R. 11 against Hamilton and Masson in the amount of $200,000 each for filing what she contended was a baseless claim, as well as sanctions in the amount of $510,00 each against the Buyers' attorney, Richard L. Aguglia ("Aguglia") and his law firm Hunton & Williams LLP. She also sought an award of sanctions in the amount of $75,000 against an associate of Aguglia at Hunton & Williams LLP who had

entered her appearance in the action.  On March 19, 2003, Associate Judge Melvin R. Wright

denied Forti's motion for sanctions, stating that "[t]his Court finds absolutely no basis in fact

upon which the motion can be granted . . . ."   Exhibit 5, attached hereto.

On October 31, 2003, Judge Wright granted summary judgment in favor of Miller on its

claim of entitlement to the commission; in favor of Miller on the claims asserted against it by

Forti; in favor of Humbert on Forti's claims; and in favor of Buyers on Forti's claims.  Exhibit 6,

attached hereto.

The purchase contract provided that in the case of any dispute between Forti and Buyers

arising out of the contract, the prevailing party would be entitled to attorney's fees.  Similarly, it

provided that Miller was entitled to attorneys fees if it was required to bring suit for its

commission and prevailed in that action.  See Forti's Exhibit 1, attached to her Complaint,

"Regional Sales Contract" ¶ 23.  Thus, on June 10, 2004, Judge Wright awarded attorney's fees

and costs to Miller in the amount of $49,295.49.  See Exhibit 7,[4] attached hereto.

Unwilling to accept Judge Wright's decision granting summary judgment in favor of

Miller, Humbert, and Buyers,  Forti appealed to the District of Columbia Court of Appeals.  As

noted in the Memorandum, that court summarily affirmed Judge Wright's decision on August 6,

2004; denied her motion to supplement the record on appeal on September 21, 2004; denied her

motion to recall the mandate, stating that her claims "lack merit," on October 6, 2004; denied her

petition for rehearing en banc; and denied her motion to void the judgment and other relief on

March 15, 2005.[5]  See Exhibits  8,  9, 10, 11, and 12, respectively, attached hereto.

---

[4]  On the same date Judge Wright also awarded attorney's fees and costs to Buyers.

[5]  In that Order, the Court directed that its Clerk "shall not accept for filing any further
pleadings, papers or motions in this appeal."  See Exhibit 12.

Pursuant to the terms of the purchase contract, on November 5, 2004, Judge Wright awarded additional attorney's fees and costs to Miller[6] in the amount of $28,005.24 related to its defense of Forti's appeal.  See Exhibit 13, attached hereto.

## II.    Argument.

A.      Forti's Complaint fails to state a claim upon which relief can be granted.

_____The Memorandum filed on behalf of Buyers, Aguglia, and Hardie demonstrates that there is no recognized tort action for civil conspiracy in the District of Columbia.  *Executive Sandwich Shoppe, Inc., v. Carr Realty Corp., 749 A.2d 724, 738 (D.C. 2000)*(citing *Waldon v. Covington, 415 A.2d 1070, 1074 n.14 (D.C. 1980)*)).  Furthermore, "[c]ivil conspiracy depends on performance of some underlying tortious act." *Id.* (quoting *Halberstam v. Welch*, *227 U.S.App.D.C. 167, 174, 705 F.2d 472, 479 (1983)*).  Because judgment was entered against Forti in the Superior Court action and she was found liable to Miller and Buyers for attorneys fees, she cannot claim that there is any wrong, let alone that of fraud,  to which her claim of conspiracy may attach.  The essence of her claim is nothing more than that two other courts were wrong in finding that she was contractually obligated to pay a commission to Miller, that she was obligated to pay attorney's fees to Miller for resisting its claims, and that Miller and Humbert were not liable to her for any damages.  Forti may not resort to this Court in an attempt to circumvent final decisions of the Superior Court and the District of Columbia Court of Appeals.

Forti has made no allegation of fraud which differs from the allegations she has already sued upon and lost.

---

[6] On the same date Judge Wright awarded additional fees and costs to Buyers.

B.    Forti's claims are barred by the statute of limitations.

As set forth in the Memorandum, it is clear that Forti's claims of conspiracy and conspiracy to commit fraud are barred by D.C. Code § 12-301 (8) (1981), which sets forth a three-year statute of limitations applicable to claims for which no other limitation is otherwise specially prescribed. *Morton v. National Medical Enterprises, Inc., 725 A.2d 462, 467 n.18 (1998)*; *Hawkins v. Greenfield, 797 F.Supp 30 (D.D.C. 1992)*; *Estate of Grant v. U.S. News & World Report, Inc., 639 F.Supp. 342 (D.D.C. 1986)*.  It is clear from the counterclaim which Forti filed against Miller and the third-party complaint which she filed against Humbert and the Buyers that Forti is alleging nothing in this action which goes beyond what she knew in 2002; her fraud claim is directly associated with claims on which judgment has already been entered against her. *See Morton v. National Medical Enterprises, Inc., supra*, *725 A.2d at 471* (barring assertion of appellants' fraud claims that "are completely dependent upon and intertwined with their medical malpractice claims.").   For that reason, Forti's complaint must be dismissed.

