SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

W.C. and A.N. Miller Development Company )
4830 Massachusetts Avenue, N.W. )
Washington, D.C. 20016-2066 )
)
      Plaintiff, )
)
v. )   Case No. 02ca0004745
)   Calendar 13
Carol A. Forti )   Judge Abrecht
14 West Chapman Street )
Alexandria, Virginia 22301 )

### AMENDED COMPLAINT

1.    This Court has jurisdiction of this civil action under D.C. Code §11-921 (2001).

2.    Plaintiff W.C. and A.N. Miller Development Company ("Miller") is a Delaware corporation with principal offices in the District of Columbia and is engaged, inter alia, in the business of real estate brokerage services and does so under the name of W.C. and A.N. Miller Realtors.

3.    Defendant, at all times relevant to this Complaint, was a resident of the District of Columbia living at 2936 Garfield Terrace, N.W., in the District of Columbia ("Property").

4.    On or about April 7, 2002, defendant placed an ad in the Washington Post whereby she offered the Property for sale and agreed to pay a commission of three percent (3%) of the sales price to a broker for the person or persons purchasing the property. A copy of that ad is attached hereto and incorporated by reference herein as Exhibit 1.

5.    On or about April 15, 2002, defendant executed a Regional Sales Contract ("Contract") whereby she agreed to sell the Property to Alberto Chong and Luisa Zanforlin for $950,000.00, with settlement to occur on or before April 29, 2002. Under the terms of the



Contract, defendant agreed to pay a commission of three percent (3%) to Miller at time of settlement. A copy of the Contract is attached hereto and incorporated herein by reference as Exhibit 2.

6. Under the terms of the Contract, Miller is entitled to recover attorneys' fees and costs of litigation from the seller of it prevails in this litigation.

7. On or about April 29, 2002, defendant refused to conclude the settlement on the Property pursuant to the terms of the Contract whereby the three percent (3%) commission would be paid to Miller.

8. Settlement on the Property subsequently took place on May 8, 2002. At that time an Escrow Agreement was executed by defendant; Alberto Chong and Luisa Zanforlin; Miller; and Nathaniel Finkelstein, Esq. ("Escrow Agent"), whereby the parties to the Escrow Agreement agreed that the Escrow Agent would withhold from the proceeds to be distributed at the settlement and closing on the Property the sum of Twenty-Nine Thousand Eight Hundred Fifty Seven Dollars and Seventy Cents ($29,850.70), representing moneys in dispute calculated as follows:

|  |  |
|---|---|
| 3% Commission = | $28,500.00 |
| Property taxes: $14.29 per day for 9 days = | $    128.61 |
| First Trust $120.205 per day for 9 days = | $ 1,081.85 |
| Second Trust: $15.582 per day for 9 days = | $    140.24 |
| TOTAL | $29,850.70 |

9. By the terms of the Escrow Agreement, the Escrow Agent is to disburse the finds in accordance with a written release executed by and on behalf of the parties or as set forth by a

final order of a court.

Of this sum $28,500.00 represents the amount of the commission claimed by plaintiff, and the remaining moneys represent adjustments occasioned by the delay of the settlement

10.　Defendant continues to refuse to pay Miller a three percent (3%) commission on the sale price of the Property.

WHEREFORE, plaintiff demands judgment against defendant for the sum of Twenty-Eight Thousand Five Hundred Dollars, interest, costs, and reasonable attorneys fees

Respectfully submitted,

HAMILTON AND HAMILTON, LLP

By: _____
George T. Masson, Jr., D.C. Bar #51953
1775 Pennsylvania Avenue, N.W.
Suite 1100
Washington, DC 20006-4605
(202) 463-8282
Attorney for Plaintiff