UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| | * Deck Type: Contract |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. TO DISMISS COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. file the instant Memorandum of Points and Authorities in Support of their Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment, stating as follows:

**I.    Introduction**

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. hereby incorporate by reference all facts, exhibits, and legal grounds for dismissal of Plaintiff Carol A. Forti's Complaint (hereinafter the "Complaint") as set forth in the Joint Motion of Co-Defendants Alberto Chong, Luisa Zanforlin, Richard Aguglia and Jeffrey Hardie to Dismiss Complaint for Civil Fraud and Conspiracy to Commit Civil Fraud or, in the Alternative, Motion for Summary Judgment and supporting Memorandum of Points and Authorities (hereinafter collectively "Joint Motion to Dismiss"), and Motion of Defendants W.C. & A.N. Miller Development Company, June Humbert, Hamilton and Hamilton, LLP,

and George T. Masson, Jr., to Dismiss the Complaint, or in the Alternative, for Summary Judgment and supporting Memorandum of Points and Authorities.

All claims alleged by Plaintiff in this matter arose in or about the spring of 2002, almost four years prior to the filing of Plaintiff's most recent Complaint in this Court. The facts and disputes underlying this case were previously adjudicated in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and affirmed by Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02. The instant and the prior litigation arose from Ms. Forti's sale of a house located at 2936 Garfield Terrace, N.W., Washington, D.C. 20008 (hereinafter referred to as the "Property") to Alberto Chong and Luisa Zanforlin in or about May 2002. Defendant Nathan I. Finkelstein was the settlement attorney for the sale and purchase of the Property. Prior to the settlement of the Property, a dispute arose between Ms. Forti and W.C. & A.N. Miller Development Co. regarding the $28,500 commission owed to W.C. & A.N. Miller Development Co. To facilitate the settlement, the $28,500 commission in dispute was placed in escrow with Defendant Nathan I. Finkelstein named as escrow agent. Plaintiff was intimately involved with the settlement of the Property, and had knowledge of all of the pertinent facts relating to the settlement at or about the time of settlement.

Suit was brought by W.C. & A.N. Miller Development Co. against Ms. Forti to recover the $28,500 commission that Ms. Forti was contractually obligated to pay. Ms. Forti then counterclaimed against Alberto Chong and Luisa Zanforlin making baseless allegations of a purported conspiracy to breach their contract with Ms. Forti by permitting the deduction of the owed commission from the seller's proceeds. The case

before the Superior Court of the District of Columbia was resolved by an Order entered by the Honorable Melvin P. Wright granting summary judgment in favor of plaintiff, W.C. & A.N. Miller Development Co., and third-party defendants, Jane Humbert, Alberto Chong, and Luisa Zanforlin, on or about October 31, 2003 (hereinafter referred to as the "Superior Court's Order'). See Exhibit A.  The Superior Court's Order, which is incorporated herein by reference, provided a recitation of the factual background of the case and concluded by ordering the funds held in escrow be released to the plaintiff, W.C. & A. N. Miller.  Exhibit A.  The District of Columbia Court of Appeals affirmed the Superior Court's ruling.  Exhibit B.  As evidenced by the recitation of facts and issues set forth in the Superior Court's Order and the brief summary above, it is clear that Plaintiff's Complaint in this court seeks to relitigate the same facts and issues which were resolved by the District of Columbia Courts in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02.

## II.     Legal Standards

### A.  Motion to Dismiss

A defendant may move to dismiss an action based on a plaintiff's failure to state a claim upon which relief may be granted as an initial responsive pleading.  F.R.C.P. 12.  In considering a motion to dismiss, the court "must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff."[1] Alexis v. District of Columbia, 44 F.Supp.2d 331, 336-37 (D.D.C. 1999).  The court

---

[1] Nonetheless, in doing so, the court "does not need to accept as true the plaintiff's legal conclusions." Alexis, 44 F.Supp.2d at 336-37.

should dismiss a plaintiff's complaint when it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46. 78 S.Ct. 99 (1957).

