## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CAROL A. FORTI,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case No. 1:06CV00613 (JR)** |
| | ) | |
| **W.C. & A.N. MILLER** | ) | |
| **DEVELOPMENT COMPANY, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

### REPLY OF DEFENDANTS W.C. & A.N. MILLER DEVELOPMENT COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, AND GEORGE T. MASSON, JR., TO PLAINTIFF'S "OPPOSITION TO DEFENDANTS' AFFIRMATIVE DEFENSES AS INAPPLICABLE; OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; AND OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT"

### Preliminary Statement

Defendants W.C. & A.N. Miller Development Company ("Miller"), June Humbert ("Humbert"), Hamilton and Hamilton, LLP ("Hamilton"), and George T. Masson, Jr. ("Masson") submit the following reply to the pleading filed by plaintiff Carol A. Forti ("Forti") bearing the title "Opposition to Defendants' Affirmative Defenses as Inapplicable; Opposition to Defendants' Motion to Dismiss the Complaint; and Opposition to Defendants' Motion for Summary Judgment" ("Opposition"). That pleading was filed in response to the motion to dismiss or, in the alternative, for summary judgment filed by these defendants. As demonstrated herein, as well as by Forti's complaint and the Opposition, she is not entitled to maintain this action and judgment should be entered in favor of all defendants.

### Argument

**I.**     **Forti is barred from asserting claims on which judgment was entered against her in the Superior Court of the District of Columbia and upon which the**

**entry of judgment was affirmed by the District of Columbia Court of Appeals.**

The claims of conspiracy[1] and conspiracy to commit fraud which Forti asserts in this action against Miller and Humbert derive from her claim of entitlement to funds representing the amount of a real estate commission and incidental charges incurred by her, which amounts were placed in escrow pursuant to an agreement signed by her in 2002 when she sold her residence in the District of Columbia. Her claim of entitlement to the escrowed funds has been previously rejected by Associate Judge Melvin R. Wright of the Superior Court of the District of Columbia in Civil Action No. 02ca0004745 . Judge Wright also awarded attorney's fees in favor of Miller in accordance with provisions of the real estate contract executed by Forti. The entry of summary judgment by Judge Wright in favor of Miller and Humbert and the release of the disputed commission to Miller were affirmed by the District of Columbia Court of Appeals.[2]

It is clear from Forti's Opposition[3] that she is doing nothing more in this action than

---

[1] Civil conspiracy is not actionable in and of itself in the District of Columbia and depends upon some underlying tortious act. *Hall v. Clinton, 350 U.S. App. D.C. 422, 285 F.3d 74, 82, reh'g en banc denied, 2002 U.S. App. LEXIS 12055 (D.C. Cir. June 13, 2002); Halberstam v. Welch, 227 U.S. App. D.C. 167, 174, 705 F.2d 472, 479 (1983).*

[2] See Exhibit 8, which accompanied the motion to dismiss or, in the alternative, for summary judgment filed by these defendants. Exhibits 9 through 12 to that motion are copies of subsequent orders issued by the D.C. Court of Appeals which denied Forti's request to supplement the record on appeal; her request to recall the mandate; her request for hearing en banc; and her motion to void the judgment and for other relief. The last of those orders (Exhibit 12) directed that "the Clerk shall not accept for filing any further pleadings, papers or motions in this appeal."

[3] "Nevertheless, in an egregious example of reversible error, the trial judge in Superior Court granted summary judgment to Miller regarding the commission and dismissed the actions for breach of contract and consequential damages against Chong and Zanforlin." Opposition, p. 7. Judgment was also entered in favor of Humbert. See Exhibit 6, which accompanied the motion to dismiss or, in the alternative, for summary judgment filed by these defendants.

challenging and seeking to circumvent the rulings of the Superior Court and their affirmance by

the District of Columbia Court of Appeals.  She has once again asserted claim to the escrowed

monies and also seeks recovery of the attorney's fees which she paid pursuant to Judge Wright's

orders.[4]  In so doing, she is attempting to overturn the judgments entered in favor of Miller and

Humbert and against her in the prior litigation.  The principles of *res judicata* (as to defendants

Miller and Humbert) and collateral estoppel (as to defendants Hamilton and Masson) prevent

relitigation of those issues.

Because her claim of entitlement to the escrowed monies has already been litigated and

Miller has been awarded those funds, Forti cannot now claim compensatory and punitive

damages for a "conspiracy" or "conspiracy to commit fraud" for successfully asserting its right

to those monies.[5]  A judicial determination has been made that there is no wrong to which the

alleged "conspiracy" may attach.  "'[A]s a matter of substantive law, one cannot be liable for a

conspiracy that does not have as it object an <u>actionable</u> wrong.'" *Hall v. Clinton, supra,  285*

*F.3d at 82 (2002)*(quoting *Hall v. Clinton, 143 F. Supp. 2d 1, 6 (D.D.C. 2001)* and *Riddell v.*

*Riddell Washington Corp., 275 U.S. App. D.C. 362, 866 F.2d 1480, 1494 (1989)*(emphasis in

original).

