IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06CV00613 (JR) |
| ) | |
| W.C. & A.N. MILLER ) | |
| DEVELOPMENT COMPANY, et al., ) | |
| ) | |
| Defendants ) | |

**MOTION OF W.C. & A.N. MILLER DEVELOPMENT COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, AND GEORGE T. MASSON, JR., FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**

COME NOW defendants W.C. & A.N. Miller Development Company, June Humbert, Hamilton and Hamilton, LLP, and George T. Masson, Jr., and hereby move the Court to impose sanctions against plaintiff Carol A. Forti pursuant to the authority granted to it in Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Prior to filing this motion, these defendants served a copy of this motion upon plaintiff Carol A. Forti along with a request that she withdraw her Complaint filed herein, as required by Fed. R. Civ. P. 11(c)(1)(A), and advised her that she had 21 days within which to do so.

A copy of that letter is attached as Exhibit 14 to the accompanying memorandum of points and authorities filed in support of this motion.

Respectfully submitted,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282


_____
George T. Masson, Jr.
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

Attorneys for Defendants W.C. & A.N.
 Miller, June Humbert, Hamilton and
 Hamilton, LLP, and George T. Masson, Jr.

## REQUEST FOR HEARING

Pursuant to LCvR 7(f), Defendants W.C. & A.N. Miller, June Humbert, Hamilton and Hamilton and Hamilton, LLP, and George T. Masson, Jr., request an oral hearing on this motion.

_____
Patrick Kavanaugh


_____
George T. Masson, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum of points and authorities, and proposed order were mailed, postage prepaid, this 30th day of May, 2006, to the following:

>Carol A. Forti, Esq.
>14 West Chapman Street
>Alexandria, Virginia 22301

>John Jay Range, Esq
>Richard L. Aguglia, Esq.
>Hunton & Williams LLP
>1900 K Street, N.W., 12th Floor
>Washington, D.C. 20006

>and

>Nathan I. Finkelstein, Esq.
>Laurie B. Horvitz, Esq.
>Robert J. Goldman, Esq.
>Finkelstein & Horvitz, P.C.
>7315 Wisconsin Ave., Suite 400 East
>Bethesda, MD 20814

_____
George T. Masson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, )<br>)<br>    **Plaintiff** )<br>)<br>v.  )<br>)<br>W.C. & A.N. MILLER )<br>DEVELOPMENT COMPANY, et al., )<br>)<br>    **Defendants** ) | Case No. 1:06CV00613 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF W.C. & A.N. MILLER DEVELOPMENT COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, AND GEORGE T. MASSON, JR., FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927**

Defendants W.C. & A.N. Miller Development Company ("Miller"), June Humbert ("Humbert"), Hamilton and Hamilton, LLP ("Hamilton"), and George T. Masson, Jr. ("Masson") submit this memorandum of points and authorities in support of their motion for sanctions against plaintiff Carol A. Forti ("Forti") pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927:

**I.    Background**

As has been set forth in the Motion of Defendants W.C. & A.N. Miller Development Company, June Humbert, Hamilton and Hamilton, LLP, and George T. Masson, Jr., to Dismiss the Complaint or, in the Alternative, for Summary Judgment and supporting Memorandum of Points and Authorities,[1] it is clear that all claims alleged by Forti in this action arose in April or May 2002 out of a contract which she signed relating to the sale of her house located on Garfield

---

[1] Defendants Alberto Chong, Luisa Zanforlin (collectively the "Buyers"), Richard Aguglia, and Jeffrey Hardie also moved on April 25, 2006, to dismiss plaintiff's complaint, or in the alternative, for summary judgment. Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., filed a similar motion on April 28, 2006.

