**EXHIBIT B**

<u>ESCROW AGREEMENT</u>

THIS ESCROW AGREEMENT (the "<u>Escrow Agreement</u>") dated this 8th day of May, 2002 by and among CAROL FORTI (the "Seller"); ALBERTO CHONG and LUISA ZANFORLIN (the "Purchasers"); W.C. AND A.N. MILLER DEVELOPMENT COMPANY, a Delaware corporation qualified to do business in D.C. (the "Broker"), and NATHAN FINKELSTEIN (the "<u>Escrow Agent</u>") recites and provides as follows. (Seller, Broker and Purchasers are collectively referred to as the "Parties".)

### RECITALS

A. The Parties are parties respectively to a Purchase Contract dated April 15, 2002 for the sale and purchase of real property commonly known as 2936 Garfield Terrace, N.W. in the District of Columbia (the "Property"). A copy of the Purchase Contract, as amended, is attached hereto as <u>Exhibit A</u>, made a part hereof and incorporated herein by reference. Unless otherwise stated, defined terms used herein shall have the same definitions as are set forth in the Purchase Contract, as amended.

B. The Parties hereto acknowledge that a dispute has arisen between the Seller and the Broker as to the payment, if any, of a Commission by Seller to the Broker in the amount of 3% of the Purchase Price of $950,000 ($28,500).

C. The Parties also acknowledge that the dispute between the Seller and the Broker should not interfere with the sale and closing of the Property from Seller to Purchasers.

D. The Parties further acknowledge that the dispute between the Seller and the Broker has caused delays in the transfer of title to Purchasers while the per diem fees attributable to property taxes and interest on the first and second trust financing continue to accrue to the Purchasers.

E. The Parties hereto desire that the Escrow Agent act as Escrow Agent for the Commission and other monies more specifically described herein in accordance with this Escrow Agreement.

F. Escrow Agent has agreed to accept and hold the Commission and such other monies as more specifically described herein and to act as escrow agent pursuant to the terms and conditions set forth herein.

**NOW THEREFORE**, for and in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto and the Escrow Agent intending to be legally bound, hereby agree as follows:

1. Escrow Agent agrees to withhold $29,850.70 (the "Escrow Funds") from the proceeds at Settlement/Closing on the Property and deposit same in an interest bearing bank account such as a money market account or penalty free Certificate of Deposit which is FDIC insured. The Parties agree to share, pro rata, the costs and fees incurred by Escrow Agent in establishing this account, which shall not exceed Five Hundred Dollars ($500.00).

Escrow Agent shall disburse the Escrow Funds pursuant to a written release executed by the Parties/Parties' counsel or as set forth in a certified order of a court that is a final non appealable order. The Escrow Funds in dispute are calculated as follows:

| | | |
|---|---|---|
| 3% Commission | = | $28,500.00 |
| Property Taxes: $14.29 per day x 9 days | = | $ 128.61 |
| First Trust: $120.205 per day x 9 days | = | $ 1,081.85 |
| 2nd Trust: $15.582 per day x 9 days | = | $ 150.24 |
| TOTAL | = | $29,850.70 |

2

In the event that a final court ruling awards the Commission to Broker without reference to the per diem charges described above, Escrow Agent shall disburse the per diem charges described above with accrued interest to the Purchasers.

In the event that a final court ruling awards the Commission to Seller without reference to the per diem charges described above, Escrow Agent shall disburse the per diem charges described above with accrual interest to Seller.

2. In order to induce Escrow Agent to act as escrow agent, the Parties agree as follows:

a. All notices, instructions, requests and advice required or permitted to be given under this Escrow Agreement shall be in writing and signed by the Parties giving the same. All such notices, instructions, requests, and advice shall be personally delivered, sent by facsimile or by nationally recognized overnight courier services (charge prepaid), and shall become effective when received (or first refused). The respective address for the Escrow Agent shall be 7315 Wisconsin Avenue, Suite 400 East, Bethesda, Maryland, phone 301-951-8400; fax 301-951-8401.

b. Escrow Agent may rely upon and shall be protected in acting upon any written notice, instructions, request or advice received by Escrow Agent and believed by Escrow Agent to be genuine. Escrow Agent shall not be responsible for the sufficiency, correctness, genuineness or validity of any document delivered by the Parties. Escrow Agent shall not be liable for any error of judgment, or for any act done or step taken or omitted by Escrow Agent in good faith, or for any mistake of fact or law, except that Escrow Agent shall be liable for gross negligence or willful misconduct which results in the breach of this Escrow Agreement.

