UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, )<br>)<br>       **Plaintiff,** )<br>)<br>v. )<br>)<br>W.C. & A.N. MILLER )<br>DEVELOPMENT COMPANY, et al., )<br>)<br>       **Defendants.** ) | Case No. 1:06CV00613<br>Judge: James Robertson<br>Deck Type: Contract |

## MOTION FOR SANCTIONS

Defendants Alberto Chong, Luisa Zanforlin, Richard Aguglia and Jeffrey Hardie, by counsel, hereby move this Court, pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, for sanctions against attorney and plaintiff *pro se* Carol A. Forti. In support of their motion, defendants state as follows:

    1.    As detailed in the accompanying Memorandum of Points and Authorities and in Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment, filed on April 25, 2006, the claims against these defendants are frivolous and without foundation, are not warranted by existing law or by any nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. In addition, defendants seek sanctions against plaintiff for unreasonable and vexations multiplicity of suits under 28 U.S.C. § 1927.

    2.    As required by Rule 11, a letter with a draft motion for sanctions was sent to plaintiff Forti on May 8, 2006 urging her to dismiss this case with prejudice as frivolous, false and devoid of merit. A copy of the letter forwarding the draft motion is attached hereto as Exhibit A.

3.   In violation of Rule 11, plaintiff Forti has failed to dismiss her case with prejudice as requested within 21 days of service of the motion, including 3 days for mailing. Accordingly, the instant motion for sanctions complies with Rule 11.

4.   It is important for the Court to be aware that Forti's actions in refusing a reasonable request for an extension of time in this matter have compounded the expense to the defendants. Forti's Complaint was received by Hunton & Williams on or about April 7, 2006 by certified mail. On or about April 11, 2006, counsel for Chong, Zanforlin, Aguglia and Hardie and counsel for Miller, Humbert, Masson and Hamilton & Hamilton called Forti by conference telephone. Counsel for these defendants requested that she agree to an extension of time for them to file a responsive pleading to her complaint so they could present her with a Rule 11 letter and accompanying motion in an attempt to convince her to drop the suit before they were required to file their responsive pleading. Forti flatly denied the requested extension.

5.   *Despite the warning phone call on April 11 and the service of the Rule 11 motion of May 8, 2006,* Forti refused to dismiss her Complaint and proceeded to file her opposition to defendants' motion to dismiss on May 16, 2006. The Court then filed its Order to Show Cause on May 25, 2006. *Despite the Court's Show Cause Order,* Forti filed a motion for summary judgment on May 30, 2006.

6.   Forti's refusal to dismiss the instant litigation and multiple pleading filing is consistent with her statements to counsel for defendants from the outset of the Superior Court litigation that if she did not get her way, that she would engage in *pro se* litigation that would be lengthy and costly to the defendants. This latest suit is another example of her abuse of the judicial process and should be dealt with accordingly.

7.   In the event that the Court grants this motion, defendants will not seek duplicative attorneys fees and costs as the prevailing parties pursuant to the contract between Chong and

2

Zanforlin as buyers and Forti as seller of her house which was the basis of the award of such fees and costs by the Superior court trial judge in <u>Miller v. Forti</u>, Case No. 02-4745.

WHEREFORE, defendants respectfully request the Court to impose sanctions against the plaintiff sufficient to deter the repetition of such conduct, including but not limited to, the dismissal of all claims against these defendants with prejudice, the payment of reasonable costs and attorneys' fees incurred by them in defense of plaintiff's frivolous claims, including the costs associated with this Motion, and a penalty payable to the Clerk of the Court.

Dated: June 2, 2006

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| RICHARD AGUGLIA<br>JEFFREY HARDIE | ALBERTO CHONG<br>AND LUISA ZANFORLIN |
| By: /s/ John Jay Range<br>John Jay Range<br>DC Bar No. 376028<br>Counsel for Co-Defendants<br>Richard Aguglia and Jeffrey Hardie<br>HUNTON & WILLIAMS, LLP<br>1900 K Street, N.W.<br>Suite 1200<br>Washington, D.C. 20006<br>202-955-1500 | By: /s/ Richard L. Aguglia<br>Richard L. Aguglia<br>DC Bar No. 53751<br>Counsel for Co-Defendants<br>Alberto Chong and Luisa Zanforlin<br>HUNTON & WILLIAMS, LLP<br>1900 K Street, N.W.<br>Suite 1200<br>Washington, D.C. 20006<br>202-955-1500 |

## REQUEST FOR HEARING

Pursuant to LC vR7(f), Defendants request an oral hearing on this motion.

