# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CAROL A. FORTI,                    *
                                   *
            Plaintiff,             *
                                   *     Case No. 1:06CV00613
v.                                 *     Judge: James Robertson
                                   *     Deck Type: Contract
W.C. & A.N. MILLER                 *
DEVELOPMENT COMPANY, et al.,       *
                                   *
            Defendants.            *
                                   *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. hereby submit this memorandum of points and authorities in support of their motion for sanctions against plaintiff Carol A. Forti ("Forti") pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

## I.    Background

All claims alleged by Plaintiff in this matter arose in or about the spring of 2002, almost four years prior to the filing of Plaintiff's most recent Complaint in this Court. The facts and disputes underlying this case were previously adjudicated in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and affirmed by Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02. The instant and the prior litigation arose from Forti's sale of a house located at 2936 Garfield Terrace, N.W., Washington, D.C. 20008 (hereinafter referred to as the "Property") to Alberto Chong and Luisa Zanforlin in or

about May 2002.  Defendant Nathan I. Finkelstein was the settlement attorney for the

sale and purchase of the Property.  Prior to the settlement of the Property, a dispute

arose between Forti and W.C. & A.N. Miller Development Co. regarding the $28,500.00

commission owed to W.C. & A.N. Miller Development Co.  To facilitate the settlement,

Forti, Alberto Chong, Luisa Zanforlin, W.C. & A.N. Miller Development Co., and Nathan

I. Finkelstein entered into an escrow agreement dated May 8, 2002 providing for the

placement of the disputed funds in an escrow account ("Escrow Agreement").

Accordingly, the disputed $28,500.00 commission was placed in escrow with Defendant

Nathan I. Finkelstein named as escrow agent.  Plaintiff was intimately involved with the

settlement of the Property, and had knowledge of all of the pertinent facts relating to the

settlement at or about the time of settlement.

      In or about June 2002, W.C. & A.N. Miller Development Co. brought suit against

Forti to recover the $28,500.00 commission that Ms. Forti was contractually obligated to

pay.  Forti then counterclaimed against Alberto Chong and Luisa Zanforlin making

baseless allegations of a purported conspiracy to breach their contract with Forti by

permitting the deduction of the owed commission from the seller's proceeds.  The case

before the Superior Court of the District of Columbia was resolved by an Order entered

by the Honorable Melvin P. Wright granting summary judgment in favor of plaintiff, W.C.

& A.N. Miller Development Co., and third-party defendants, Jane Humbert, Alberto

Chong, and Luisa Zanforlin, on or about October 31, 2003 (hereinafter referred to as the

"Superior Court's Order').  See Exhibit A.  The Superior Court's Order, which is

incorporated herein by reference, provided a recitation of the factual background of the

case and concluded by ordering that the funds held in escrow be released to the

plaintiff, W.C. & A. N. Miller Development Co.  Exhibit A.  The District of Columbia Court

of Appeals affirmed the Superior Court's ruling.  Exhibit B.  As evidenced by the

recitation of facts and issues set forth in the Superior Court's Order and the brief

summary above, it is clear that the Complaint Forti filed in this Court is a bad faith

attempt to relitigate the same facts and issues which were resolved by the District of

Columbia Courts in W.C. & A.N. Miller Development Co. v. Forti et al., District of

Columbia Civil Case No. 02CA4745, and Forti v. W.C. & A.N. Miller Development Co. et

al., District of Columbia Court of Appeals Case No. CA4745-02.

**II.    Argument**

> **A.    Sanctions should be imposed against Forti pursuant to Fed. R. Civ. P. 11.**

The Complaint filed by Forti in this action warrants the imposition of sanctions

against her pursuant to Fed. R. Civ. P. 11.  Rule 11 provides, in pertinent part:

> (b)    Representations to the Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -
>> (1)    it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4)    the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.  Id.

In determining whether to impose sanctions under Fed. R. Civ. P. 11, a court must apply an objective standard and determine whether, after reasonable inquiry, the allegations and other factual contentions in the document have evidentiary support. Lucas v. Spellings, 408 F.Supp.2d 8,10 (D.D.C. 2006). Sanctions are warranted under Fed. R. Civ. P. 11 when a party "reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case."  Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (citations omitted). The Court may impose sanctions in such an instance even when an action reiterating such arguments is filed in a different court.  The John Akridge Co. v. The Travelers Companies, 944 F. Supp. 33 (D.D.C. 1996). Furthermore, "calculating indifference … to the prior rulings" of a court has been held to constitute "an intent to bring claims in bad faith."  Reynolds v. The U.S. Capitol Police Board, 357 F. Supp.2d 25 (D.D.C. 2004) (further citations omitted). Further, "when [the] preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or the bad faith in which it was brought may become especially apparent."  McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986) (citing McLaughlin v. Bradlee, 602 F.Supp. 1412, 1417 (D.D.C.1985) (further citations omitted)).

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. hereby incorporate by reference all of Forti's violations of Rule 11 as set forth in the Motion of W.C. & A.N. Miller Development Co., June Humbert, Hamilton and Hamilton, LLP, and George T. Masson, Jr., for Sanctions against Carol A. Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 and supporting Memorandum of Points and Authorities.

