IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
|    v. | )    Case No. 1:06CV00613 (JR) |
| | ) |
| W.C. & A.N. MILLER | ) |
| DEVELOPMENT COMPANY, et al., | ) |
| | ) |
|       **Defendants** | ) |

**MOTION OF DEFENDANTS GEORGE T. MASSON, JR., AND
HAMILTON AND HAMILTON, LLP, TO DISMISS THE AMENDED
COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COME NOW defendants George T. Masson, Jr., and Hamilton and Hamilton, LLP, and hereby move the Court to dismiss the Amended Complaint filed herein pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for a grant summary judgment pursuant to Fed. R. Civ. P. 56(b) for the reason that the Complaint fails to state a claim upon which relief can be granted; the claims asserted by plaintiff are barred under principles of collateral estoppel; and the claims are barred by the applicable statute of limitations. The reasons supporting this motion are more specifically set forth in the accompanying memorandum of points and authorities filed in support of this motion.

Respectfully submitted,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

                                                      _____
                                                      George T. Masson, Jr.
                                                      D.C. Bar No. 51953
                                                      Hamilton and Hamilton, LLP
                                                      1900 M Street, N.W., Suite 410
                                                      Washington, D.C. 20036-3532
                                                      (202) 463-8282

                                                      Attorneys for Defendants George T. Masson,
                                                        Jr., and Hamilton and Hamilton, LLP

## REQUEST FOR HEARING

Pursuant to LCvR 7(f), Defendants George T. Masson, Jr., and Hamilton and Hamilton, LLP, request an oral hearing on this motion.

                                                      _____
                                                      Patrick Kavanaugh


                                                      _____
                                                      George T. Masson, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was mailed, postage prepaid, this __ day of July, 2006, to the following:

      Carol A. Forti, Esq.
      14 West Chapman Street
      Alexandria, Virginia 22301

John Jay Range, Esq.
Hunton & Williams LLP
1900 K Street, N.W.. 12th Floor
Washington, D.C. 20006

    and

Nathan Finkelstein, Esq.
Laurie B. Horvitz, Esq.
Robert J. Goldman, Esq.
Finkelstein & Horvitz
7315 Wisconsin Ave., Suite 400 East
Bethesda, MD 20814

                                                              _____
                                                              George T. Masson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )    Case No. 1:06CV00613 (JR) |
| | ) |
| W.C. & A.N. MILLER | ) |
| DEVELOPMENT COMPANY, et al., | ) |
| | ) |
|     **Defendants** | ) |

**STATEMENT OF MATERIAL FACTS AS TO WHICH DEFENDANTS
GEORGE T. MASSON, JR., AND HAMILTON AND HAMILTON, LLP,
CONTEND THERE IS NO GENUINE ISSUE**

Defendants George T. Masson, Jr., ("Masson") and Hamilton and Hamilton, LLP ("Hamilton"), pursuant to LcvR 7(h), submit the following recital of material facts as to which they contend there is no genuine issue for consideration by the Court as part of their motion to dismiss the Amended Complaint or, in the alternative, for summary judgment:

1.    In April 2002, plaintiff Carol A. Forti ("Forti") ran an ad in *The Washington Post* for the sale of her residence. The advertisement included the statement "Co-op 3%," which is language commonly used in the real estate industry to indicate that the seller will pay a commission of 3% to a buyer who secures a ready, willing and able buyer. Exhibit 1; Exhibit 6, Order of Judge Melvin R. Wright, dated October 31, 2003 ("Final Judgment") at pp.1-2.

2.    June Humbert ("Humbert"), a real estate agent of W.C. & A.N. Miller Development Company, acted as a buyer's broker for defendants Alberto Chong and Luisa Zanforlin (collectively referred to herein as "Buyers") and brokered a contract for the sale of Forti's residence at a price of $950,000. Exhibit 6, Final Judgment at p. 2; Exhibit 1 attached to

Forti's Complaint.

