UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| | * Deck Type: Contract |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN
AND FINKELSTEIN & HORVITZ, P.C. TO DISMISS AMENDED COMPLAINT
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants") file the instant Memorandum of Points and Authorities in Support of their Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, stating as follows:

**I.   Introduction**

Plaintiff, Carol A. Forti ("Forti"), in her most recent attempt to harass and disparage defendants, has filed yet another saga with the Court lacking any basis in fact or law. All claims alleged by Plaintiff in this matter arose in or about the spring of 2002, almost four years prior to the filing of Plaintiff's initial Complaint in this Court. The facts and disputes underlying this case were previously adjudicated in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and affirmed by Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02. The instant and the prior litigation arose from

Ms. Forti's sale of a house located at 2936 Garfield Terrace, N.W., Washington, D.C. 20008 (hereinafter referred to as the "Property") to Alberto Chong and Luisa Zanforlin in or about May 2002.  Defendant Nathan I. Finkelstein was the settlement attorney for the sale and purchase of the Property (the "Settlement").  Prior to the Settlement, a dispute arose between Ms. Forti and W.C. & A.N. Miller Development Co. ("Miller") regarding the $28,500 commission owed to Miller.  To facilitate the settlement, the $28,500 commission in dispute was placed in escrow with Defendant Nathan I. Finkelstein named as escrow agent.  Plaintiff, an attorney herself, was intimately involved with the settlement of the Property, and had knowledge of all of the pertinent facts relating to the settlement at or about the time of settlement.

Suit was brought by Miller against Ms. Forti in the District of Columbia Superior Court to recover the $28,500 commission that Ms. Forti was legally obligated to pay.  Ms. Forti then counterclaimed against Alberto Chong and Luisa Zanforlin making baseless allegations that they had colluded with the settlement attorney to deduct the $28,500 commission from the seller's proceeds.  Throughout the litigation, Forti asserted that she had no legal obligation to pay Miller a commission.  That case was resolved by an Order entered by the Honorable Melvin P. Wright granting summary judgment in favor of plaintiff, Miller, and third-party defendants, Jane Humbert, Alberto Chong, and Luisa Zanforlin, on or about October 31, 2003 (hereinafter referred to as the "Superior Court's Order").  See Exhibit A.   The Superior Court's Order, which is incorporated herein by reference, provided a recitation of the factual background of the case and concluded by ordering that the funds held in escrow be released to the

plaintiff, Miller. Exhibit A. The District of Columbia Court of Appeals affirmed the Superior Court's ruling. Exhibit B.

On or about April 3, 2006, Forti filed her Complaint in this Court. In response, defendants filed motions to dismiss Forti's Complaint, which Forti opposed. On or about May 25, 2006, this Honorable Court entered an Order to Show Cause providing, inter alia, that "[i]t is completely clear that this action should be, and that it will be, dismissed, either as res judicata or as precluded by the doctrine of collateral estoppel, depending on whether or not the defendants named in this suit were actually parties to Superior Court Case No. 02ca4745."[1] Id.

In her Amended Complaint, Forti has added claims of malicious prosecution, abuse of process, and furthering and participating in a fraudulent conveyance, to her previously asserted claims of civil fraud and conspiracy to commit civil fraud. See Amended Complaint at ¶2. Forti has also amended her initial complaint to only assert claims against the attorneys and law firms involved in the Settlement or related litigation.[2] Amended Complaint at ¶1. Forti's Amended Complaint seeks to relitigate the same facts and issues which were resolved by the District of Columbia Courts in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745 ("Superior Court Case"), and Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02 ("Court of Appeals

---

[1] By said Order, Forti was required to show cause within 30 days of the date of the order why the complaint and oppositions she filed to defendants' motions did not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure.[1] Id. The Court further stated that "[t]he only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure." Id.
[2] Forti has thus abandoned her most recent claims against W.C. & A.N. Miller Development Company, June Humbert, Alberto Chong, and Luisa Zanforlin.

3

Case"). As discussed infra, the claims made in Forti's Amended Complaint are completely unsupported by fact or law, and should be dismissed with prejudice.[3]

## II. Legal Standards

### A. Motion to Dismiss

A defendant may move to dismiss an action based on a plaintiff's failure to state a claim upon which relief may be granted as an initial responsive pleading. F.R.C.P. 12. In considering a motion to dismiss, the court "must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff."[4] Alexis v. District of Columbia, 44 F.Supp.2d 331, 336-37 (D.D.C. 1999). The court should dismiss a plaintiff's complaint when it appears beyond doubt that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46. 78 S.Ct. 99 (1957).

