UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI,<br><br>   Plaintiff,<br><br>v.<br><br>W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al.,<br><br>   Defendants. | Case No. 1:06CV00613<br>Judge: James Robertson<br>Deck Type: Contract |

**MOTION OF CO-DEFENDANTS RICHARD AGUGLIA AND JEFFREY HARDIE TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Co-Defendants Richard Aguglia and Jeffrey Hardie hereby move to dismiss the Amended Complaint filed in this case or, in the alternative, for summary judgment for failure to state a claim upon which relief can be granted and as being barred under principles of collateral estoppel, issue preclusion, voluntary payment and by the statute of limitations, as more specifically set forth in the attached memorandum of points and authorities in support of this motion. A proposed order is also attached.

            Respectfully submitted,

            RICHARD AGUGLIA
            JEFFREY HARDIE


       By: /s/ John Jay Range
          John Jay Range
          DC Bar No. 376028
          Counsel for Co-Defendants
          Richard Aguglia and Jeffrey Hardie
          HUNTON & WILLIAMS, LLP
          1900 K Street, N.W.
          Suite 1200
          Washington, D.C. 20006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI,<br><br>      Plaintiff,<br><br>v.<br><br>W.C. & A.N. MILLER DEVELOPMENT<br>    COMPANY, et al.,<br><br>      Defendants. | Case No. 1:06CV00613<br>Judge:   James Robertson<br>Deck Type:   Contract |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF RICHARD AGUGLIA AND JEFFREY HARDIE'S
MOTION TO DISMISS AMENDED COMPLAINT OR, IN
THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Co-Defendants Richard Aguglia ("Aguglia") and Jeffrey Hardie ("Hardie") have jointly moved to dismiss the Amended Complaint filed in this case or, in the alternative, for summary judgment and, as reasons therefore, state as follows:

**SUMMARY OF PROCEEDINGS**

Carol A. Forti, plaintiff ("Forti") filed a complaint in this Court on April 3, 2006, seeking the same frivolous relief she was denied by the D.C. Court of Appeals some 18 months ago against W.C. & A.N. Miller Development Co., Alberto Chong and Luisa Zanforlin and June Humbert in *Miller v. Forti, et. al.,* CA 02-4745. In her complaint, Forti also sued the parties' lawyers. Co-defendants Aguglia and Hardie, as counsel, and their clients Chong and Zanforlin moved to dismiss or, in the alternative, for summary judgment. This Court issued a show cause order as to why Forti should not be subjected to sanctions for filing her complaint, which the Court indicated would be dismissed on grounds of *res judicata or* collateral estoppel. Forti's response to that show cause order was to file an amended complaint removing only the non-lawyers

named in the original complaint in the hope of avoiding dismissal on grounds of *res judicata.*

We submit that her amended complaint is as frivolous as and no different from her first complaint and should be dismissed with prejudice. The only substantive question that remains for this Court is the amount of sanctions that should be imposed upon Forti for her contemptuous conduct.

<u>Preliminary Statement and Statement of the Case.</u>

We hereby adopt and incorporate by reference the same Preliminary Statement and Statement of Case as is set forth in our motion to dismiss or, in the alternative, for summary judgment filed in this case on April 25, 2006.

## ARGUMENT

A. <u>Forti's claims against Aguglia and Hardie of "furthering and participating in a fraudulent conveyance" and "furthering and participating in civil fraud and for conspiracy to commit civil fraud" fail to state a claim upon which relief can be granted and is also barred by the doctrine of collateral estoppel and issue preclusion.</u>

There is no recognized tort action for civil conspiracy in the District of Columbia. *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) (citing *Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Furthermore, civil conspiracy depends on performance of some underlying tortious act. *Hall v. Clinton*, 350 U.S. App. D.C. 422, 285 F.3d 74, 82, *reh'g en banc denied*, 2002 U.S. App. LEXIS 12055 (D.C. Cir. June 13, 2002) ("as a matter of substantive law, one cannot be liable for a conspiracy that does not have as its object an <u>actionable</u> wrong") (quoting *Riddell v. Riddell Washington Corp.*, 275 U.S. App. D.C. 362, 866 F.2d 1480, 1494 (1989) (emphasis in original); *Halberstam v. Welch*, 227 U.S. App. D.C. 167, 174, 705 F.2d 472, 479 (1983)). An attorney cannot conspire with his or its client when the attorney's

2

conduct falls within the scope of his legal representation. *Fischer v. Estate of Flax,* 816 A.2d 1 (D.C. 2003) and *Fraidin v. Weitman,* 93 MD. App. 63, 611 A.2d 1046 (1993). Because judgment was entered against Forti in the Superior Court action and she was found liable to Miller and Chong and Zanforlin for attorney's fees, she cannot claim that there is any wrong, let alone a wrong which amounts to fraud, to which her claim of conspiracy may attach. The essence of her claim is nothing more than that two other courts were wrong in finding that she was contractually obligated to pay a commission to Miller, that she was obligated to pay attorney's fees to Miller and Chong and Zanforlin, and that Miller, Humber, and Chong and Zanforlin were not liable to her for any damages. Forti may not resort to this Court in an attempt to circumvent final decisions of the Superior Court and the District of Columbia Court of Appeals.

