UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| W.C. & A.N. MILLER | * Deck Type: Contract |
| DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. FOR ENLARGEMENT OF TIME TO RESPOND TO AMENDED MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, CAROL A. FORTI**

COME NOW, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. (the "Finkelstein Defendants"), and hereby move this Honorable Court to grant an enlargement of time to respond to the Amended Motion for Summary Judgment of plaintiff, Carol A. Forti ("Forti"), for the reasons specifically set forth in the attached Memorandum of Points and Authorities.  The Finkelstein Defendants file this motion pursuant to Fed. R. Civ. P. 6(b).  The Finkelstein Defendants seek an enlargement of time to file an opposition to Forti's Amended Motion for Summary Judgment until after such time as the Court has ruled on the Finkelstein Defendants' motions to dismiss this lawsuit, which are currently pending before this Court.  A proposed Order is also attached hereto.

Pursuant to LCvR 7(m), counsel for the Finkelstein Defendants contacted plaintiff, Carol A. Forti, by telephone on August 8, 2006 at approximately 11:15 a.m. in a good faith effort to determine whether there is any opposition to the relief sought by the Finkelstein Defendants in this motion.  During counsel's brief discussion with Forti, Forti

stated that she opposes Finkelstein Defendants' filing of a motion for enlargement of time to respond to her Amended Motion for Summary Judgment.

WHEREFORE, the Finkelstein Defendants respectfully request that this Honorable Court enter an Order granting the instant motion, permitting the Finkelstein Defendants an enlargement of time to respond to Forti's Amended Motion for Summary Judgment, and allowing the Finkelstein Defendants to file their response to Forti's Amended Motion for Summary Judgment on or before ten (10) days after the Court's ruling on the Finkelstein Defendants' (1) Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment, and (2) Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment.

Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Emily D. Gooding, #496227
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. FORTI, | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 1:06CV00613 |
| v. | *   Judge: James Robertson |
| | *   Deck Type: Contract |
| W.C. & A.N. MILLER | * |
| DEVELOPMENT COMPANY, et al., | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. FOR ENLARGEMENT OF TIME TO RESPOND TO AMENDED MOTION FOR SUMMARY JUDGMENT OF PLAINTIFF, CAROL A. FORTI**</u>

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants") hereby submit this memorandum of points and authorities in support of their motion for enlargement of time to respond to the Amended Motion for Summary Judgment of plaintiff, Carol A. Forti ("Forti"), stating as follows:

**I.   Procedural Background**

On or about April 3, 2006, Forti brought the instant action against defendants, including the Finkelstein Defendants, alleging civil fraud and conspiracy to commit civil fraud. In response to her Complaint, the Finkelstein Defendants filed their Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment (the "Finkelstein Defendants' Motion to Dismiss") asserting, <u>inter alia</u>, that Forti's Complaint was barred by the doctrine of collateral estoppel, the applicable statute of limitations, and that her Complaint failed to state a claim upon which relief could be granted. On or about May 25, 2006, this Honorable Court entered an Order to Show Cause stating, in part, that

3

"[i]t is completely clear that this action should be, and that it will be, dismissed …The only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure." The Order then provided that Forti was to show cause within 30 days of the date of the order "why the complaint she has filed in this case – and the opposition she has filed to defendants' motions – do not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."

Forti subsequently filed a Motion for Summary Judgment against Nathan Finkelstein on or about May 30, 2006. This Honorable Court then entered a Notice to Parties and Counsel which provided in part that "[d]efendants are under no obligation to respond to plaintiff's motions for summary judgment before a decision is rendered on their motions to dismiss and the order to show cause is discharged."[1] On or about June 5, 2006, the Finkelstein Defendants filed their Motion for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 (the "Finkelstein Defendants' Motion for Sanctions"), which is pending before the Court. On or about July 12, 2006, Forti filed an Amended Complaint purportedly asserting claims of civil fraud, civil conspiracy, furthering and participating in a fraudulent conveyance, malicious prosecution, and abuse of process.[2] In response to Forti's Amended Complaint, the

---

[1] The Court also stated that "it appears (a) that none of them contains a 'statement of material facts as to which the moving party contends there is no genuine issue' required by LCvR 56.1, i.e., a statement that "include[s] references to the parts of the record relied on to support the statement" – plaintiff's ipse dixit affidavits […] do not satisfy the Rule – and (b) that none of them is responsive to the Court's sua sponte order of May 25, 2006 […] directing the plaintiff to show cause why sanctions should not be imposed upon her pursuant to F.R.Civ.P. 11(b)." Id.