C.    Forti's claims are barred by principles of *res judicata* and collateral estoppel.

Because it is clear that Forti is asserting the same claims for damages in this action which she asserted in the Superior Court action, the principles of *res judicata* bar her from once again from asserting those claims against Miller and Humbert. *Liuksila v. Stoll, 887 A.2d 501, 506 (D.C. 2005)*("under the doctrine of *res judicata,* a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties"(quoting *Goldkind v. Snider Brothers, Inc.*, *467 A.2d 468, 473 (D.C. 1983)*)).

Similarly, the doctrine of collateral estoppel "precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based on a different

cause of action. *Goldkind v. Snider Brothers, Inc, supra, 467 A.2d at 473.* Forti's claim for

damages and recovery of attorney's fees and costs was denied in the Superior Court action, but

apart from that determination, the issues in that case included the same ones involved in the

present action; those issues were raised, litigated, and adjudged; the issues were material and

relevant to the disposition of the Superior Court action; and the determination of those issues

was necessary and essential to the resulting judgment of the Superior Court, which was then

affirmed upon appeal. *See* 18 MOORE'S FEDERAL PRACTICE ¶¶ 132.03[1]-[4] (3d. ed.),

which discusses the above-described elements of collateral estoppel and principles of claim

preclusion..

        D.        <u>Forti's Complaint is barred by the prohibition against splitting causes of action</u>.

        Assuming *arguendo* that the claims which Forti now seeks to assert against Miller and

Humbert are not deemed to be the same as those which she unsuccessfully asserted in the

Superior Court action, she is barred from asserting them in this action by the rule which prohibits

splitting of causes of action. *See Stutsman v. Kaiser Found. Health Plan of the Mid-Atlantic*

*States, Inc., 546 A.2d 367, 369-70 (D.C. 1998)*, wherein the Court stated as follows:

> It is well settled that once a claim is finally adjudicated, the doctrine of
> claim preclusion will operate to prevent the same parties from "'relitigation of not
> only those matters actually litigated in the first proceeding but also those which
> might have been litigated in the first proceeding.'" *Jonathan Woodner Co. v.*
> *Adams, 534 A.2d 292, 295 n. 6 (D.C. 1987)(quoting Goldkind v. Snider Bros.,*
> *Inc., 467 A.2d 468, 473 n. 10 (D.C. 1983)); see also Rhema Christian Center v.*
> *District of Columbia Bd. of Zoning Adjustment, 515 A.2d 189, 192-93 (D.C.*
> *1986); Henderson v. Snider Bros., Inc., 439 A.2d 481, 485 (D.C. 1981)*(en banc).
> Whether a party wins or loses relief in the initial action, the final judgment
> embodies all of a party's rights arising out of the transaction involved, and a party
> will be foreclosed from later seeking relief on the basis of issues which might
> have been raised in the prior action. *Yuen v. Durham, 488 A.2d 1346, 1348 (D.C.*
> *1985); Henderson v. Snider Bros., Inc., supra, 439 A.2d at 485; Brotherhood of*
> *Railroad Trainmen v. Atlantic Coast Line Railroad, 127 U.S. App. D.C. 298, 300,*

*383 F.2d 225, 227 (1967), cert. denied, 389 U.S. 1047, 19 L. Ed. 2d 839, 88 S. Ct. 790 (1968);* RESTATEMENT (SECOND) OF JUDGMENTS § 18 comment a (1982) (plaintiff's original claim is "merged" in the judgment).

Having unsuccessfully prosecuted her claim for damages and entitlement to that amount of the escrowed monies which represented the amount of the commission which she agreed to pay to a cooperating broker, Forti may not now press additional claims against Miller and Forti - even assuming that such claims are in fact different than those asserted by her in the earlier action - which were known to her at the time she filed her counterclaim against Miller and her third-party complaint against Humbert.

## Conclusion

For the foregoing reasons, defendants Miller, Humbert, Hamilton and Masson submit that the Complaint filed by plaintiff Forti in this action should be dismissed with prejudice, and the Court should award attorney's fees in favor of defendant Miller as called for in the Regional Sales Contract, ¶ 23, which is included in Forti's Complaint as Exhibit 1.

Respectfully submitted,

_____
Patrick Kavanaugh,
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532

George T. Masson, Jr.,
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3

Attorneys for Defendants W.C. & A.N.
Miller, June Humbert, Hamilton and
Hamilton, LLP, and George T. Masson, Jr.