In considering a defendant's motion to dismiss, a court may consider the documents attached to and incorporated into the Complaint without converting the motion into a motion for summary judgment.  Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996).  In her Complaint, Plaintiff Forti references the prior litigation of the issues raised in this action.[2]  Therefore, the court's consideration of the prior litigation of this matter should not be considered outside of the pleadings.  However, if the court determines that the documents considered are outside the pleading, the court shall treat the motion to dismiss of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. as a motion for summary judgment.  F.R.C.P. 12(b).

### B. Summary Judgment

The court may grant summary judgment if the record reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir. 1994).  A factual dispute is material or genuine only if it is capable of affecting the substantive outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986).  In considering a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986).  In her Complaint, Plaintiff has filed to raise any disputed material facts that have not already been adjudicated.  See W.C. & A.N.

---

[2] In fact, Ms. Forti alleges that a conspiracy somehow arose from co-defendants "litigating against Forti for a commission." Complaint ¶3 and ¶4.

4

Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02.  Accordingly, this Court should grant summary judgment in favor of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.

### III.    Analysis

#### A. Plaintiff's Complaint is Barred by the Statute of Limitations

District of Columbia Code §12-301(8) provides a three (3) year statute of limitations for a plaintiff to bring an action for causes not specifically set forth in that section.  Section 12-301 does not specifically set forth a limitation for an action for fraud and civil conspiracy, therefore, the three year statute of limitations applies.  Although in a cause of action for fraud, the statute of limitations begins to run when a person bringing an action knew or should have known of the alleged fraud, that principle would not bring the filing of Plaintiff's action within the three year statute of limitations.  Hawkins v. Greenfield, 797 F.Supp. 30, 33 (D.D.C. 1992).

Plaintiff clearly had knowledge of all of the facts relating to her filing of the instant action more than three years prior to said filing.  In fact, Plaintiff made similar allegations prior to the closing on the Property on or about April 29, 2002, more than three years before the filing of the instant action.  Therefore, Plaintiff's Complaint should be dismissed with prejudice as it is barred by the applicable statute of limitations.

#### B. Plaintiff's Complaint is Barred by the Doctrine of Collateral Estoppel

The facts and issues raised in Plaintiff's Complaint have already been fully adjudicated by the District of Columbia Courts.  See W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and Forti v. W.C. &

A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02.  In fact, Plaintiff is suing the defendants to this action because Defendants W.C. & A.N. Miller Development Co., Chong and Zanforlin prevailed in litigation against Plaintiff in the District of Columbia Courts.  Id.; Complaint ¶3 and ¶4.  Plaintiff alleges that the prior litigation was a "conspiracy" to force Ms. Forti to pay a $28,500 commission to W.C. & A.N. Miller Development Co., and that "Nathan Finkelstein became part of the conspiracy by drawing up a HUD Settlement Sheet that assigned a $28,500 commission to Miller out of Forti's Proceeds."  Complaint at ¶4 and ¶5.  The Superior Court determined that Ms. Forti was obligated to pay the $28,500 commission, and ordered that the $28,500 held in escrow by Defendant Nathan I. Finkelstein be released to W.C. & A.N. Miller Development Co.  See Exhibit A.  The District of Columbia Court of Appeals affirmed the Superior Court's ruling.  Certainly, the District of Columbia Courts did not act in furthering the "conspiracy" alleged by Plaintiff Forti.

The doctrine of collateral estoppel "precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based on a different cause of action."[3]  Goldkind v. Snider Brothers, Inc., 467 A.2d 468, 473 (1983) (further citations omitted).  The principles of "collateral estoppel seek to conserve judicial resources, protect citizens from multiple lawsuits, and reduce the likelihood of inconsistent verdicts."  Bryson, 268 F. Supp.2d at 54 (citing Montana v. U.S., 440 U.S. 147, 153-54, 99 S.Ct. 970 (1979)).  As set forth supra, the District of Columbia Superior Court and the District of Columbia Court of Appeals have already ruled on the issues

---

[3] Federal law and District of Columbia both law apply the doctrine of collateral estoppel to preclude "relitigation of an (1) identical issue (2) that was fully and fairly litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential."  Bryson v. Gere, 268 F. Supp.2d 46, 57 (2003).