Forti's attempt to relitigate issues relating to her claim of entitlement to the amount of the

real estate commission which she agreed to pay "represents rather garden variety forum

---

[4]  Those orders are Exhibits 7 and 13, which accompanied the motion to dismiss or, in the alternative, for summary judgment filed by these defendants.

[5]  Forti makes no claim of fraud by any of the parties in the conduct of the Superior Court litigation or fraud on the Court in a manner which might arguably allow her to maintain such a claim.  Any such contention should have been made by a motion filed within one year in the Superior Court case pursuant to S. Ct. Civ. R. 60(b).

shopping." *Securities Industries Association v. Board of Governors of the Federal Reserve System, 283 U.S. App. D.C. 376, 900 F.2d 360, 364 (1990)*(applying doctrine of issue preclusion).

Forti is not an unrepresented layperson incapable of recognizing the deficiencies in her claims. As a graduate of Georgetown University Law School and a member of the bar of the Commonwealth of Pennsylvania, Forti should be well-aware that her claims may not be properly asserted in this Court.

II. **Forti is barred from asserting claims for conspiracy and conspiracy to commit fraud against Miller and Humbert by the prohibition against splitting causes of action.**

In the memorandum of points and authorities filed in support of their motion to dismiss or, in the alternative, for summary judgment, these defendants demonstrated that Forti is not entitled to assert in this action claims for conspiracy and conspiracy to commit fraud by Miller and Humbert which she might have been presented in the Superior Court action. *See Brotherhood of Railroad Trainmen v. Atlantic Coast Line Railroad Company, 127 U.S. App. D.C. 298, 383 F.2d 225 (1967), cert denied, 389 U.S. 1047, 88 S. Ct. 790, 19 L. Ed. 839 (1968)*; *Gilles v. Ware, 615 A.2d 533, 539 (D.C. App. 1992)*("A party who fails to succeed on one theory of recovery may not frustrate the doctrine of *res judicata* by cloaking the same cause of action in the language of another theory in a subsequent proceeding. *See* RESTATEMENT (SECOND) OF JUDGMENTS §§ 17, 23, and 24 (1982)").

In *Brotherhood of Railroad Trainmen*, 383 F.2d at 227, the Court stated as follows:

> It is a well-settled and virtually axiomatic rule of sound judicial administration that a party having several alternative grounds for relief arising out of a particular transaction does not have the privilege of litigating his theories one at a time, holding one in reserve while he presses another to judgment. According to the complementary

principles of bar and merger, whether a party loses or wins relief in his initial action, the judgment embodies all his rights stemming from the transaction involved, and he is foreclosed from later seeking relief on the basis of issues he might have raised in the prior proceeding to support the original claim.

In *Yamaha Corp. of America v. United States, 295 U.S. App. D.C. 158, 961 F.2d 245 (1992), cert. denied, 506 U.S. 1078, 113 S. Ct. 1044, 122 L. Ed. 2d 353 (1993)*, the Court stated:

A new contention is not . . . necessarily a new issue.  If a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it <u>could</u> have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged.

*Yamaha Corp., 961 F.2d at 257-58* (citation omitted)(emphasis in original).

The Court in *Hall v. Clinton, supra, 285 F.3d at 81,* while affirming the district court's dismissal of Hall's action for lack of subject matter jurisdiction, noted that Hall could have raised tort claims asserted in her second case in the earlier action she had filed against the defendant.  The Court  then went on to state:

Nowhere does she [Hall] asset that she lacked incentive to raise them.  Because her contention that Clinton committed common-law torts against her is "relevant to the issue[] that [was] litigated and adjudicated previously" . . . the Eastern District's judgment in *Hall I* precluded the district court in *Hall II* from considering the tort claims (footnote omitted).

In her Opposition Forti made no response whatsoever to the contention of defendants Miller and Humbert that she has improperly split her causes of action and that she is precluded from now asserting this  second round of claims against them.

5

**III.    Forti may not avoid the bar of the statute of limitations by contending that her claim is one for a continuing tort.**

In her Opposition at p. 8,  Forti contends that "the acts of civil fraud and conspiracy to commit civil fraud continued through May 2005,"  thereby avoiding the bar of the three-year statute of limitations.

The only new actions taken by any of these defendants in 2005 involving Forti related to the institution by undersigned counsel on Miller's behalf of proceedings for writs of execution by levy and a sheriff's sale of real estate owned by Forti in Anne Arundel County, Maryland.[6] Forti challenges only the propriety of the judgments upon which such actions were based, not the manner in which they were instituted.  After those proceedings were initiated, Forti voluntarily paid the judgments and interest due thereon, and  the writs of execution by levy were withdrawn.