Terrace, N.W., in the District of Columbia. Forti, a 1987 graduate of Georgetown University Law School and a lawyer licensed in the Commonwealth of Pennsylvania, caused an ad to be placed in *The Washington Post* in which she listed her house for sale for $895,000 and offered to pay a real estate broker a commission of 3% if the broker introduced her to a buyer with whom Forti subsequently entered into a contract of sale. Exhibit 1, attached hereto.[2] The Buyers were shown the Forti house by Miller's agent, Humbert, and thereafter executed a contract to purchase the house for $950,000.[3] Because Forti and Miller could not agree on the day scheduled for settlement concerning the payment of a commission, they, along with the settlement attorney, defendant Nathan Finkelstein, executed an escrow agreement whereby the amount of the disputed commission was placed in escrow with Finkelstein until entitlement to the monies was determined.

In June 2002, Miller filed suit in the Superior Court of the District of Columbia, Civil Action No. 02ca000475, and asserted its claim to the escrowed monies. Exhibit 2, attached hereto.

Not content with merely filing an answer and asserting by counterclaim her entitlement

---

[2] Exhibits 1 through 13, attached hereto, are the same as exhibits bearing the same numbers which were filed with the motion to dismiss or, in the alternative, for summary judgment filed by these defendants on April 25, 2006.

[3] Buyers submitted an offer of $915,000 along with an Escalator Clause Addendum, whereby they agreed to pay $5,000 more in net proceeds of sale than would be paid under any other offer made to Forti, subject to an upper limit of $975,000. If Forti received an offer higher than that of Buyers, she was entitled to complete the blank in the escalation clause calling for the "New Sales Price" so long as that figure was within the limits of the escalation clause. Forti showed Humbert a purported purchase offer in the amount of $945,000, and then completed in her own hand the blank in the escalation clause calling for the "New Sales Price" by writing "950,000." She then signed a modified sales contract with Buyers which recited the sale price of $950,000. See Forti's Exhibit 1, attached to her Complaint.

to the escrowed funds in the Superior Court action, Forti filed a third-party complaint against Humbert and the Buyers. Forti alleged, *inter alia,* that Humbert "either persuaded or colluded with the settlement attorney to deduct a 3 percent broker's commission, $28,500, from the $950,000 owed to Seller . . . .," Exhibit 4 ¶ 8, attached hereto, and that Humbert "encouraged Buyers Chong/Zanforlin to refuse to escrow the disputed commission and proceed to settlement." *Id.* at ¶ 15. In her counterclaim filed against Miller, Forti alleged that Humbert "encouraged Buyers Chong and Zanforlin to refuse to also oppose escrowing the disputed commission and proceeding with settlement on June 29 [sic, should be April 29]." Exhibit 3 ¶ 8, attached hereto.

    Throughout the litigation, Forti contended that she had no legal obligation to pay any commission and that the Buyers, Miller, Humbert and their attorneys had and were acting improperly. Forti even sought sanctions pursuant to Super. Ct. Civ. R. 11 against Hamilton and Masson in the amount of $200,000 each for filing what she contended was a baseless claim, as well as sanctions in the amount of $510,00 each against the Buyers' attorney, Richard L. Aguglia ("Aguglia") and his law firm Hunton & Williams LLP. She also sought an award of sanctions in the amount of $75,000 against an associate of Aguglia at Hunton & Williams LLP who had entered her appearance in the action. On March 19, 2003, Associate Judge Melvin R. Wright denied Forti's motion for sanctions, stating that "[t]his Court finds absolutely no basis in fact upon which the motion can be granted . . . ." Exhibit 5, attached hereto.

    On October 31, 2003, Judge Wright granted summary judgment in favor of Miller on its claim of entitlement to the commission; in favor of Miller on the claims asserted against it by Forti; in favor of Humbert on Forti's claims; and in favor of Buyers on Forti's claims. Exhibit 6,

3

attached hereto.

The purchase contract provided that in the case of any dispute between Forti and Buyers arising out of the contract, the prevailing party would be entitled to attorney's fees. Similarly, it provided that Miller was entitled to attorneys fees if it was became a party to any action arising out of the contract and was the prevailing party. See Forti's Exhibit 1, attached to her Complaint, "Regional Sales Contract" ¶ 23. Thus, on June 10, 2004, Judge Wright awarded attorney's fees and costs to Miller in the amount of $49,295.49. See Exhibit 7,[4] attached hereto.