3

  c. Escrow Agent shall not be required to institute legal proceedings of any kind or to defend any legal proceedings which may be instituted against Escrow Agent with respect to the Escrow Funds unless required to do so by one of the Parties, and only upon being indemnified to Escrow Agent's satisfaction by the requiring party against all cost and expense of such legal proceedings, including, but not limited to, attorney's fees.

  d. Escrow Agent shall be indemnified and held harmless by the Parties against any claim, costs, damages, adjustments, attorney's fees, expenses, obligations or charges made against Escrow Agent by reason of its failing to act in accordance with this Escrow Agreement, unless caused by Escrow Agent's gross negligence or willful misconduct which results in the breach of this Agreement.

  e. Except as provided in paragraph 2 hereof, in the event Escrow Agent receives or becomes aware of conflicting demands or claims with respect to this Escrow Agreement or the rights of any of the Parties hereto, or the Escrow Funds, Escrow Agent shall have the right to discontinue any and all further acts on its part until such conflict is resolved to Escrow Agent's satisfaction. Escrow Agent shall further have the right, but not the obligation, to commence or defend any action or proceeding for the termination of such conflict. The Parties agree to pay all costs, damages, judgments, and expenses, including reasonable attorney's fees suffered or incurred by Escrow Agent, in connection with or arising out of a suit in interpleader brought by Escrow Agent. Except as provided in Paragraph 2 hereof, in the event Escrow Agent files a suit in interpleader, and the Escrow Funds are deposited by Escrow Agent with a court of competent jurisdiction in such interpleader action, Escrow Agent shall thereupon be fully released and discharged from all further obligations to perform any and all duties or obligations imposed upon Escrow Agent by this Escrow Agreement with respect to the Escrow Funds.

4

3.  This Escrow Agreement sets forth exclusively Escrow Agent's duties with respect to all matters pursuant hereto and no implied duties or obligations shall be read into this Escrow Agreement against Escrow Agent.

4.  The execution of this Escrow Agreement by the Parties hereto may not be considered a release or waiver of any claims or defenses that the Parties may have against each other for damages incurred as a result of the dispute between the Seller and Broker over the Commission.

5.  This Escrow Agreement shall be construed and enforced in accordance with the laws of the District of Columbia and shall be binding upon the Parties hereto and their successors and assigns.

6.  This Escrow Agreement may be executed in counterparts and facsimile signatures shall be treated as original signatures.

7.  The Parties signatory hereto represent that they have the authority to execute this Escrow Agreement.

IN WITNESS WHEREOF, each of the Parties and Escrow Agent has caused this Agreement to be executed on the day and year entered above.

SELLER:

By: _____*Carol Forti (signature)*_____
    Carol Forti

Date: _____

PURCHASERS:

By: _____
    Alberto Chong

Date: _____

By: _____
    Luisa Zanforlin

Date: _____

BROKER:

By: _____
    W.C. and A.N. Miller Development Company

Date: _____

ESCROW AGENT:

By: _____
    Nathan Finkelstein

Date: _____

6

61681.000002 WASHINGTON 286600v2

IN WITNESS WHEREOF, each of the Parties and Escrow Agent has caused this Agreement to be executed on the day and year entered above.

**SELLER:**

By: _____
    Carol Forti

Date: _____

**PURCHASERS:**

By: *[signature]*
    Alberto Chong

Date: May 08/2002

By: *[signature]*
    Luisa Zanforlin

Date: May 8, 2002

**BROKER:**

By: _____
    W.C. and A.N. Miller Development Company

Date: _____

**ESCROW AGENT:**

By: _____
    Nathan Finkelstein

Date: _____

6

61681.000002 WASHINGTON 236600v2

IN WITNESS WHEREOF, each of the Parties and Escrow Agent has caused this Agreement to be executed on the day and year entered above.

SELLER:

By:_____
    Carol Forti

Date:_____

PURCHASERS:

By:_____
    Alberto Chong

Date:_____

By:_____
    Luisa Zanforlin

Date:_____

BROKER:

By: /s/ Donald H. Hadley, Attorney
    W.C. and A.N. Miller Development Company
    DONALD H. HADLEY

Date: 5/8/02

ESCROW AGENT:

By:_____
    Nathan Finkelstein

Date:_____

61681.000002 WASHINGTON 286600v2

6

IN WITNESS WHEREOF, each of the Parties and Escrow Agent has caused this Agreement to be executed on the day and year entered above.

**SELLER:**

By: _____
    Carol Forti

Date: _____

**PURCHASERS:**

By: _____
    Alberto Choog

Date: _____

By: _____
    Luisa Zanforlin

Date: _____

**BROKER:**

By: _____
    W.C. and A.N. Miller Development Company

Date: _____

**ESCROW AGENT:**

By: _____
    Nathan Finkelstein

Date: May 8, 2002

6

61681.000002 WASHINGTON 286600v2