By: /s/ John Jay Range                             By: /s/ Richard L. Aguglia
    John Jay Range                                      Richard L. Aguglia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06CV00613 |
| v. ) | Judge: James Robertson |
| ) | Deck Type: Contract |
| W.C. & A.N. MILLER ) | |
| DEVELOPMENT COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR SANCTIONS

Defendants Alberto Chong ("Chong"), Luisa Zanforlin ("Zanforlin"), Richard Aguglia ("Aguglia") and Jeffrey Hardie ("Hardie") have jointly moved for sanctions against plaintiff Carol A. Forti in this case, and, as reasons therefore, state as follows:

PRELIMINARY STATEMENT

This is yet another chapter in the seemingly never-ending saga of meritless and sanctionable cases filed by attorney Carol A. Forti, plaintiff *pro se* herein (hereinafter "Forti").[1]

---

[1] Upon information and belief, Forti is a member of the Pennsylvania bar but not the District of Columbia bar. Forti's application for membership in the D.C. bar was not recommended by the Committee on Admissions. See Findings of Facts, Conclusions of Law and Recommendations of the D.C. Court of Appeals Committee on Admissions (the "Committee") (In re: Carol A. Forti; No. M 44137 (May 30, 1997)). The Committee recommended that her application be denied because she knowingly engaged in the unauthorized practice of law in the District of Columbia, that portions of her testimony reflected a lack of candor with the Committee, and that she wrongfully accused her former attorneys (whom she retained to represent her before the Committee and also the Committee on Unauthorized Practice of Law) of "conspiring" to harm her. See Exhibit A attached hereto.

Four years ago, Forti sold her house to Chong and Zanforlin. Prior to closing, a dispute arose with respect to the payment by Forti of the real estate commission owed to the real estate broker, W.C. & A.N. Miller ("Miller"). To facilitate closing, the $28,500 commission in dispute was placed in escrow. Miller then sued Forti for the commission in the Civil Division of the Superior Court, D.C. on June 13, 2002. In connection with that case, Forti dragged Chong and Zanforlin into court by filing a mean-spirited and malicious third-party complaint alleging that they conspired to breach their contract with Forti by either persuading or colluding "with the settlement attorney to deduct a 3 percent broker's commission, $28,500, from the $950,000 owed to Seller as net proceeds." Judge Melvin Wright granted summary judgment for Chong and Zanforlin on Forti's breach of contract and conspiracy claims, as well as awarded attorneys' fees and costs to Chong and Zanforlin under the purchase contract at issue. Forti's motion for attorneys' fees was denied. Forti also attempted to assert a Rule 11 claim against the Hunton & Williams attorneys (and the firm itself) representing Chong and Zanforlin claiming that the legal advice they rendered was improper. This motion was denied. On August 6, 2004, the D.C. Court of Appeals summarily affirmed the trial court's decision. Forti filed numerous requests for reconsideration of its decision with the D.C. Court of Appeals, all of which were denied. Miller, Chong and Zanforlin requested and obtained additional attorneys' fees from the trial court for prevailing on appeal.

Refusing to acknowledge she is not entitled to the monies awarded to Miller and attorneys fees awarded to Miller and Chong and Zanforlin, Forti continues her meritless assault against the parties—this time including Hunton & Williams attorneys Aguglia and Hardie as defendants for somehow "conspiring" with their clients while rendering legal advice in this matter. An attorney cannot be subject to a conspiracy allegation when his or her conduct falls

2

within the scope of the representation of his client, and as such, the complaint fails to state a claim upon which relief can be granted. Furthermore, Forti's claims are barred by the doctrine of *res judicata,* voluntary payment, and the statute of limitations. Defendants ask that this action be dismissed with prejudice and that their attorneys' fees and costs be awarded in this matter.