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. also assert that Forti's blatant violations of Rule 11 include the following:

1.      Forti's claim in ¶5 of her Complaint that "Settlement attorney Nathan Finkelstein became part of the conspiracy by drawing up a HUD Settlement Sheet that assigned a $28,500 commission to Miller out of Forti's Net Proceeds of $950,000, although there was no employment contract between Forti and Miller and no written seller-broker agreement in which Forti agreed to pay Miller a commission for procuring buyers." Forti makes this claim despite the fact that the Superior Court's Order, which was upheld by the District of Columbia Court of Appeals, specifically held that Forti was contractually obligated to pay the $28,500 commission to W.C. & A.N. Miller Development Co., that Forti's arguments that such a contract did not exist were "simply without merit," and that Forti's failure to pay the $28,500 "constituted a breach of contract." Superior Court's Order at p. 4.

2.      Forti's claim that "Settlement attorney Finkelstein also became part of the conspiracy by informing agent Humbert and the buyers that there was an Assignment of Proceeds on the sale of Forti's property and that the Assignment of Proceeds would provide leverage in extorting a commission from Forti." Complaint at ¶6. Forti makes this claim in bad faith as there is no evidentiary support for such a claim. As indicated by the Superior Court's Order, Forti was clearly contractually obligated to pay the $28,500 commission to W.C. & A.N. Miller Development Co. Nathan Finkelstein did not act with any intent to extort a commission from Forti, nor would he have any interest in doing so. He merely acted as a settlement attorney and then as escrow agent pursuant to the Escrow Agreement, and released the funds held in escrow to W.C. & A.N. Miller

Development Co. following the affirmance by the District of Columbia Court of Appeals of the Superior Court's Order.

3.      Forti's accusations of "maliciousness" and "wanton disregard of Forti's rights" by Nathan Finkelstein, among others, for which she claims punitive damages against Nathan Finkelstein and Finkelstein & Horvitz, P.C. in the amount of two million dollars ($2,000,000.00), are utterly baseless.  Forti makes such bald assertions and allegations despite the fact that all of the issues raised by her were already litigated in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, wherein judgment was entered against Forti.  In addition to the fact that all of Forti's claims are barred by the principles of collateral estoppel, *res judicata*, and the applicable statute of limitations, Forti's claims have been brought for an improper, harassing, and frivolous purpose and have no basis in fact or law.

Forti is a licensed attorney, and is thus charged with the knowledge that the rulings of the D.C. Superior Court and the Court of Appeals are controlling on the claims she baselessly asserts in her Complaint.  Clearly, Forti acted in bad faith in bringing this action and with the intent solely to harass defendants.

Fed. R. Civ. P. 11(c)(2) provides that

> "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  Id.

Clearly, Forti has not been deterred by the Superior Court's Order, in the previous litigation of her claims, requiring her to pay attorneys' fees to W.C. & A.N. Miller Development Co., Alberto Chong, and Luisa Zanforlin collectively totaling $144,929.04.

Therefore, in addition to an award of attorneys' fees to defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., this Court should order Forti to pay a penalty to the Court in an amount sufficient to deter Forti from filing any further frivolous papers in this or any other court.

**B.    Sanctions should be imposed against Forti pursuant to 28 U.S.C. § 1927.**

In addition, or in the alternative, to imposing sanctions against Forti pursuant to Fed. R. Civ. P. 11, this Court should impose sanctions against Forti pursuant to 28 U.S.C. § 1927, which provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. Id.

A court may award sanctions pursuant to 28 U.S.C. § 1927 against a plaintiff who is a lawyer, despite the fact that said plaintiff is acting *pro se*. Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992); Lapin v. U.S., 118 F.R.D. 632 (1987 D. Hawai'i). To find that an attorney's actions are unreasonable and vexatious, the Court must find evidence that the attorney acted with "recklessness, bad faith, or improper motive." LaPrade v. Kidder Peabody & Co., Inc., 330 U.S. App. D.C. 386, 146 F.3d 899, 905 (1998) (citations omitted). In matters, such as this, barred by the principles of *res judicata* and collateral estoppel, the imposition of sanctions is "particularly appropriate." Lapin v. U.S., 118 F.R.D. 632, 638 (D. Hawai'i 1987) (citing Robinson v. National Cash Register, 808 F.2d 1119,1131 (5th Cir. 1987).

Clearly, as discussed supra, Forti has brought this action in bad faith. All of the issues raised by Forti in this case were previously adjudicated by the Superior Court of

the District of Columbia in <u>W.C. & A.N. Miller Development Co. v. Forti et al.</u>, Case No.

02CA4745, and affirmed by the District of Columbia Court of Appeals in <u>Forti v. W.C. &</u>

<u>A.N. Miller Development Co. et al.</u>, Case No. CA4745-02.  Accordingly, sanctions

should be imposed by this Court against Forti.

### III.    Conclusion

For the foregoing reasons, Defendants Nathan I. Finkelstein and Finkelstein &

Horvitz, P.C. respectfully request that this Honorable Court grant their motion for

sanctions against plaintiff Carol A. Forti; award attorney's fees and costs in their favor;

and impose a penalty on Forti as it deems appropriate to be paid to the Clerk of Court.


Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

## CERTIFICATE OF SERVICE

I hereby certify that this 5th day of June, 2006, a copy of the foregoing Motion of

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. for Sanctions Against

Carol A. Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, supporting

Memorandum of Points and Authorities, and proposed Order were mailed with adequate

postage prepaid to:

Carol A. Forti, Esq.
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Aguglia, Esq.
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006

Patrick Kavanaugh
George T. Masson, Jr.
Hamilton & Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532

_____/s/_____
Nathan I. Finkelstein