3. At closing scheduled to occur on April 29, 2002, Forti refused to pay the commission of 3%. Exhibit 6, Final Judgment at p. 2.

4. Subsequently, Miller, Buyers, Forti, and the settlement attorney, defendant Nathan Finkelstein, agreed to place in escrow the amount of the disputed commission ($28,500.00) and a small amount of additional monies related to adjustments required because of the delay in the settlement, with Finkelstein being the escrow agent. Exhibit 6, Final Judgment at p. 2.

5. Miller filed suit in the Superior Court of the District of Columbia, Case No. 02ca4745, to recover the amount of the escrowed commission. Exhibit 6, Final Judgment; Exhibit 2, Amended Complaint.

6. Forti filed a counterclaim against Miller in the Superior Court action and third-party complaints against Humbert[1] and the Buyers. Exhibits 3 and 4. All parties filed for summary judgment on their claims in the Superior Court action, and on October 31, 2003, Judge Wright granted summary judgment to Miller and awarded it the funds held in escrow to which it was entitled; granted summary judgment in favor of Humbert and the Buyers on Forti's third-party complaint; and dismissed Forti's counterclaim and third-party complaint with prejudice. Exhibit 6, Final Judgment at pp. 4-5.

7. Forti appealed the Final Judgment to the D.C. Court of Appeals. On August 6, 2004, that Court affirmed the judgment entered in the Superior Court in Case No. 02ca4745. Exhibit 8, Judgment entered August 6, 2004.

---

[1] Forti's Counterclaim attempted to assert claims against Humbert and the Buyers, who were not parties to Miller's suit. Exhibit 3. She later filed a third-party complaint naming Humbert and the Buyers in order to properly join them as parties in the action. Exhibit 4.

2

8. Thereafter, the D.C. Court of Appeals denied a motion filed by Forti to supplement the record on appeal. Exhibit 9. The Court also denied her motion to recall the mandate, stating, "the arguments presented by appellant in her motion to recall mandate and lodged reply brief and opposition lack merit to recall the mandate . . . .," Exhibit 10, and denied her petition seeking rehearing en banc. Exhibit 11. Finally, the Court denied Forti's motion to void the judgment and for other relief, stating, "[a]ppellant is hereby prohibited from filing any further motions or pleadings in this appeal and the Clerk shall not accept for filing any further pleadings, papers or motions in this appeal." Exhibit 12.

9. Because the contract which Forti executed with the Buyers and Miller provided that Miller was entitled to indemnification for any attorney's fees and costs it incurred in a dispute arising out of litigation it was required to bring to collect its broker's fee, Judge Wright awarded attorney's fees and costs in favor of Miller on June 10, 2004, in the amount of $49,295.49 related to prosecution of its claim and presentation of its defense in Superior Court case no. 02ca4745. Exhibit 7.

10. Judge Wright subsequently awarded additional attorney's fees and costs in the amount of $28,005.24 in favor of Miller for expenses it incurred in defending the appeal brought by Forti. Exhibit 13.

11. Prior to dismissal of her claims in Superior Court case No. 02ca4745 and entry of judgment in favor of Miller, Forti sought the imposition of Sup. Ct. Civ. R. 11 sanctions against defendants Hamilton; Masson; Aguglia; Aguglia's law firm, Hunton & Williams LLP; and an associate at that firm. Judge Wright denied Forti's motion for sanctions, stating, "[t]his Court finds absolutely no basis in fact upon which the motion can be granted . . . ." Exhibit 5.

12.     Forti's Amended Complaint, filed in this action, sets forth no new claims entitling her to relief unknown to her since at least July 2002 when she asserted her counterclaim against Miller[2] and third-party complaint against Humbert.  Forti merely disputes Miller's entitlement to the amount of the commission, attorney's fees and costs awarded to it in Superior Court case no. 02ca4745, as well as the entry of judgments in favor of Humbert and Buyers, and alleges that Masson and Hamilton are liable to her for malicious prosecution, abuse of process, "furthering and participating in a fraudulent conveyance," "furthering and participating in civil fraud," and "conspiracy to commit civil fraud." Amended Complaint, ¶¶ 2, 96, 97.