In considering a defendant's motion to dismiss, a court may consider the documents attached to and incorporated into the Complaint without converting the motion into a motion for summary judgment. Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996). In her Amended Complaint, Forti repeatedly references the prior litigation of the exact issues upon which the instant action is based.

---

[3] Finkelstein Defendants hereby incorporate by reference all facts, exhibits, and legal grounds for dismissal of Forti's Complaint and Amended Complaint as set forth in their previous Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment, and supporting Memorandum of Points and Authorities. Finkelstein Defendants also incorporate by reference all facts, exhibits, and legal grounds for dismissal of Forti's Complaint and Amended Complaint set forth in the Joint Motion of Co-Defendants Alberto Chong, Luisa Zanforlin, Richard Aguglia and Jeffrey Hardie to Dismiss Complaint for Civil Fraud and Conspiracy to Commit Civil Fraud or, in the Alternative, Motion for Summary Judgment and supporting Memorandum of Points and Authorities; Motion of Defendants W.C. & A.N. Miller Development Company, June Humbert, Hamilton and Hamilton, LLP, and George T. Masson, Jr., to Dismiss the Complaint, or in the Alternative, for Summary Judgment and supporting Memorandum of Points and Authorities; and Motion of Defendants George T. Masson, Jr., and Hamilton and Hamilton, LLP, to Dismiss the Amended Complaint or, in the Alternative, for Summary Judgment and supporting Memorandum of Points and Authorities.

[4] Nonetheless, in doing so, the court "does not need to accept as true the plaintiff's legal conclusions." Alexis, 44 F.Supp.2d at 336-37.

4

Therefore, the court's consideration of the prior litigation of this matter in the District of Columbia Superior Court and Court of Appeals should not be considered outside of the pleadings. However, if the court decides to consider documents it deems are outside the pleading, the court shall treat the motion to dismiss of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. as a motion for summary judgment. F.R.C.P. 12(b).

### B. Summary Judgment

The court may grant summary judgment if the record reveals that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tao v. Freeh, 27 F.3d 635, 638 (D.C.Cir. 1994). A factual dispute is material or genuine only if it is capable of affecting the substantive outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505 (1986). In considering a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). In her Amended Complaint, Forti has failed to properly raise any disputed material facts that have not already been adjudicated. See Superior Court Case, and Court of Appeals Case. Accordingly, this Court should grant summary judgment in favor of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.

### III.    Analysis

### A. Forti's Amended Complaint is Barred by the Statute of Limitations.

District of Columbia Code §12-301 (4) provides a one (1) year statute of limitations for a plaintiff to bring an action for malicious prosecution. Forti's claim of

5

malicious prosecution stems from the lawsuit successfully brought by Miller against Forti in or about June 2002. The Superior Court entered a final judgment in that case on or about October 31, 2003, which was affirmed by the District of Columbia Court of Appeals on or about August 6, 2004. Forti filed her Complaint in this Court on or about April 3, 2006. Notwithstanding the numerous substantive deficiencies of Forti's claim of malicious prosecution discussed infra, her claim is barred by the one year statute of limitations.

Forti's claims of fraudulent conveyance, fraud, and civil conspiracy are similarly barred by the three (3) year statute of limitations set forth in District of Columbia Code §12-301(8).[5] Forti's claims of fraudulent conveyance, fraud[6] and civil conspiracy are based on alleged actions which occurred at or about the time of settlement on the Property in or about April 29, 2002. Forti clearly had knowledge of all of the facts relating to her filing of the instant action more than three years prior to said filing, and made many similar allegations in the Superior Court Case in or about 2002. Therefore, Forti's Amended Complaint should be dismissed with prejudice as it is barred by the applicable statute of limitations.

### B. Forti's Amended Complaint is Barred by the Doctrine of Collateral Estoppel.

The facts and issues raised in Forti's Amended Complaint have already been fully adjudicated by the District of Columbia Courts. See Superior Court Case, and Court of Appeals Case. Forti's claims in this case are entirely based on her desire to

---

[5] Section 12-301 does not specifically set forth a limitation for an action for fraudulent conveyance, fraud or civil conspiracy, therefore, a three year statute of limitations applies to all such claims.