Assuming, *arguendo,* Forti had evidence of fraud (which is vigorously denied) by any of the lawyers in the conduct of the Superior Court litigation, Forti should have filed a motion within one year in the Superior Court under the authority of S. Ct. Civ. R. 60(b)[1] to set aside the judgment entered in that case. Having failed to pursue that cause of action, Forti is barred by the doctrine of issue preclusion from relitigating the same issues of fraud she raised and litigated unsuccessfully in the Superior Court and the District of Columbia Court of Appeals. *Securities Industries Association v. Board of Governors of the Federal Reserve System,* 283 U.S. App. D.C. 376, 900 F.2d 360, 364 (1990) (applying the doctrine of issue preclusion).

Similarly, the doctrine of collateral estoppel "precludes a party from relitigating issues or facts actually litigated and necessarily decided in an earlier proceeding based

---

[1] That rule is similar in text and operation to Fed. R. Civ. P. 60(b).

3

on a different cause of action." *Goldkind v. Snider Brothers, Inc., supra*, 467 A.2d 468, 473 (D.C. 1983). Forti's claim for damages and recovery of attorney's fees and costs was denied in the Superior Court action. The issues in that case included the same ones involved in the present action; those issues were raised, litigated, and adjudged; the issues were material and relevant to the disposition of the Superior Court action; and the determination of those issues was necessary and essential to the resulting judgment of the Superior Court, which was then affirmed upon appeal. As such, all the elements of collateral estoppel have been satisfied. *See* 18 MOORE'S FEDERAL PRACTICE ¶¶ 132.03[1]-[4] (3d ed.).

For these reasons, Forti's claims for recovery based in fraud must fail.

B.  <u>Forti's claims against Aguglia and Hardie of furthering and participating in fraud and conspiracy to commit fraud are barred by the statute of limitations.</u>

It is clear that Forti's claims of conspiracy and conspiracy to commit fraud are barred by D.C. Code § 12-301(8) (1981), which sets forth a three-year statute of limitations applicable to claims for which no other limitation is otherwise specially prescribed. *Morton v. National Medical Enterprises, Inc.*, 725 A.2d 462, 467 n.18 (1998); *Hawkins v. Greenfield*, 797 F. Supp. 30 (D.D.C. 1992); *Estate of Grant v. U.S. News & World Report, Inc.*, 639 F. Supp. 342 (D.D.C. 1986). The third-party complaint Forti filed against Chong and Zanforlin in the Superior Court action in 2002 demonstrates Forti knew in mid-May of 2002 all of the essential facts upon which her current fraud claim is based. As such, her fraud claim accrued no later than June 2002. Because Forti failed to assert any such claims within the three-year period of the statute of limitations set forth in D.C. Code § 12-301(8) (1981), her amended complaint should be dismissed with prejudice.

4

C. <u>Forti's claims against Aguglia and Hardie of "malicious prosecution" and "abuse of process" fail to state a claim upon which relief can be granted and are barred by the one year statute of limitations</u>.

In the District of Columbia, a plaintiff seeking to prove a claim for malicious prosecution must prove:

> (1) that the underlying suit terminated in plaintiff's favor;
>
> (2) that the defendant acted with malice in litigating the underlying suit;
>
> (3) lack of probable cause for the underlying suit; and
>
> (4) a special injury occasioned by the plaintiff as the result of the original action.

*Brown v. Carr*, 503 A.2d 1241 (1986).