[2] Forti's Amended Complaint only sues the attorneys involved with the real estate settlement at issue in this case or related litigation, rather than the represented parties, who were previously named as defendants in Forti's original Complaint in this action.

4

Finkelstein Defendants filed a Motion to Dismiss Amended Complaint, or in the Alternative, for Summary Judgment on or about July 28, 2006 (the "Finkelstein Defendants' Renewed Motion to Dismiss"), asserting, inter alia, that Forti's Amended Complaint was also barred by the doctrine of collateral estoppel, the applicable statute of limitations, and failed to state a claim upon which relief could be granted.  Then, on July 31, 2006, Forti filed her Amended Motion for Summary Judgment.

**II.   This Court Should Grant an Enlargement of Time for the Finkelstein Defendants to Respond to Forti's Amended Motion for Summary Judgment.**

**A.  Fed. R. Civ. P. 6(b) Permits an Enlargement of Time.**

Fed. R. Civ. P. 6(b) provides in pertinent part that "[w]hen by these rules … an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order …" Id.  Forti filed her Amended Motion for Summary Judgment on or about July 31, 2006.  Pursuant to LCvR 7(b), the earliest possible deadline for the Finkelstein Defendants to file a response to Forti's Amended Motion for Summary Judgment would be August 11, 2006.[3]  Accordingly, the Finkelstein Defendants file the instant motion for enlargement of time prior to the expiration of the time permitted to respond to Forti's Amended Motion for Summary Judgment.  See LCvR 7(b).

---

[3] Forti served her Amended Motion for Summary Judgment on the Finkelstein Defendants by mail, which under Fed. R. Civ. P. 6(e) would afford Finkelstein Defendants an additional three (3) days to file a response.

5

### B. The Procedural Circumstances of this Case Warrant an Enlargement of Time.

There are numerous grounds for this Court to grant the Finkelstein Defendants an enlargement of time to respond to Forti's Amended Motion for Summary Judgment.[4] First, granting the Finkelstein Defendants an enlargement of time to respond to Forti's Amended Motion for Summary Judgment will not unduly prejudice any party to this case. Further, the Finkelstein Defendants are requesting an enlargement of time prior to the deadline originally prescribed by the rules of this Court for filing an opposition. See LCvR 7(b). Accordingly, pursuant to Fed. R. Civ. P. 6(b), an enlargement of time is appropriate.

Second, Forti has failed to respond to the Court's Order to Show Cause of May 25, 2006 within the thirty (30) day deadline prescribed by the Court. Since the Court's Order to Show Cause was entered, Forti has filed an Amended Complaint and memoranda in opposition to defendants' motions for sanctions, including an opposition to the Finkelstein Defendants' Motion for Sanctions.[5] Clearly, Forti's Amended Complaint does not show cause as to why sanctions should not be imposed against her. Rather, Forti's Amended Complaint contains accusations that are increasingly

---

[4] There are also procedural grounds for this Honorable Court to reject Forti's Amended Motion for Summary Judgment for filing. Forti's Amended Motion for Summary Judgment does not contain a statement of material facts to which Forti contends there is no genuine issue that includes "references to the parts of the record relied on to support the statement," as required by LCvR 56.1. This Court previously determined that Forti's ipse dixit affidavits attached to her previous Motion for Summary Judgment did not satisfy Rule LCvR 56.1. Forti's Amended Motion for Summary Judgment was also filed without a proposed Order as required by LCvR 7. Accordingly, given the numerous and recurring deficiencies of Forti's filings with the Court, it is appropriate to reject Forti's Amended Motion for Summary Judgment for filing.