6

raised in Plaintiff's Complaint. Therefore, Plaintiff is precluded by the doctrine of collateral estoppel from bring this action against Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.[4] Accordingly, Plaintiff's Complaint should be dismissed with prejudice.

### C. Plaintiff's Complaint Fails to State a Claim upon which Relief can be Granted

A court should dismiss a plaintiff's complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S. Ct. at 102. Plaintiff's Complaint fails to state a claim upon which relief can be granted, as she has failed to allege any wrongful conduct by Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. sufficient to state a claim for civil fraud or civil conspiracy.

Plaintiff has not made any allegations as to the conduct of Defendant Finkelstein & Horvitz, P.C.[5] Further, Plaintiff has failed to make any allegations which evidence any wrongdoing by Defendant Nathan I. Finkelstein sufficient to prove fraud[6] or civil

---

[4] Similarly, under the doctrine of *res judicata*, "a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties or those in privity with them." Goldkind, 467 A.2d at 473 (further citations omitted). Nonparties to an action are "in privity" with a party if "a judgment involving one of them may justly be conclusive upon the others, although those others were not party to the lawsuit." Ethnic Employees of Library of Congress v. Boortstin, 751 F.2d 1405, 1409, 243 U.S. App. D.C. 186 (D.C. Cir. 1985). Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. were forced to release the funds held in escrow as a result of the Superior Court 's Order, and its subsequent affirmance by the District of Columbia Court of Appeals. Thus, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. also assert the defense of *res judiciata* to Plaintiff's Complaint.

[5] In fact, Plaintiff's Complaint fails to make a single allegation against Finkelstein & Horvitz, P.C. The only mentions of Finkelstein & Horvitz, P.C. in Plaintiff's Complaint are in the case caption and the prayer for relief seeking punitive damages in the amount of $2,000,000.00. See Complaint.

[6] To prove a claim for civil fraud, a plaintiff must provide clear and convincing evidence that the defendant made (1) a false representation (2) in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) that action is taken in reliance upon the representation. Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992).

conspiracy.[7] Instead, Plaintiff baldly asserts that Defendant Nathan I. Finkelstein "became part of the conspiracy by drawing up a HUD Settlement Sheet," "by informing agent Humbert and the buyers that there was an Assignment of Proceeds on the sale of Forti's property," and using "the Assignment of Proceeds on the same of Forti's home in an attempt to force Forti to pay a commission." Complaint at ¶5, ¶6, and ¶8. Such assertions fail to state a claim for fraud or civil conspiracy.

IV.     Conclusion

For all the foregoing reasons, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. respectfully request that this Honorable Court enter an Order granting the instant Motion and dismissing Plaintiff Carol A. Forti's Complaint with prejudice or, in the alternative, entering final judgment in this matter in favor of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.

Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

---

[7] A claim for civil conspiracy is not itself an independent action. Rather, a claim for civil conspiracy "depends on the performance of some underlying tortuous act." Griva v. Davison, 637 A.2d 830, 848 (1994); Halberstam v. Welch, 705 F.2d 472, 479, 227 U.S.App.D.C. 167, 174 (1983); Waldon v. Covington, 415 A.2d 1070, 1074 fn. 14 (1980). Nonetheless, to prove a claim for civil conspiracy, a Plaintiff must prove that (1) there existed "an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." Griva, 637 A.2d at 848.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2006, the foregoing Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. to Dismiss Complaint or, in the Alternative, for Summary Judgment, supporting Memorandum of Points and Authorities, and proposed Order were mailed first-class with adequate postage prepaid to:

Carol A. Forti, *pro se*
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Arguglia, Esq.
Jeffrey Hardie, Esq.
Hunton & Williams, LLP
1900 K Street, N.W.
Suite 1200
Washington, D.C. 20006

George Masson, Jr., Esq.
1900 M Street, N.W.
Suite 410
Washington, D.C. 20036

_____/s/_____
Nathan I. Finkelstein