The only actions taken by any of these defendants involving Forti during the remaining period of the three years prior to when she filed the instant action related to the successful prosecution by Miller of its claim in the Superior Court action to recover the amount of the escrowed commission and its attorney's fee; the defense by Miller and Humbert (through the efforts of their legal counsel, defendants Hamilton and Masson) against the affirmative claims of Forti; and the defense of the judgments entered in their favor and against Forti after Forti chose to note her appeal to the District of Columbia Court of Appeals.

The continuing nature of Miller's suit against Forti and the successful defense offered by

---

[6]  As previously noted, the District of Columbia Court of Appeals issued its last order related to the affirmance of the entries of judgment in favor of the defendants on March 15, 2005.  See Exhibit 12, which accompanied the motion to dismiss or, in the alternative, for summary judgment filed by these defendants.

Hamilton and Masson to Miller and Humbert did not permit Forti to fail to assert claims known to her or about which she should have known until the litigation ended.  *See Jung v. Mundy, Holt & Mance, P.C. and Holt, 362 U.S. App. D.C. 62, 372 F.3d 429, 433 (2004)*(when a plaintiff knows or should be aware that he or she is being injured by a continuing tort, the statute of limitation begins to run; the continuing nature of litigation does not permit plaintiff to sit on claims until litigation ends).[7]

Because plaintiff's claims of conspiracy and conspiracy to commit fraud all relate to (1) a failure to pay her "net proceeds of sale" in the amount of $950,000 rather than the contract sale price of her residence - $950,000 - reduced by a 3% commission in favor of Miller and (2) the institution of litigation by Miller to establish its right to the amount of the escrowed commission, she may not avoid the bar of the three-year statute of limitations applicable to the conspiracy and fraud claims asserted against each of these defendants.  Forti knew of that claim no later than May 8, 2002, when the settlement on the sale of her residence occurred and she signed the escrow agreement concerning the disputed funds,  which included the amount of the commission claimed by Miller.  Any doubt which she may have had should certainly have been erased in June 2002 when Miller instituted suit against her for the amount of the disputed commission.[8]

---

[7]  As stated herein, the rendition of judgment in favor of Miller in its suit against Forti; the entry of judgment in favor of Miller on Forti's counterclaim;  and the entry of judgment  in favor of Humbert on the claims asserted against her by Forti preclude Forti from now asserting tort claims against Miller, Humbert, Hamilton and Masson which are underpinned by allegations that she is entitled to damages derivative from those claims upon which the Superior Court and the District of Columbia Court of Appeals have already ruled against her.

[8]  That Forti was aware of her alleged conspiracy and conspiracy to commit fraud claim in that time frame is evident by the third-party complaint which she filed against Humbert in August 2002, in which she contended that Humbert "either persuaded or colluded with the

(continued . . .)

There has been no continuing tort because there <u>was</u> no tort.  Judgment was entered in favor of Miller and affirmed on appeal on Forti's claim of entitlement to the commission payment and her claim that she is not liable for attorney's fees to Miller.

Forti's claims in this action against defendants Hamilton and Masson are  nothing more than yet another instance of abusive litigation maintained by her.  Those claims are underpinned by nothing more than her claim that Hamilton's and Masson's  clients, Miller and Humbert, were not entitled to the judgments entered in their favor in the Superior Court and affirmed by the District of Columbia Court of Appeals.  She may not maintain a collateral attack on those judgments by her challenge to them filed in this Court.

## Conclusion

For the foregoing reasons, defendants Miller, Humbert, Hamilton, and Masson respectfully submit that the Complaint filed by plaintiff Forti in this action should be dismissed with prejudice, and the Court should award attorney's fees in favor of defendant Miller as called for in the Regional Sales Contract, ¶ 23, which is attached to plaintiff Forti's Complaint as Exhibit 1.

---

[8]  (. . . continued)
settlement attorney to deduct a 3 percent broker's commission , $28,500, from the $950,000 owed to Seller . . . ."  Exhibit 4, ¶ 8, which accompanied the motion to dismiss or, in the alternative, for summary judgment filed by these defendants.

Respectfully submitted,

_____

Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

_____

George T. Masson, Jr.
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

Attorneys for Defendants W.C. & A.N.
Miller Development Company, June
Humbert, Hamilton and Hamilton, LLP,
and George T. Masson, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum of points and

authorities, and proposed order were mailed, postage prepaid, this 24th day of May ,

2006, to the following:

Carol A. Forti, Esq.
14 West Chapman Street
Alexandria, Virginia 22301

9

John Jay Range, Esq
Richard L. Aguglia, Esq.
Hunton & Williams LLP
1900 K Street, N.W., 12th Floor
Washington, D.C. 20006

  and

Nathan I. Finkelstein, Esq.
Laurie B. Horvitz, Esq.
Robert J. Goldman, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Ave., Suite 400 East
Bethesda, MD 20814

_____
George T. Masson, Jr.