Unwilling to accept Judge Wright's decision granting summary judgment in favor of Miller, Humbert, and Buyers, Forti appealed to the District of Columbia Court of Appeals. As noted in the Memorandum, that court summarily affirmed Judge Wright's decision on August 6, 2004; denied her motion to supplement the record on appeal on September 21, 2004; denied her motion to recall the mandate, stating that her claims "lack merit," on October 6, 2004; denied her petition for rehearing en banc; and denied her motion to void the judgment and other relief on March 15, 2005.[5] See Exhibits 8, 9, 10, 11, and 12, respectively, attached hereto.

Pursuant to the terms of the purchase contract, on November 5, 2004, Judge Wright awarded additional attorney's fees and costs to Miller[6] in the amount of $28,005.24 related to its defense of Forti's appeal. See Exhibit 13, attached hereto.

This recitation of facts makes it clear that by her Complaint filed herein, Forti is doing

---

[4] On the same date Judge Wright awarded attorney's fees and costs to Buyers. The clerk also awarded an additional $290.00 in costs to Miller.

[5] In that Order, the Court directed that its Clerk "shall not accept for filing any further pleadings, papers or motions in this appeal." See Exhibit 12.

[6] On the same date Judge Wright awarded additional fees and costs to Buyers.

nothing more than attempting to relitigate the same issues resolved by Judge Wright's orders entered in the Superior Court action and the mandate issued by the District of Columbia Court of Appeals which affirmed Judge Wright's entry of summary judgment in favor of Miller on its claim of entitlement to the escrowed monies and against Forti on her claims asserted against Humbert, Chong, and Zanforlin.[7]

## II. Argument

    A.    <u>Forti's Complaint warrants the imposition of sanctions under authority of Fed. R. Civ. P. 11.</u>

Fed. R. Civ. P. 11(b) provides, *inter alia,* as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . , an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

---

[7] In the instant action Forti has now also named as defendants Hamilton, Masson, Aguglia, Hardie, Finkelstein, and Finkelstein and Horvitz, P.C.. For reasons set forth in the motions to dismiss or, in the alternative, for summary judgment, filed herein, those claims are barred as well.

Forti's Complaint filed in this action clearly reflects multiple violations of Rules 11(a) and (b) and goes beyond the bounds of zealous advocacy expected of any attorney. The reasons for the deficiencies in her Complaint are set forth in detail in the memorandum of points and authorities which accompanied the motion of these defendants to dismiss or, in the alternative, for summary judgment, filed on April 25, 2006. The violations of Rule 11 include[8]:

1. Forti's claim that "[a]ll defendants litigated against Forti for a commission for Miller," Complaint, ¶ 1, when in fact only Miller claimed entitlement to the amount of the disputed commission and Forti is the one who brought suit against Humbert, Chong, and Zanforlin.

2. Forti's claim that "Miller was barred from receiving a commission by D.C. Code and D.C. case law," Complaint, ¶ 1, and her refusal to recognize that her offer to pay a 3% commission was an offer for a unilateral contract which was accepted by performance of the requested act, and that the D.C. Code has no application to such a contract. This assertion is made notwithstanding the fact that it was rejected by Judge Wright in the Superior Court action and that Judge Wright's entries of judgment in that case were affirmed on appeal. See also Complaint, ¶ 11, where Forti recites that the D.C. Code "prohibited receipt of a commission absent proof that the seller and broker have voluntarily entered into an employment contract . . ." and that there was "no employment contract between Forti and Miller," which was similarly rejected by Judge Wright and in

---

[8] The listing herein of the ways in which Forti's Complaint violates Rule 11 only addresses those allegations asserted against defendants Miller, Humbert, Hamilton, and/or Masson. It does not address additional unfounded allegations in her Complaint asserted against other defendants.

the affirmance of his entries of judgment upon appeal.