## STATEMENT OF CASE

In early April, 2002, Forti ran an advertisement in *The Washington Post* for the sale of her house in the District of Columbia. That advertisement included the statement "Co-op 3%", standard language in the real estate industry to indicate that she would pay a commission of 3% to a broker who secured a buyer. On or about April 15, 2002, June Humbert ("Humbert"), an agent for Miller, tendered an offer to Forti for $915,000 on behalf of Chong and Zanforlin. The purchase contract contained an Escalator Clause Addendum whereby Chong and Zanforlin agreed to increase automatically their offer by $5,000 over any other bona fide offer which resulted in net proceeds to Forti higher than their original offer, but not to exceed a purchase price of $975,000. Forti claims to have received another offer on the same day from one J.W. Silas, a principal with no broker/agent, for $945,000,[2] thereby increasing Chong and Zanforlin's purchase price to $950,000 in net proceeds. The parties agreed on the purchase price of $950,000.

Settlement was to take place on April 29, 2002 in the offices of the settlement attorney, Nathan Finkelstein ("Finkelstein"). Forti refused to pay the $28,500 or 3% commission to

---

[2] During discovery in the suit that followed, discussed *supra,* Forti was unable to produce any copy of the alleged Silas offer. In addition, counsel for Chong and Zanforlin discovered that, based on information supplied by Forti, the hotel where he was allegedly staying when he made the offer had no record of a room for him and the company where he allegedly worked in Cambridge, Massachusetts had no such employee on its payroll.

3

Humbert, as set forth on the settlement statement by Finkelstein. Instead, Forti offered to pay $4,000 to Humbert for arranging the sale in a letter dated and delivered to Humbert on April 29, 2002 at Finkelstein's office. In her letter, Forti asserted that she placed the ad in the paper at the request of the Anti-Trust Division of the Justice Department, which was planning to bring criminal action against real estate agents for fixing commissions. Nevertheless, because she liked Humbert and the buyers, she would overlook the matter in consideration of the reduced fee. Humbert refused and the settlement was delayed.

Chong and Zanforlin retained Hunton & Williams to represent them in the matter. Miller retained George Masson of Hamilton & Hamilton. On the advice of counsel and with the consent of Forti, the disputed commission was placed in escrow by Finkelstein, and the closing took place on or about May 8, 2002. See Exhibit B attached hereto (Settlement statement showing adjustment to Line 700 - Seller disputes commission of 3% - $28,500.00; commission held in escrow for resolution per escrow agreement.) (All of these facts are set forth in the Superior Court Order of Judge Wright attached hereto for the convenience of the court and discussed *supra*).[3]

---

[3] In deciding whether to dismiss, the Court may consider documents attached as exhibits to, incorporated by reference in, or relied upon as a basis for the cause of action in the pleadings without converting a Rule 12(b)(6) motion to a Rule 56(c) motion for summary judgment. *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-1018 (5th Cir. 1996); *see also Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 431 (6th Cir. 1997) (court properly considered plan documents that a defendant attached to a motion to dismiss in an ERISA claim because such documents are considered part of the pleadings as they were referenced in the complaint or were central to the adjudication of the ERISA claim). For example, Forti references the prior litigation throughout her Complaint. To the extent the Court considers any of these documents are outside of the Complaint, Defendants move in the alternative for summary judgment under Fed. R. Civ. P. 56.

Miller sued Forti for the commission in the Civil Division of the Superior Court, D.C. on June 13, 2002. (*Miller v. Forti*, Case No. 02-4745). Forti filed a-third-party complaint against Chong and Zanforlin as part of that suit for alleged breach of contract conspiracy to force her to pay the disputed commission. See Exhibit C attached hereto where Forti's sole grievance with Chong and Zanforlin was that they "possibly" either persuaded or colluded with the settlement attorney to deduct the commission from her net proceeds. Forti also sought attorneys' fees and costs against Aguglia and Francine Friedman, the Hunton & Williams associate then assisting on the case, the law firm of Hunton & Williams, Masson and the law firm of Hamilton & Hamilton, under Rule 11 for the legal advice they provided their clients. The court denied this motion on March 14, 2003. See Exhibit D attached hereto.