13.     Issues which underlie the determination that Miller was entitled to the disputed commission and attorney's fees totaling $77,590.73 were totally resolved with the affirmance by the District of Columbia Court of Appeals of Judge Wright's orders granting summary judgment in the favor of Miller, Humbert, and the Buyers in Superior Court case No. 02ca4745.  Exhibit 8.

        Respectfully yours,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

---

[2]  See n. 1, *supra*.

                                                                                                                    _____

George T. Masson, Jr.
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

Attorneys for Defendants George T. Masson,
  Jr., and Hamilton and Hamilton, LLP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
|     v. | )    Case No. 1:06CV00613 (JR) |
| | ) |
| W.C. & A.N. MILLER | ) |
| DEVELOPMENT COMPANY, et al., | ) |
| | ) |
|     **Defendants** | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF DEFENDANTS GEORGE T. MASSON, JR., AND HAMILTON AND
HAMILTON, LLP, AND TO DISMISS THE AMENDED COMPLAINT OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants George T. Masson, Jr. ("Masson") and Hamilton and Hamilton, LLP ("Hamilton") move the Court to dismiss the Amended Complaint filed by Carol A. Forti ("Forti") in this action or, in the alternative, for summary judgment and, as reasons therefor, state as follows:

**I.**  **Statement of the Facts.**

This case is yet another clear example which demonstrates Forti's malicious intention to harass the parties she has named as defendants in her Amended Complaint by the assertion of claims having no basis in either law or fact. The Amended Complaint derives from events beginning on April 29, 2002, when a dispute arose between Miller and Forti concerning whether Miller was entitled to a commission of 3% of the sale price of Forti's house on Garfield Terrace in the District of Columbia. Forti, who is a lawyer licensed in the Commonwealth of

Pennsylvania,³ had previously published an ad in <u>The Washington Post</u> listing her house for sale for $895,000 and offering to pay a commission of 3% of the sale price to a real estate broker who brought her a buyer with whom she executed a sale contract. See Exhibit 1, attached hereto. The Buyers were shown the Forti house by Miller's agent, Humbert, and thereafter executed a contract to purchase the house for $950,000.⁴ Because Forti and Miller could not agree on the day scheduled for settlement concerning the payment of a commission, it was subsequently agreed by the parties to the contract and the settlement attorney, Nathan Finkelstein, Esq. ("Finkelstein"), that the amount of the disputed commission should be held in escrow by Finkelstein until it was determined who was entitled to those monies.

In June 2002, Miller filed suit in the Superior Court of the District of Columbia, Civil Action No. 02ca000475, and asserted its claim to the escrowed monies. See Amended Complaint, attached hereto as Exhibit 2.

Not content with merely filing an answer and asserting by counterclaim her entitlement to the escrowed funds in the Superior Court action, Forti filed a third-party complaint against Humbert and the Buyers. Forti alleged, *inter alia,* that Humbert "either persuaded or colluded

---

³ The memorandum filed by defendants Chong, Zanforlin, Hardie, and Aguglia on April 25, 2006 (Docket no. 12), at p. 1 n. 1, discusses the recommendation of D.C. Court of Appeals Committee on Admissions that Forti's application for admission to the D.C. bar be denied.

⁴ Buyers submitted an offer of $915,000 along with an escalation clause, whereby they agreed to pay $5,000 more in net proceeds of sale than would be paid under any other offer made to Forti, subject to an upper limit of $975,000. If Forti received a higher offer, she was entitled to complete the blank in the escalation clause calling for the "New Sales Price" so long as that figure was within the limits of the escalation clause. Forti showed Humbert a purported purchase offer in the amount of $945,000, and then completed in her own hand the blank in the escalation clause calling for the "New Sales Price" by writing "950,000." She then signed a modified sales contract with Buyers which recited the sale price of $950,000. See Forti's Exhibit D, attached to her Amended Complaint.