[6] Although in a cause of action for fraud, the statute of limitations begins to run when a person bringing an action knew or should have known of the alleged fraud, that principle would not bring the filing of Plaintiff's action within the three year statute of limitations. Hawkins v. Greenfield, 797 F.Supp. 30, 33 (D.D.C. 1992).

6

relitigate the issue of whether Miller was entitled to the $28,500 commission associated with the sale and purchase of the Property in or about 2002. The Superior Court has already determined that Ms. Forti was obligated to pay the $28,500 commission, and ordered that the $28,500 held in escrow by Defendant Nathan I. Finkelstein be released to Miller, and the District of Columbia Court of Appeals affirmed the Superior Court's ruling. Forti's Amended Complaint is accordingly barred by the doctrine of collateral estoppel.

The doctrine of collateral estoppel "precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based on a different cause of action."[7] Goldkind v. Snider Brothers, Inc., 467 A.2d 468, 473 (1983) (further citations omitted). "Once an issue is raised and determined, the entire issue is precluded, not just the particular arguments advanced in the first case." Drake v. Cappelle, 2005 WL 670755, 11 (D.D.C. 2005) (citing Yamaha Corp. of America v. United States, 961 F.2d 245, 254 (D.C. Cir. 1992)). Similarly, defensive collateral estoppel "precludes a plaintiff from relitigating issues that have already been decided by merely switching adversaries." Drake, 2005 WL 670755, 11 (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 328, 99 S.Ct. 645 (1979)). In fact, "collateral estoppel may be invoked by a stranger to the prior action against a party to that action." Novak v. World Bank, 703 F.2d 1305, 1309, 227 U.S.App.D.C. 83 (D.C. Cir. 1983). The principles of "collateral estoppel seek to conserve judicial resources, protect citizens

---

[7] Federal law and District of Columbia both law apply the doctrine of collateral estoppel to preclude "relitigation of an (1) identical issue (2) that was fully and fairly litigated and (3) determined by a valid judgment on the merits (4) in which the issue was essential." Bryson v. Gere, 268 F. Supp.2d 46, 57 (2003).

from multiple lawsuits, and reduce the likelihood of inconsistent verdicts." Bryson, 268 F. Supp.2d at 54 (citing Montana v. U.S., 440 U.S. 147, 153-54, 99 S.Ct. 970 (1979)).

As set forth supra, the same facts and issues raised in Forti's Amended Complaint have already been litigated, and were necessarily decided by the District of Columbia Superior Court and the District of Columbia Court of Appeals. The District of Columbia Courts determined, inter alia, that Forti was obligated to pay the $28,500 commission to W.C. & A.N. Miller Development Company, an issue which is also essential to this case. Therefore, Forti is precluded by the doctrine of collateral estoppel from bring this action against Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.[8] Accordingly, Forti's Amended Complaint should be dismissed with prejudice.

### C. Forti's Amended Complaint Fails to State a Claim upon which Relief can be Granted.

A court should dismiss a plaintiff's complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S. Ct. at 102. Forti's Amended Complaint undoubtedly lacks any facts which would reasonably allow the Court to determine that Forti could support her claims of malicious prosecution, abuse of process, fraudulent conveyance, civil fraud, or civil conspiracy and entitle Forti to relief.

---

[8] Similarly, under the doctrine of *res judicata*, "a prior judgment on the merits raises an absolute bar to the relitigation of the same cause of action between the original parties or those in privity with them." Goldkind, 467 A.2d at 473 (further citations omitted). Nonparties to an action are "in privity" with a party if "a judgment involving one of them may justly be conclusive upon the others, although those others were not party to the lawsuit." Ethnic Employees of Library of Congress v. Boortstin, 751 F.2d 1405, 1409, 243 U.S. App. D.C. 186 (D.C. Cir. 1985). Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. were forced to release the funds held in escrow as a result of the Superior Court 's Order, and its subsequent affirmance by the District of Columbia Court of Appeals. Thus, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. also assert the defense of *res judiciata* to Plaintiff's Complaint.

8

### 1. Forti's Amended Complaint Fails to State a Claim for Malicious Prosecution and Abuse of Process upon which Relief can be Granted.