"The requirement of favorable termination has long been recognized as an element in a claim of malicious prosecution in this jurisdiction." *Id.* (citing *Shulman v. Miskell*, 200 U.S. App. D.C. 1, 3, 626 F.2d 173, 175 (1980). Accordingly, it is apparent that Forti's claim of malicious prosecution must fail because the underlying suit did not terminate in her favor.[2]

Forti's claim of abuse of process fails for similar reasons. "The essence of the tort of abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels a party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" *Scott v. District of Columbia*, 322 U.S. App. D.C. 75, 101 F.3d 748, 755 (1996)

---

[2] Forti's claim for malicious prosecution also fails because it was not filed within one year as required by D.C. Code § 12-301(4). The Superior Court entered a final judgment against Forti on October 31, 2003, which judgment was affirmed by the District of Columbia Court of Appeals on August 6, 2004. Forti did not file her complaint in this action until April 3, 2006. Thus, even if the previous suit had terminated favorably to Forti, which it did not, the malicious prosecution claim is time barred.

5

(*citing Bown v. Hamilton*, 601 A.2d 1074, 1079 (D.C. 1992). As an alternative, a plaintiff seeking to recover for abuse of process must make a showing that there has been a "perversion of court processes to accomplish some end which the process was not intended by law to achieve . . . ." *Williams v. City Stores Company*, 192 A.2d 534, 537 (D.C. 1963).

In this case, the final judgments entered in favor of Chong and Zanforlin and against Forti preclude her from proceeding on her claim of abuse of process as a matter of law.[3] Furthermore, any such claim (if one existed) arose more than three years ago and would be barred by D.C. Code § 12-301(8) (1981).

   D.   <u>Forti's remaining claims against Aguglia and Hardie are devoid of merit.</u>

Forti's asserts once again that defendants Aguglia and Hardie (and Masson) "compounded their malice" by filing for and obtaining awards of attorneys fees in the Superior Court action[4], *compare* Complaint, ¶ 14, *and* Amended Complaint, ¶ 80, and "further compounded their malice against Forti" by placing a lien on the property she owned in Arnold, Maryland[5] and initiating the process for a sheriff's sale. *Compare* Complaint, ¶ 15, *and* Amended Complaint, ¶ 84. These contentions are made notwithstanding the fact that Miller, Chong and Zanforlin had outstanding judgments for

---

[3] We again note that Chong and Zanforlin did not sue Forti, which also bars the claim for abuse of process.

[4] Miller and the buyers (Chong and Zanforlin), through their counsel, sought and obtained attorney's fees and costs.

[5] Miller and the buyers (Chong and Zanforlin), through their counsel, filed liens against the property in conjunction with their attempts to collect their judgments for attorney's fees and costs against Forti.

recovery of attorneys' fees and costs that Forti did not appeal, refused to pay and then voluntarily agreed to pay to avoid foreclosure on her property.

Forti again alleges that defendants Aguglia and Hardie (and Masson) "all acted with evil motive, actual malice, and with outrageous conduct in willful disregard of Forti's rights," *compare* Amended Complaint, ¶ 91, *and* Complaint, ¶ 16, for which she seeks a $6,000,000 award of punitive damages from each defendant[6], notwithstanding the fact that the suit initiated against Forti on behalf of Miller resulted in a judgment on the merits in favor of Miller, as well as Chong and Zanforlin; that judgment was entered in favor of Miller and Humbert and Chong and Zanforlin against Forti in the same action on the claims she asserted against them; that Miller and Chong were awarded attorney's fees and costs against Forti; and that the reassertion of her rejected claims in this action against defendants Aguglia and Hardie is barred by principles of collateral estoppel and the applicable three-year statute of limitations set forth in D.C. Code §12-301(8) (1981).

## CONCLUSION

For the reasons set forth herein, the court should dismiss the complaint filed in this case with prejudice.

            Respectfully submitted,

            HUNTON & WILLIAMS, LLP

            By: /s/John Jay Range
                John Jay Range
                DC Bar No. 376028
                HUNTON & WILLIAMS LLP
                1900 K Street, N.W.

---

[6] In her original Complaint Forti sought $4,000,000 in punitive damages from the parties.

Suite 1200
Washington, D.C. 20006
(202) 955-1500
Counsel for Co-Defendants
Richard Aguglia and Jeffrey Hardie

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion of Co-Defendants Richard Aguglia and Jeffrey Hardie to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, together with a Memorandum of Points and Authorities in support thereof and proposed Order, was sent by first-class mail, postage prepaid, this 31st day of July, 2006, to:

>   Carol A. Forti, Esq.
>   14 West Chapman Street
>   Alexandria, Virginia 22301
>
>   George Masson, Jr., Esq.
>   1900 M Street, N.W.
>   Suite 410
>   Washington, D.C. 20036
>
>   Nathan Finkelstein, Esq.
>   7315 Wisconsin Avenue, N.W.
>   Suite 400 East
>   Bethesda, MD 20814

/s/ John Jay Range
John Jay Range

61681.000002 WASHINGTON 617428v1