[5] Forti's Amended Complaint and memoranda in opposition to defendants' motions for sanctions were filed after the thirty (30) day deadline set forth by the Court's Order to Show Cause. Forti's opposition to Finkelstein Defendants' Motion for Sanctions was also filed well after the deadline for filing an opposition to the Finkelstein Defendants' Motion had expired. See LCvR 7(b).

6

more outrageous and sanctionable.[6]  Under the circumstances, particularly given Forti's failure to show cause in accordance with the Court's Order of May 25, 2006, it would be appropriate for the Court to reject for filing Forti's Amended Complaint and memorandum in opposition to Finkelstein Defendants' Motion for Sanctions.

Third, Finkelstein Defendants' Motion to Dismiss and Renewed Motion to Dismiss, which were filed in response to Forti's Complaint and Amended Complaint, respectively, have not yet been ruled upon by the Court.  Finkelstein Defendants' Motion to Dismiss and Renewed Motion to Dismiss seek to dispose of the entire case against Finkelstein Defendants.  Therefore, should the Court grant Finkelstein Defendants' Motion to Dismiss[7] and Renewed Motion to Dismiss, there will be no need for Finkelstein Defendants to respond to Forti's Amended Motion for Summary Judgment.  In the interest of judicial economy, it is therefore appropriate for this Court to rule on Finkelstein Defendants' Motion to Dismiss and Renewed Motion to Dismiss before Finkelstein Defendants are required to file a response to Forti's Amended Motion for Summary Judgment.

Fourth, the Court's Notice to Parties and Counsel of June 6, 2006 stated that defendants were "under no obligation to respond to plaintiff's motions for summary judgment before a decision is rendered on their motions to dismiss […] and the order to show cause […] is discharged."  See Notice to Parties and Counsel.  Presumably, said

---

[6] Forti claims in her Amended Complaint that defendants "were able to remove and did, in fact, illegally remove from the File Room in the Civil Action Branch of Superior Court Forti's most significant pleadings" and that defendants, including Nathan Finkelstein, submitted perjured affidavits to the District of Columbia Superior Court in the prior adjudication of the issues raised by Forti in this case.  See Amended Complaint ¶¶41,13, 37, 40, 45, 49.  Forti has no basis for such serious accusations, nonetheless, she continues to make such allegations against defendants in an effort to harass and defame through her repeated abuse of the judicial process.

[7] In the Court's Order to Show Cause of May 25, 2006, this Court stated, inter alia, that "[i]t is completely clear that this action should be, and that it will be, dismissed […]."

7

Notice also applies to Forti's Amended Motion for Summary Judgment. However, in an abundance of caution, Finkelstein Defendants seek an Order from the Court granting them an enlargement of time to file a response to Forti's Amended Motion for Summary Judgment.

### III.   Conclusion

For all the foregoing reasons, the Finkelstein Defendants respectfully request that this Honorable Court enter an Order granting the instant Motion, permitting the Finkelstein Defendants an enlargement of time to respond to Forti's Amended Motion for Summary Judgment, and allowing the Finkelstein Defendants to file their response to Forti's Amended Motion for Summary Judgment on or before ten (10) days after the Court's ruling on the Finkelstein Defendants' (1) Motion to Dismiss Complaint or, in the Alternative, for Summary Judgment, and (2) Motion to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment.

Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Emily D. Gooding, #496227
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of August, 2006, the foregoing Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. for an Enlargement of Time to Respond to the Amended Motion for Summary Judgment of Plaintiff, Carol A. Forti, supporting Memorandum of Points and Authorities, and proposed Order were mailed first-class with adequate postage prepaid to:

Carol A. Forti, *pro se*
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Arguglia, Esq.
Jeffrey Hardie, Esq.
Hunton & Williams, LLP
1900 K Street, N.W.
Suite 1200
Washington, D.C. 20006

George Masson, Jr., Esq.
1900 M Street, N.W.
Suite 410
Washington, D.C. 20036

_____/s/_____
Nathan I. Finkelstein