3.      Forti's claim that "[a]ll the defendants made false representation of material fact that Chong and Zanforlin would pay $950,000 in NET PROCEEDS for the property with knowledge of its falsity with intent to deceive . . . .," Complaint, ¶ 1, when in fact Forti signed the Escalator Clause Addendum after she completed the blank calling for "New Sales Price" by writing "$950,000" and also signing a modified Regional Sales Contract which stated that the price of the house was $950,000.  These same assertions were made by Forti and rejected by Judge Wright in the Superior Court action, and Judge Wright's entries of judgment were affirmed on appeal.  In addition, the assertion of any such claims for the first time against defendants Hamilton and Masson is barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

4.      Forti's claim that "defendants took advantage of a mistake," Complaint, ¶ 2, which was made by her and rejected by Judge Wright in the Superior Court action.  Judge Wright's entries of judgment were affirmed on appeal.  To the extent that Forti makes such claims for the first time against defendants Hamilton and Masson, they are barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

5.      Forti's claim that all defendants in this action are liable for civil conspiracy for "common actions in litigating against Forti for a commission . . . .," Complaint, ¶ 3, and because they allegedly "conspired to litigate a colorless, wanton, lawsuit . . . and forced her to pay a commission that she did now owe," Complaint, ¶ 4, when in fact only Miller

claimed entitlement to a commission; when Forti was the one who brought suit against Humbert, Chong, and Zanforlin; when the District of Columbia does not recognize the tort of civil conspiracy; when her claim of wrongful collusion was rejected by Judge Wright in the Superior Court action, followed by an affirmance of his entries of judgment by the D.C. Court of Appeals; when case law supports the proposition that attorney cannot conspire with his or its client when the attorney's conduct falls within the scope of his legal representation, *Fischer v. Estate of Flax, 816 A.2d (D.C. 2003)* and *Fraidin v. Weitzman, 93 Md. App. 63, 611 A.2d 1046 (1993);* and, finally, to the extent that Forti makes such claims for the first time against defendants Hamilton and Masson, they are barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

Principles of *res judicata* also apply to Complaint, ¶ 10, where Forti once again asserts that "Humbert, Chong, and Zanforlin sought to force Forti to pay a commission to Miller that Forti did not owe . . . ."

6. Forti's claim that Humbert engaged in "tortious interference with contract by refusing the [sic] escrow the disputed commission and by persuading buyers Chong/Zanforlin to refuse to escrow the disputed commission," Complaint, ¶ 9, when in fact Judge Wright rejected Forti's claim to the amount of the commission; the disputed commission was placed in escrow; Forti has already asserted claims against Humbert in the Superior Court action on which judgment was entered against her and affirmed on appeal; and despite the fact that Forti is prevented now from asserting such claim on the basis of *res judicata,* collateral estoppel, and the principle which prohibits splitting of

causes of action.

7.	Forti's improper reliance once again upon District of Columbia case law and statutes as a basis for this action, Complaint, ¶¶ 12 and 13, even though those same contentions were rejected by Judge Wright in the Superior Court and the entries of judgment by Judge Wright were affirmed on appeal. The assertion once more of such claim violates the principles of *res judicata* and collateral estoppel.

8.	Forti's assertion that all the defendants "compounded their malice" by filing for and obtaining awards of attorneys fees in the Superior Court action,[9] Complaint, ¶ 14, and "further compounded their malice against Forti" by placing a lien on the property she owned in Arnold, Maryland,[10] and initiating the process for a sheriff's sale. This contention is made not withstanding the fact that Miller, Chong and Zanforlin had outstanding judgments for recovery of attorney's fees and costs that Forti had refused to pay.