On October 31, 2003, the Superior Court (Wright, J.) granted summary judgment to third-party defendants Chong and Zanforlin and plaintiff Miller for Forti's breach of contract and conspiracy claims and denied summary judgment to defendant and third party plaintiff Forti. See Exhibit E attached hereto. Forti appealed. On June 10, 2004, during the pendency of the appeal, Judge Wright granted attorneys' fees and costs to Chong and Zanforlin and Miller since they were the prevailing parties entitled to attorneys fees and costs under the purchase contract and subsequently denied Forti's motions for same. See Exhibit F attached hereto. The D.C. Court of Appeals: (i) summarily affirmed the trial court's decision in favor of Miller and Chong and Zanforlin on August 6, 2004; (ii) issued its mandate on August 31, 2004; (iii) denied Forti's motion to supplement the record on September 21, 2004; (iv) denied Forti's motion to recall

mandate on October 6, 2004; and (v) denied Forti's motion for rehearing en banc.[4] See Exhibit G attached hereto.

Counsel for Miller and Chong and Zanforlin requested and obtained additional attorneys' fees from the trial court for prevailing on appeal. See Exhibit H attached hereto. Forti took no appeal from either decision of Judge Wright granting Chong and Zanforlin's request for attorneys fees and costs. Forti refused to pay the fees awarded by the trial court. Counsel for Miller and Chong and Zanforlin recorded the judgments as liens on property she owned in Arnold, Maryland and initiated a sheriff's foreclosure sale to pay off these liens. Forti brought a suit to halt the sale which was eventually settled by payment of Chong and Zanforlin's attorneys fees with statutory interest. See Exhibit I attached hereto.

After years of tedious but successful litigation over a disputed commission that did not relate to them, co-defendants Chong and Zanforlin —and this time their counsel as well--once again find themselves faced with another frivolous and sanctionable conspiracy suit by Forti.

## ARGUMENT

## SUMMARY

When she filed the instant Complaint, Forti went beyond the bounds of zealous advocacy expected of any attorney and violated Rule 11 multiple times. First and foremost, as Forti well knows, her claims are barred by *res judicata* and collateral estoppel. As set forth above, the exact same claims Forti brings here have already been rejected by Judge Wright and his decision was affirmed by the D.C. Court of Appeals. Second, contriving a "conspiracy theory" against Miller and Chong (and their attorneys) for seeking to defend themselves in an action brought

---

[4] In fact, the D.C. Court of Appeal barred Forti from filing any further pleadings with that court in that case after denying yet another one of her requests to void judgment. See Exhibit G.

against them by Forti herself serves no purpose other than to harass Defendants and subject them to even more legal costs. There is simply no good faith legal basis upon which plaintiff can advance such claims. Third, the factual allegations in Forti's complaint have no evidentiary support and/or have been previously rejected by Judge Wright.

### A. Forti's Complaint warrants the imposition of sanctions under authority of Fed. R. Civ. P. 11.

Fed R. Civ. P. 11(b) provides, *inter alia*, as follows:

> (b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . , an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Forti's Complaint filed in this action clearly reflects multiple violations of Rule 11(b) and goes beyond the bounds of zealous advocacy expected of any attorney. These include:

1. Forti's claims that "[a]ll defendants litigated against Forti for a commission for Miller," Complaint, ¶ 1, when in fact only Miller claimed entitlement to the amount of the disputed commission and Forti is the one who brought suit against Chong and Zanforlin (as well as Humbert).

7

2. Forti's claim that "Miller was barred from receiving a commission by D.C. Code and D.C. case law," Complaint, ¶ 1, refusing to recognize that her offer to pay a 3% commission was an offer for a unilateral contract which was accepted by performance of the requested act, and that the D.C. Code has no application to such a contract. This assertion is made notwithstanding the fact that it was rejected by Judge Wright in the Superior Court action and that Judge Wright's entry of judgment in that case was affirmed on appeal. See also Complaint, ¶ 11, where Forti recites that the D.C. Code "prohibited receipt of a commission absent proof that the seller and broker have voluntarily entered into an employment contract . . ." and that there was "no employment contract between Forti and Miller," which was similarly rejected by Judge Wright and his decision affirmed on appeal.