with the settlement attorney to deduct a 3 percent broker's commission, $28,500, from the $950,000 owed to Seller . . . .," Exhibit 4 ¶ 8, attached hereto, and that Humbert "encouraged Buyers Chong/Zanforlin to refuse to escrow the disputed commission and proceed to settlement." *Id.* at ¶ 15. In her counterclaim filed against Miller, Forti alleged that Humbert "encouraged Buyers Chong and Zanforlin to refuse to also oppose escrowing the disputed commission and proceeding with settlement on June 29 [sic, should be April 29]." Exhibit 3 ¶ 8, attached hereto.

    Throughout the litigation, Forti contended that she had no legal obligation to pay any commission and that the Buyers, Miller, Humbert and their attorneys had and were acting improperly. Forti even sought sanctions pursuant to Super. Ct. Civ. R. 11 against Hamilton and Masson in the amount of $200,000 each for filing what she contended was a baseless claim, as well as sanctions in the amount of $510,000 each against the Buyers' attorney, Richard L. Aguglia ("Aguglia") and his law firm Hunton & Williams LLP and an award of sanctions in the amount of $75,000 against an associate of Aguglia at Hunton & Williams LLP who had entered her appearance in the action. On March 19, 2003, Associate Judge Melvin R. Wright denied Forti's motion for sanctions, stating that "[t]his Court finds absolutely no basis in fact upon which the motion can be granted . . . ." Exhibit 5, attached hereto.

    On October 31, 2003, Judge Wright granted summary judgment in favor of Miller on its claim of entitlement to the commission; in favor of Miller on the claims asserted against it by Forti; in favor of Humbert on Forti's claims; and in favor of Buyers on Forti's claims. Exhibit 6, attached hereto.

    The purchase contract provided that in the case of any dispute between Forti and Buyers arising out of the contract, the prevailing party would be entitled to attorney's fees. Similarly, it

provided that Miller was entitled to attorneys fees if it was required to bring suit for its commission and prevailed in that action. See Forti's Exhibit D, attached to her Amended Complaint, "Regional Sales Contract" ¶ 23. Thus, on June 10, 2004, Judge Wright awarded attorney's fees and costs to Miller in the amount of $49,295.49. See Exhibit 7,[5] attached hereto.

Unwilling to accept Judge Wright's decision granting summary judgment in favor of Miller, Humbert, and Buyers, Forti appealed Judge Wright's entries of judgment to the District of Columbia Court of Appeals. That court summarily affirmed Judge Wright's decision on August 6, 2004; on September 21, 2004, denied her motion to supplement the record on appeal; on October 6, 2004, denied her motion to recall the mandate, stating that her claims "lack merit"; later denied her petition for rehearing en banc; and on March 15, 2005, denied her motion to void the judgment and for other relief.[6] See Exhibits 8, 9, 10, 11, and 12, respectively, attached hereto.

Pursuant to the terms of the purchase contract, on November 5, 2004, Judge Wright awarded additional attorney's fees and costs to Miller[7] in the amount of $28,005.24 related to its defense of Forti's appeal. See Exhibit 13, attached hereto.

In the Amended Complaint, Forti now asserts claims against defendants Masson and Hamilton for "malicious prosecution, abuse of process, and furthering and participating in a

---

[5] The Clerk of the Superior Court also awarded an addition $290.00 in costs to Miller on the same dare. On June 10, 2004, Judge Wright also awarded attorney's fees and costs to Buyers.

[6] In that Order, the Court directed that its Clerk "shall not accept for filing any further pleadings, papers or motions in this appeal." See Exhibit 12.

[7] On the same date Judge Wright awarded additional fees and costs to Buyers.

fraudulent conveyance."[8]  Amended Complaint, ¶¶ 2, 96.  She also purports to assert a claim "for furthering and participating in civil fraud and for conspiracy to commit civil fraud."  Amended Complaint, ¶¶ 2, 97.  As will be shown herein, those claims have no basis in law and fact and merely restate the same allegations set forth in Forti's Complaint filed in this cause.