Forti has failed to state claims for malicious prosecution and abuse of process upon which relief can be granted.  In the District of Columbia, to support a claim for malicious prosecution, a plaintiff must prove: "(1) the underlying suit terminated in the plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by the plaintiff as the result of the original action." Brown v. Carr, 503 A.2d 1241, 1244 (D.C. 1986).  Finkelstein Defendants were not parties to the litigation in the District of Columbia Courts, upon which Forti baldly asserts her claims of malicious prosecution and abuse of process, a necessary requirement to support such claims.  Further, because Finkelstein Defendants were not parties to the underlying suit, it would be impossible for Forti to prove that the "underlying suit terminated in the plaintiff's favor," that there was "malice on the part of the defendant" in the previous action, that there was no probable cause for the underlying suit, or that "special injury" resulted from the "original action."  Id. Furthermore, the Superior Court Case, which Forti seeks to relitigate through the instant action, was not terminated in her favor, and the judgments terminating the Superior Court Case show probable cause for the underlying suit brought by Miller.  See Exhibit A.

"To charge an abuse of process, there must be a perversion of court processes to accomplish some end which the process was not intended by law to achieve, or which compels the party against whom it has been used to do some collateral thing which he could not legally and regularly be compelled to do."  Wiggins v. State Farm

Fire and Casualty Company, 153 F.Supp.2d 16, 22 (D.D.C. 2001) (citing Washington Medical Center, Inc. v. Holle, 573 A.2d 1269, 1285 (D.C. 1990)).  As previously stated, Finkelstein Defendants were not parties to the Superior Court Case.  Further, Forti has failed to allege any "perversion of court processes" by Finkelstein Defendants.  Accordingly, Forti's Amended Complaint fails to state claims for malicious prosecution or abuse of process upon which relief can be granted.

### 2. Forti's Claims of "Furthering and Participating in a Fraudulent Conveyance," Civil Fraud and Civil Conspiracy Fail to State a Claim upon which Relief Can be Granted.

Forti has failed to allege any wrongdoing by Finkelstein Defendants sufficient to prove fraudulent conveyance, fraud or civil conspiracy.  To prove a claim for civil fraud, a plaintiff must provide clear and convincing evidence that the defendant made (1) a false representation (2) in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) that action is taken in reliance upon the representation.  Hercules & Co. v. Shama Restaurant Corp., 613 A.2d 916, 923 (D.C. 1992).  In her Amended Complaint, Fort attempts to allege that Finkelstein Defendants engaged in fraud by "drawing up a HUD Settlement Sheet giving a commission to Miller," and proposing "putting the disputed commission in escrow."  Amended Complaint at ¶¶5, 8.  Forti's obligation to pay the $28,500 real estate commission to Miller, which Forti so desperately seeks to relitigate, has already been adjudged by the District of Columbia Courts to be proper.  Therefore, Forti's claims of fraud and fraudulent conveyance must fail.[9]

---

[9] Further, Forti's baseless allegations that Finkelstein Defendants were somehow involved in the theft of pleadings from the District of Columbia Superior Court in an attempt to defraud the Court are not only baseless, but are so malicious and reckless as to be sanctionable.  Amended Complaint at ¶¶41-42.

10

A claim for civil conspiracy is not itself an independent action. Rather, a claim for civil conspiracy "depends on the performance of some underlying tortious act."[10] Griva v. Davison, 637 A.2d 830, 848 (1994); Halberstam v. Welch, 705 F.2d 472, 479, 227 U.S.App.D.C. 167, 174 (1983); Waldon v. Covington, 415 A.2d 1070, 1074 fn. 14 (1980). As set forth supra, Forti has failed to state a claim for malicious prosecution, abuse of process, or fraud upon which a court could grant relief. Accordingly, her claim of civil conspiracy must also fail. Therefore, Forti's Amended Complaint must be dismissed with prejudice.

### IV. Conclusion

For all the foregoing reasons, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. respectfully request that this Honorable Court enter an Order granting the instant Motion and dismissing Plaintiff Carol A. Forti's Complaint with prejudice or, in the alternative, entering final judgment in this matter in favor of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C.

Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

---

[10] Nonetheless, to prove a claim for civil conspiracy, a Plaintiff must prove that (1) there existed "an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." Griva, 637 A.2d at 848.

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of July, 2006, the foregoing Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. to Dismiss Complaint or, in the Alternative, for Summary Judgment, supporting Memorandum of Points and Authorities, and proposed Order were mailed first-class with adequate postage prepaid to:

Carol A. Forti, *pro se*
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Arguglia, Esq.
Jeffrey Hardie, Esq.
Hunton & Williams, LLP
1900 K Street, N.W.
Suite 1200
Washington, D.C. 20006

George Masson, Jr., Esq.
1900 M Street, N.W.
Suite 410
Washington, D.C. 20036

                                                  _____/s/_____
                                                  Nathan I. Finkelstein