9.	Forti accuses defendants of "maliciousness" and "wanton disregard of Forti's rights," Complaint, ¶ 16, for which she seeks $4,000,000 each in punitive damages from Miller, Humbert, Hamilton, and Masson, notwithstanding the fact that judgment had been entered against Forti on her claims asserted herein; that Miller had been awarded attorney's fees and costs against Forti; and that the reassertion of her rejected claims in this action is barred by principles of *res judicata,* collateral estoppel, the applicable statute of limitations and/or the prohibition on a party against splitting causes of action.

---

[9] Only Miller and the buyers (Chong and Zanforlin) sought and obtained attorney's fees.

[10] Only Miller and the buyers (Chong and Zanforlin) filed liens

This Court, in considering whether to impose Rule 11 sanctions, is to apply an objective standard: namely "whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." *Taylor v. Blakey*, 2006 U.S. Dist. LEXIS 6859 *17 (D.D.C. 2006); *Lucas v. Spellings*, 408 F. Supp. 2d 8, 10 (D.D.C. 2006); *Washington Bankcorp. v. Said*, 812 F. Supp. 1256, 1275 (D.D.C. 1993).

When a party "reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, sanctions are warranted under Rule 11." *Reynolds v. The U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004)(citations omitted). Those sanctions may be imposed even when the second action asserting claims is filed in a different court. *See The John Akridge Company v. The Travelers Companies*, 944 F. Supp. 33 (D.D.C. 1996).

A "calculating indifference . . . to the prior rulings . . . constitutes an intent to bring claims in bad faith." *Reynolds v. The U.S. Capitol Police Board, supra*, 357 F. Supp.2d at 25. "When the preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or bad faith in which it was brought may become especially apparent." *McLaughlin v. Bradlee*, 256 U.S. App. D.C. 119, 803 F. 2d 1197, 1205 (1986)(quoted in *Reynolds v. The U.S. Capitol Police Board, supra*, 357 F. Supp. 2d at 25)

As a licensed attorney, Forti is charged with knowledge that the rulings of the Superior Court and the D.C. Court of Appeals were controlling on her claims asserted in this action. The bringing of this action constitutes evidence of her bad faith intention in bringing this action. This is particularly true after she voluntarily paid the attorney's fees awarded to Miller and the

Buyers,[11] thereby avoiding the sale at a sheriff's auction of real estate owned by her in Anne Arundel County, Maryland. The institution of this baseless action is nothing more than an another attempt at harassment of these defendants. *See Marina Mgmt. Services, Inc. v. Vessel My Girls, 340 U.S. App. D.C. 92, 202 F. 3d 315,325 (2000).*

In *Rafferty v. Nynex Corp., 314 U.S. App. D.C. 1, 60 F. 3d 844, 852 (D.C. Cir. 1995)*, the Court stated that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension , modification or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 *requires* that sanctions of some sort be imposed. A refusal to invoke Rule 11 constitutes error.'" (citing *Westmoreland v. CBS, Inc., 248 U.S. App. D.C. 255, 770 F. 2d 1168, 1174-75 (1985))* (emphasis in the original).

A sanction imposed as the result of a finding of a Rule 11 violation must be based on the costs actually incurred as a result of the violation. *Lucas v. Spellings, supra, 408 F. Supp. 2d at 26.* Defendant Miller has requested that the Court award it fees related to its defense of this action pursuant to the terms of the Regional Sales Contract executed by Chong, Zanforlin, and Forti, Exhibit 1, ¶ 23, attached to Forti's complaint.[12] If attorney's fees are awarded pursuant to

---

[11] In her Complaint, ¶ 14, Forti states that Miller claimed $49,585.49 in fees and that Chong and Zanforlin claimed $54,655.16 in fees. Once again Forti is wrong. Miller claimed and was awarded $77,590,73 in fees and costs, as well as post-judgment interest. Chong and Zanforlin claimed and were awarded $67,338.31 in fees and costs, as well as post-judgment interest.

[12] That provision provides in pertinent part as follows: "In the event a dispute arises resulting in the Broker being made a party to any litigation . . . , the Purchaser [Chong and Zanforlin] and Seller [Forti] agree to indemnify the Broker, its employees, and/or licensees for all attorney fees and costs of litigation, unless the litigation results in a judgment against the Broker, its employees and/or licensees." Forti is the sole party bringing this suit and the only one bearing such liability.