3. Forti's claim that "[a]ll the defendants made false representation of material fact that Chong and Zanforlin would pay $950,000 in NET PROCEEDS for the property with knowledge of its falsity with intent to deceive . . . ." Complaint, ¶ 1, when in fact Forti signed the Escalator Clause Addendum after she completed the blank calling for "New Sales Price" by writing "$950,000" and also signing a modified Regional Sales Contract which stated that the price of the house was $950,000. These same assertions were made by Forti and rejected by Judge Wright in the Superior Court action, and Judge Wright's entry of judgment was affirmed on appeal. In addition, the assertion of any such claims for the first time against defendants Aguglia and Hardie is barred by the principles of

*res judicata,* collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

4. Forti's claim that "defendants took advantage of a mistake," Complaint, ¶ 2, which was made by her and rejected by Judge Wright in the Superior Court action. Judge Wright's entry of judgment was affirmed on appeal. To the extent that Forti makes such claims for the first time against defendants Aguglia and Hardie, they are barred by the principles of *res judicata,* collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

5. Forti's claim that all defendants in this action are liable for civil conspiracy for "common actions in litigating against Forti for a commission . . .," Complaint, ¶ 3, and because they allegedly "conspired to litigate a colorless, wanton, lawsuit . . . and forced her to pay a commission that she did now owe," Complaint, ¶ 4, when in fact only Miller claimed entitlement to a commission; when Forti was the one who brought suit against Chong and Zanforlin (as well as Humbert); when the District of Columbia does not recognize the tort of civil conspiracy; when her claim of wrongful collusion was rejected by Judge Wright in the Superior Court action, followed by an affirmance of his entry of judgment by the D.C. Court of Appeals; when case law supports the proposition that an attorney cannot conspire with his or its attorney when the attorney's conduct falls within the scope of his legal representation, *Fischer v. Estate of Flax,* 816 A.2d 1 (D.C. 2003) and *Fraidin v. Weitman,* 93 Md. App. 63, 611 A.2d 1046 (1993); and, finally, when to the extent that Forti makes such claims for the first time against defendants Aguglia and Hardie, they are barred by the principles of

collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

Principles of *res judicata* also apply to Complaint, ¶10, where Forti once again asserts that "Humbert, Chong, and Zanforlin sought to force Forti to pay a commission to Miller that Forti did not owe . . . ."

6. Forti's improper reliance once again upon District of Columbia case law and statutes as a basis for this action, Complaint ¶¶ 12 and 13, even though those same contentions were rejected by Judge Wright in the Superior Court and the entry of judgment by Judge Wright was affirmed on appeal. The assertion yet again of such claims violates the principles of *res judicata* and collateral estoppel.

7. Forti's assertion that all the defendants "compounded their malice" by filing for and obtaining awards of attorneys fees in the Superior Court action,[5] Complaint, ¶ 14, and "further compounded their malice against Forti" by placing a lien on the property she owned in Arnold, Maryland,[6] and initiating the process for a sheriff's sale. This contention is made not withstanding the fact that Miller, Chong and Zanforlin had outstanding judgments for recovery of attorney's fees and costs which Forti eventually agreed to pay and did not appeal.

8. Forti accuses defendants of "maliciousness" and "wanton disregard of Forti's right," entitling her to an award of $4,000,000 each in punitive damages against Aguglia and Hardie and $2,000,000 against Chong and Zanforlin, notwithstanding

---

[5] Only Miller and the buyers (Chong and Zanforlin) sought and obtained attorney's fees.

[6] Only Miller and the buyers (Chong and Zanforlin) filed liens.

   the fact that judgment had been entered against Forti on her claims asserted herein, Chong and Zanforlin had been awarded attorney's fees and costs against Forti; and the reassertion of her rejected claims in this action is barred by principles of *res judicata,* collateral estoppel, the applicable statute of limitations and/or the doctrines of voluntary payment and accord and satisfaction.

 This Court, in considering whether to impose Rule 11 sanctions, is to apply an objective standard: namely "whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." *Taylor v. Blakey*, 2006 U.S. Dist. LEXIS 6859 *17 (D.D.C. 2006); *Lucas v. Spellings*, 408 F. Supp. 2d 8, 10 (D.D.C. 2006); *Washington Bankcorporation v. Said*, 812 F. Supp. 1256, 1275 (D.D.C. 1993).