II.     **Argument.**

    A.     <u>Forti's claims of "furthering and participating in a fraudulent conveyance" and "furthering and participating in civil fraud and for conspiracy to commit civil fraud" fail to state a claim upon which relief can be granted.</u>

There is no recognized tort action for civil conspiracy in the District of Columbia.  *Executive Sandwich Shoppe, Inc., v. Carr Realty Corp., 749 A.2d 724, 738 (D.C. 2000)*(citing *Waldon v. Covington, 415 A.2d 1070, 1074 n.14 (D.C. 1980)*)).  Furthermore, civil conspiracy depends on performance of some underlying tortious act.  *Hall v. Clinton, 350 U.S. App. D.C. 422, 285 F.3d 74, 82, reh'g en banc denied, 2002 U.S. App. LEXIS 12055 (D.C. Cir. June 13, 2002)*("as a matter of substantive law, one cannot be liable for a conspiracy that does not have as its object an <u>actionable</u> wrong")(quoting *Riddell v. Riddell Washington Corp., 275 U.S. App. D.C. 362, 866 F.2d 1480, 1494 (1989)*(emphasis in original)*; Halberstam v. Welch*, 227 U.S. App. D.C. 167, 174, 705 F.2d 472, 479 (1983)*).  Because judgment was entered against Forti in the Superior Court action and she was found liable to Miller and Buyers for attorney's fees, she cannot claim that there is any wrong, let alone a wrong which amounts to fraud, to which her claim of conspiracy may attach.  The essence of her claim is nothing more than that two other

---

[8] It is unclear what "conveyance" Forti is talking about.  Miller's entitlement to the amount of the 3% commission and its recovery of its attorney's fees and costs are perhaps the "conveyance" to which Forti refers but are not actionable in this action for the reasons set forth herein.

courts were wrong in finding that she was contractually obligated to pay a commission to Miller, that she was obligated to pay attorney's fees to Miller for resisting its claims, and that Miller and Humbert were not liable to her for any damages. Forti may not resort to this Court in an attempt to circumvent final decisions of the Superior Court and the District of Columbia Court of Appeals.

Assuming, *arguendo,* Forti had evidence of fraud by any of the parties in the conduct of the Superior Court litigation or evidence of fraud on that court in a manner which might have arguably allowed her to maintain such a claim, such contentions should have been made by a motion filed within one year in the Superior Court litigation under authority of S. Ct. Civ. R. 60(b)[9]

Forti has made no other allegation of fraud which differs from the claims upon which she has already sued upon and lost, and her attempt to relitigate issues relating to and derived from her claim of entitlement to the amount of the real estate commission which she agreed to pay "represents rather garden variety forum shopping." *Securities Industries Association v. Board of Governors of the Federal Reserve System, 283 U.S. App. D.C. 376, 900 F.2d 360, 364 (1990)* (applying the doctrine of issue preclusion).

The doctrine of collateral estoppel "precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based on a different cause of action." *Goldkind v. Snider Brothers, Inc, supra, 467 A.2d 468, 473 (D.C. 1983).* Forti's claim for damages and recovery of attorney's fees and costs was denied in the Superior Court action, but apart from that determination, the issues in that case included the same ones involved in the

---

[9] That rule is similar in text and operation to Fed. R. Civ. P. 60(b).

present action; those issues were raised, litigated, and adjudged; the issues were material and relevant to the disposition of the Superior Court action; and the determination of those issues was necessary and essential to the resulting judgment of the Superior Court, which was then affirmed upon appeal. *See* 18 MOORE'S FEDERAL PRACTICE ¶¶ 132.03[1]-[4] (3d. ed.), which discusses the above-described elements of collateral estoppel and principles of claim preclusion.

    For these reasons, Forti's claims for recovery based in fraud must fail.

    B.    <u>Forti's claims of furthering and participating in fraud and conspiracy to commit fraud are barred by the statute of limitations</u>.