11

this motion, defendant Miller will not seek fees as permitted under the terms of the Regional Sales Contract.

In addition, however, the Court has authority to order a party to pay a penalty to the Court, *Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d at 26,* and any sanction "must also be sufficient to deter others from engaging in similar behavior." *Lucas v. Spellings, supra, 408 F. Supp. 2d at 26* (the court ordered plaintiff to pay $1,000 to the Clerk of the Court); *In re Banks, 1993 WL 184007,* at *1 (D.C. Cir., May 20, 1993) (ordering a $5,000 penalty to be paid to the Clerk).

Finally, defendant Miller submits, given the course of conduct exhibited by Forti throughout all the litigation arising from her refusal to pay the commission which she offered to a cooperating broker, that an additional appropriate sanction is referral of Forti to the bar of the Commonwealth of Pennsylvania for a determination as to whether her conduct warrants disciplinary sanctions. *See, e.g., Lucas v. Spellings, supra, 408 F. Supp. at 27.*

B.  <u>Forti's Complaint warrants the imposition of sanctions under authority of 28 U.S.C. § 1927.</u>

An alternative basis for the Court to impose sanctions against Forti derives from 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

In order to find that an offending attorney's multiplication of the proceedings was both unreasonable and vexatious, the Court must find "evidence of recklessness, bad faith, or improper motive" on his or her part. *LaPrade v. Kidder Peabody & Co., Inc., 330 U.S. App.*

12

D.C. 386, 146 F. 3d 899, 905 (1998)(citing *FDIC v. Conner*, 20 F. 3d 1376, 1384 (5th Cir. 1994); *Reynolds v. The U.S. Capitol Board, supra,* 357 F. Supp. 2d at 26 (sanctions imposed in case where attorneys repeatedly asserted claims on which summary judgment had been granted; which were time-barred, and where no factual basis existed for resubmitting the claims).  As in *Reynolds,* the conduct of plaintiff in bringing this case is equally as violative of 28 U.S.C. § 1927 as it is of Rule 11.

Similarly, in *LaPrade v. Kidder Peabody & Co., Inc., supra,* 146 F.3d at 899, lawyers representing a former employee brought an action on behalf of their client against her former employer.  The district court stayed the action because the dispute was subject to an arbitration agreement.  Shortly before the arbitration was to begin, the employee's lawyers obtained an order from a New York state court staying the arbitration.  On the motion of the employer, the district court lifted the stay imposed by the New York court and imposed sanctions on the employee's lawyers under authority of 28 U.S.C. § 1927 for "vexatious and dilatory" actions and a finding that the lawyers acted in bad faith.

The requirements of 28 U.S.C. § 1927 apply to an attorney who is proceeding *pro se* as well as to an attorney who represents a party.  *Wallace v. Skadden, Arps, Slate, Meagher, & Flom, LLP,* 360 U.S. App. D.C. 368, 362 F. 3d 810 (2004).

The conduct of Forti in bringing this suit is equally as egregious as that which was sanctioned in *Reynolds* and *LaPrade.*

## Conclusion

For the foregoing reasons, defendants Miller, Humbert, Hamilton and Masson respectfully request that their motion for sanctions against plaintiff Forti be granted and that the

Court award attorney's fees and costs in their favor;  that the Court impose such penalty on Forti as it deems appropriate, with payment thereof to be made to the Clerk of the Court; and that the Court refer Forti to the bar of the Commonwealth of Pennsylvania for a determination by that body as to whether her conduct warrants the imposition of sanctions.

                                                Respectfully submitted,

_____
Patrick Kavanaugh,
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532


_____
George T. Masson, Jr.,
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3

Attorneys for Defendants W.C. & A.N.
  Miller, June Humbert, Hamilton and
  Hamilton, LLP, and George T. Masson, Jr.