 When a party "reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the court which is the controlling law of the case, sanctions are warranted under Rule 11." *Reynolds v. The U.S. Capitol Police Board*, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (citations omitted). Sanctions may be imposed even when the second action asserting claims is filed in a different court. *See, The John Akridge Company v. The Travelers Companies*, 944 F. Supp. 33 (D.D. C. 1996).

 A "calculating indifference. . . to the prior rulings. . . constitutes an intent to bring claims in bad faith." *Reynolds v. The US. Capitol Police Board, supra*, 357 F. Supp. 2d at 25. "When the preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or bad faith in which it was brought may become especially apparent." *McLaughlin v. Bradlee*, 256 U.S. App. D.C. 119, 803 F. 2d 1197, 1205 (D.C. Cir. 1986) (quoted in *Reynolds v. The U.S. Capitol Police Board, supra*, 357 F. Supp. 2d at 25).

As a licensed attorney, Forti is charged with knowledge that the rulings of the Superior Court and the D.C. Court of Appeals were controlling on her claims asserted in this action. The bringing of this action constitutes evidence of her bad faith intention in bringing this action. This is particularly true after she voluntarily paid the attorney's fees awarded to Miller and the Buyers[7], thereby avoiding the sale at a sheriffs auction of real estate owned by her in Anne Arundel County, Maryland. The institution of this baseless action is nothing more than an another attempt at harassment of these defendants. *See Marina Mgmt. Services, Inc. v. Vessel My Girls*, 340 US. App. D.C. 92, 202 F. 3d 315,325 (D.C. Cir. 2000).

In *Rafferty v. Nynex Gorp.*, 314 US. App. D.C. 1, 60 F. 3d 844, 852 (D.C. Cir. 1995), the Court stated that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith existing law, or is interposed for any improper purpose, 'Rule 11 *requires* that sanctions of some sort be imposed. A refusal to invoke Rule 11 constitutes error.'" *(citing Westmoreland v. CBS, Inc.*, 248 U.S. App. D.C 255, 770 F. 2d 1168, 1174-75 (D.C. Cir. 1985)) (emphasis in the original).

A sanction imposed as the result of a finding of a Rule 11 violation must be based on the costs actually incurred as a result of the violation. *Lucas v. Spellings, supra*, 408 F. Supp. 2d at 26. If successful, defendants will request that the Court award them fees related to their defense of this action pursuant to the terms of the Regional Sales Contract executed by Chong, Zanforlin,

---

[7] In her Complaint, ¶ 14, Forti states that Miller claimed $49,585.49 in fees and that Chong and Zanforlin claimed $54,655.16 in fees. She is incorrect. Miller claimed and was awarded $77,590.73 in fees and costs, as well as post-judgment interest. Chong and Zanforlin claimed and were awarded $67,338.31 in fees and costs, as well as post-judgment interest.

and Forti, ¶ 23, included in Exhibit 1 attached to Forti's complaint.[8] If attorney's fees are awarded pursuant to this motion, defendants will not seek fees as permitted under the terms of the Regional Sales Contract.

In addition, however, the Court has authority to order a party to pay a penalty to the Court. *Reynolds v. The US. Capitol Police Board*, 357 F. Supp. 2d at 26, and any sanction "must also be sufficient to deter others from engaging in similar behavior." *Lucas v. Spellings, supra*, 408 F. Supp. 2d at 26 (the court ordered plaintiff to pay $1,000 to the Clerk of the Court); *In re Banks*, 1993 WL 184007, at *1 (D.C. Cir., May 20, 1993) (ordering a $5,000 penalty to be paid to the Clerk).

Finally, defendants submit, given the course of conduct exhibited by Forti throughout all the litigation arising from her refusal to pay the commission which she offered to a cooperating broker, that an additional sanction appropriate in this case is referral of Forti to the Bar of the Commonwealth of Pennsylvania for a determination as to whether her conduct warrants disciplinary sanctions. *See, e.g., Lucas v. Spellings, supra*, 408 F. Supp. at 27.