    It is clear that Forti's claims of conspiracy and conspiracy to commit fraud are barred by D.C. Code § 12-301 (8) (1981), which sets forth a three-year statute of limitations applicable to claims for which no other limitation is otherwise specially prescribed. *Morton v. National Medical Enterprises, Inc., 725 A.2d 462, 467 n.18 (1998)*; *Hawkins v. Greenfield*, *797 F.Supp 30 (D.D.C. 1992)*; *Estate of Grant v. U.S. News & World Report, Inc., 639 F.Supp. 342 (D.D.C. 1986)*. The counterclaim which Forti filed against Miller and the third-party complaint which she filed against Humbert in the Superior Court action in 2002 make it clear that Forti is alleging nothing in this action which goes beyond what she knew at that time; her fraud claim is directly associated with claims on which judgment has already been entered against her. *See Morton v. National Medical Enterprises, Inc., supra*, *725 A.2d at 471* (barring assertion of appellants' fraud claims that "are completely dependent upon and intertwined with their medical malpractice claims"). Because Forti failed to assert any such claims within the three-year period of the statute of limitations set forth in D.C. Code § 12-301(8) (1981), they are subject to dismissal for that reason alone.

> C. Forti's claims of "malicious prosecution" and "abuse of process" fail to state a claim upon which relief can be granted.

In the District of Columbia, a plaintiff seeking to prove a claim for malicious prosecution must prove:

> (1) that the underlying suit terminated in plaintiff's favor;
>
> (2) that the defendant acted with malice in litigating the underlying suit;
>
> (3) lack of probable cause for the underlying suit; and
>
> (4) a special injury occasioned by the plaintiff as the result of the original action.

*Brown v. Carr*, 503 A.2d 1241 (1986).

"The requirement of favorable termination has long been recognized as an element in a claim of malicious prosecution in this jurisdiction." *Id.* (citing *Shulman v. Miskell*, 200 U.S. App. D.C. 1, 3, 626 F.2d 173, 175 (1980). Accordingly, it is apparent that Forti's claim of malicious prosecution must fail because the underlying suit did not terminate in her favor; the judgments of the Superior Court in favor of Miller and Humbert and against Forti demonstrate probable cause for Miller having brought the suit;[10] and those judgments serve to eliminate the possibility of any actionable claim of malice on the part of defendants Masson and Hamilton.

Forti's claim of abuse of process fails for similar reasons. "The essence of the tort of abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels a party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" *Scott v. District of*

---

[10] Masson and Hamilton litigated on behalf of Humbert only because Forti named her as a third-party defendant in the Superior Court litigation. Humbert never asserted any claim against Forti.

8

*Columbia*, 322 U.S. App. D.C. 75, 101 F.3d 748, 755 (1996)(citing *Bown v. hamilton, 601 A.2d 1074, 1079 (D.C. 1992)*. As an alternative, a plaintiff seeking to recover for abuse of process must make a showing that there has been a "perversion of court processes to accomplish some end which the process was not intended by law to achieve . . . ." *Williams v. City Stores Company, 192 A.2d 534*, 537 (D.C. 1963).

    In this case, the final judgments entered in favor of Miller and Humbert and against Forti preclude her from proceeding on her claim of abuse of process. Furthermore, any such claim (if one existed) arose more than three years ago and would be barred by D.C. Code § 12-301(8) (1981).

## Conclusion

    For the foregoing reasons, defendants George T. Masson, Jr., and Hamilton and Hamilton, LLP, submit that the Amended Complaint filed by plaintiff Forti in this action should be dismissed with prejudice and that they should be awarded attorney's fees and costs.

    Respectfully submitted,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532

                                                _____
                                                George T. Masson, Jr.
                                                D.C. Bar No. 51953
                                                Hamilton and Hamilton, LLP
                                                1900 M Street, N.W., Suite 410
                                                Washington, D.C. 20036-3532

                                                Attorneys for Defendants George T. Masson,
                                                 Jr., and Hamilton and Hamilton, LLP