### B.  Forti's Complaint warrants the imposition of sanctions under authority of 28 U.S.C. 1927

An alternative basis for the Court to impose sanctions against Forti derives from 28 U.S.C. § 1927, which provides as follows:

---

[8] That provision provides in pertinent part as follows: "In the event a dispute arises resulting in the Broker being made a party to any litigation . . . , the Purchaser [Chong and Zanforlin] and Seller [Forti] agree to indemnify the Broker, its employees, and/or licenses for all attorney fees and costs of litigation, unless the litigation results in a judgment against the Broker, its employees and/or licensees." Forti is the sole party bringing this suit and the only one with such liability.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

In order to find that an offending attorney's multiplication of the proceedings was both unreasonable and vexatious, the Court must find "evidence of recklessness, bad faith, or improper motive" on his or her part. *LaPrade v. Kidder Peabody & Co., Inc.*, 330 US. App. D.C. 386, 146 F. 3d 899, 905 (D.C. Cir. 1998) *(citing FDIC v. Conner*, 20 F. 3d 1376 & 1384 (5th Cir. 1994,)); *Reynolds v. The U.S. Capitol Board, supra*, 357 F. Supp. 2d at 26 (sanctions imposed in case where attorneys repeatedly asserted claims on which summary judgment had been granted; which were time barred and where no factual basis existed for resubmitting the claims). As in *Reynolds*, the conduct of plaintiff in bringing this case is equally as violative of 28 U.S.C. § 1927 as it is of Rule 11.

Similarly, in *LaPrade v. Kidder Peabody & Co., Inc., supra*, 146 F, 3d at 899, lawyers representing a former employee brought an action on behalf of their client against her former employer. The District Court stayed the action because the dispute was subject to an arbitration agreement. Shortly before the arbitration was to begin, the employee's lawyers obtained an order from a New York state court staying the arbitration. On the motion of the employer, the District Court lifted the stay imposed by the New York court and imposed sanctions on the employee's lawyers under authority of 28 U.S.C. § 1927 for "vexatious and dilatory" actions and a finding that the lawyers acted in bad faith.

The conduct of Forti in bringing this suit is equally as egregious as that which was sanctioned in *Reynolds and LaPrade*.

## CONCLUSION

Plaintiff has initiated and maintained this action against defendants despite knowing that no facts support the claims, and no non-frivolous legal arguments exist to justify them. Plainly, sanctions are necessary to deter this type of conduct.

For the foregoing reasons, and the reasons set forth in the Motion to Dismiss or, in the Alternative, for Summary Judgment, Defendants respectfully request that the Court grant this Motion and impose appropriate sanctions on plaintiff pursuant to Fed. R. Civ. P. 11 or 28 U.S.C. § 1927, including the dismissal with prejudice of the complaint against defendants, payment of fees and costs associated with defending against these frivolous claims together with a penalty payable to the Clerk of the Court.

Dated: June 2, 2006

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| HUNTON & WILLIAMS LLP | HUNTON & WILLIAMS, LLP |
| By:  /s/ John Jay Range<br>John Jay Range<br>DC Bar No. 376028<br>HUNTON & WILLIAMS, LLP<br>1900 K Street, N.W.<br>Suite 1200<br>Washington, D.C. 20006<br>(202) 955-1500<br>Counsel for Co-Defendants<br>Richard Aguglia and Jeffrey Hardie | By:  /s/ Richard L. Aguglia<br>Richard L. Aguglia<br>DC Bar No. 53751<br>HUNTON & WILLIAMS, LLP<br>1900 K Street, N.W.<br>Suite 1200<br>Washington, D.C. 20006<br>(202) 955-1500<br>Counsel for Co-Defendants<br>Alberto Chong and Luisa Zanforlin |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Sanctions, together with a Memorandum of Points and Authorities in support thereof and proposed Order, was sent by first-class mail, postage prepaid, this 2nd day of June, 2006, to:

Carol A. Forti, Esq.
14 West Chapman Street
Alexandria, Virginia 22301

George Masson, Jr., Esq.
1900 M Street, N.W.
Suite 410
Washington, D.C. 20036

Nathan Finkelstein, Esq.
7315 Wisconsin Avenue, N.W.
Suite 400 East
Bethesda, MD 20814

/s/ John Jay Range
John Jay Range