UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| | * |
| Plaintiff, | * |
| | *   Case No. 1:06CV00613 |
| v. | *   Judge: James Robertson |
| | *   Deck Type: Contract |
| W.C. & A.N. MILLER | * |
| DEVELOPMENT COMPANY, et al., | * |
| | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

COME NOW Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. and hereby move this Court to impose sanctions against plaintiff Carol A. Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. submit herewith a Memorandum of Points and Authorities in support of the instant Motion and a proposed Order.

Prior to the filing of the instant motion, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. served a copy of this motion, the attached Memorandum of Points and Authorities and proposed Order upon plaintiff Carol A. Forti with a letter requesting that she withdraw the Amended Complaint filed in this action within twenty-one (21) days, as required by Fed. R. Civ. P. 11(c)(1)(A). A copy of said letter is attached as Exhibit C to the supporting Memorandum of Points and Authorities.

WHEREFORE, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. respectfully request that this Honorable Court grant the instant Motion; award attorney's

fees and costs in their favor; and impose a penalty on Forti as it deems appropriate to be paid to the Clerk of Court.

>Respectfully submitted,
>
>_____/s/_____
>Nathan I. Finkelstein, # 173682
>Laurie B. Horvitz, # 384702
>Robert J. Goldman, # 481642
>Emily D. Gooding, #496227
>Finkelstein & Horvitz, P.C.
>7315 Wisconsin Avenue, Suite 400 East
>Bethesda, Maryland 20814
>Telephone: (301) 951-8400
>Facsimile: (301) 951-8401

## **REQUEST FOR HEARING**

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. hereby request an oral hearing on this motion pursuant to LCvR 7(f).

>_____/s/_____
>Nathan I. Finkelstein

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613<br>* Judge: James Robertson<br>* Deck Type: Contract |
| W.C. & A.N. MILLER<br>DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS NATHAN I. FINKELSTEIN AND FINKELSTEIN & HORVITZ, P.C. FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants") hereby submit this memorandum of points and authorities in support of their motion for sanctions against plaintiff Carol A. Forti ("Forti") pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

**I.      Background**

All claims alleged by Plaintiff in this matter purportedly arose in or about the spring of 2002, almost four years prior to the filing of Plaintiff's Complaint and Amended Complaint in this Court.[1]  The facts and disputes underlying this case were previously adjudicated in <u>W.C. & A.N. Miller Development Co. v. Forti et al.</u>, District of Columbia Civil Case No. 02CA4745, and affirmed by <u>Forti v. W.C. & A.N. Miller Development Co. et al.</u>, District of Columbia Court of Appeals Case No. CA4745-02.  The instant and the

---

[1] The Finkelstein Defendants hereby incorporate all facts, exhibits and legal grounds for sanctions set forth in the previous Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 and supporting Memorandum of Points and Authorities, filed on or about June 5, 2006.

3

prior litigation arose from Forti's sale of a house located at 2936 Garfield Terrace, N.W., Washington, D.C. 20008 (hereinafter referred to as the "Property") to Alberto Chong and Luisa Zanforlin in or about May 2002.  Defendant Nathan I. Finkelstein was the settlement attorney for the sale and purchase of the Property (the "Settlement").  Prior to the Settlement, a dispute arose between Forti and W.C. & A.N. Miller Development Co. ("Miller") regarding the $28,500.00 commission owed to Miller.  To facilitate the Settlement, Forti, Alberto Chong, Luisa Zanforlin, Miller, and Nathan I. Finkelstein entered into an escrow agreement dated May 8, 2002 providing for the placement of the disputed funds in an escrow account ("Escrow Agreement").  Accordingly, the disputed $28,500.00 commission was placed in escrow with Defendant Nathan I. Finkelstein named as escrow agent.  Plaintiff was intimately involved with the Settlement of the Property, and had knowledge of all of the pertinent facts relating to the Settlement at or about the time of Settlement.

In or about June 2002, Miller brought suit against Forti to recover the $28,500.00 commission that Ms. Forti was contractually obligated to pay.  Forti then counterclaimed against Alberto Chong and Luisa Zanforlin making baseless allegations of a purported collusion to breach their contract with Forti by permitting the deduction of the owed commission from the seller's proceeds.  The case before the Superior Court of the District of Columbia was resolved by an Order entered by the Honorable Melvin P. Wright granting summary judgment in favor of plaintiff, Miller, and third-party defendants, Jane Humbert, Alberto Chong, and Luisa Zanforlin, on or about October 31, 2003 (hereinafter referred to as the "Superior Court's Order').  See Exhibit A.  The Superior Court's Order, which is incorporated herein by reference, provided a recitation

4

of the factual background of the case and concluded by ordering that the funds held in escrow be released to Miller.  Exhibit A.  Judge Wright also awarded attorney's fees and costs to Miller in the amount of $49,295.49 on or about June 10, 2004.  The District of Columbia Court of Appeals affirmed the Superior Court's ruling.  Exhibit B. Following the Court of Appeals' affirmance of Judge Wright's ruling, additional attorney's fees and costs were awarded to Miller in the amount of $28,005.24 relating to its defense of Forti's appeal.

On or about April 3, 2006, Forti filed her complaint in this action.  In response, defendants filed motions to dismiss Forti's complaint, which Forti opposed.  On or about May 25, 2006, this Honorable Court entered an Order to Show Cause providing, inter alia, that "[i]t is completely clear that this action should be, and that it will be, dismissed, either as res judicata or as precluded by the doctrine of collateral estoppel, depending on whether or not the defendants named in this suit were actually parties to Superior Court Case No. 02ca4745."  The Court further stated that "[t]he only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."  Id.  By such Order, Forti was required to show cause within 30 days of the date of the order why the complaint and oppositions she filed to defendants' motions "do not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."  Id.  Forti failed to timely file a response to the Court's Order to Show Cause, instead, on or about July 12, 2006, she filed her Amended Complaint and oppositions to the prior motions for sanctions.

In her Amended Complaint, Forti has added claims of malicious prosecution, abuse of process, and furthering and participating in a fraudulent conveyance, to her previous claims of civil fraud and conspiracy to commit civil fraud against defendants. See Amended Complaint ¶2. Forti also has amended her complaint to only assert claims against the attorneys involved with the Settlement or related litigation, rather than the represented parties.

As evidenced by the recitation of facts and issues set forth in the Superior Court's Order and the brief summary above, it is clear that the Complaint and Amended Complaint filed by Forti in this Court is a bad faith attempt to relitigate the same facts and issues which were fully adjudicated by the District of Columbia Courts in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02. Accordingly, sanctions should be imposed against Forti for her repeated attempts to maliciously harass and defame defendants through this lawsuit.

**II.     Argument**

    **A.     Fed. R. Civ. P. 11 Authorizes The Imposition of Sanctions Against Forti.**

The Amended Complaint filed by Forti in this action warrants the imposition of sanctions against her pursuant to Fed. R. Civ. P. 11. Rule 11 provides, in pertinent part:

> (b)     Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, -

6

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief. Id.

In determining whether to impose sanctions under Fed. R. Civ. P. 11, a court must apply an objective standard and determine whether, after reasonable inquiry, the allegations and other factual contentions in the document have evidentiary support. Lucas v. Spellings, 408 F.Supp.2d 8,10 (D.D.C. 2006). Sanctions are warranted under Fed. R. Civ. P. 11 when a party "reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case." Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (citations omitted). The Court may impose sanctions in such an instance when an action reiterating such arguments is filed in a different court. The John Akridge Co. v. The Travelers Companies, 944 F. Supp. 33 (D.D.C. 1996). Furthermore, "calculating indifference … to the prior rulings" of a court has been held to constitute "an intent to bring claims in bad faith." Reynolds, 357 F. Supp.2d 25 (further citations omitted). "When [the] preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or the bad faith in which it was brought may become especially apparent."

7

McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986) (citing McLaughlin v. Bradlee, 602 F.Supp. 1412, 1417 (D.D.C.1985) (further citations omitted)).

### B. The Amended Complaint Includes Dozens of Scandalous, Outrageous and Utterly Baseless Allegations.

Forti's Amended Complaint displays the same clear violations of Fed. R. Civ. P. 11 as the initial Complaint she filed in this action.[2] Forti's ever more egregious violations of Rule 11 resulting from the filing of her Amended Complaint include the following:

1. Forti advances a baseless and irrational claim that "Finkelstein played a key role in injuring Forti by drawing up a HUD Settlement sheet giving a commission to Miller although Miller was barred from receiving a commission by D.C. Code and D.C. case law." Amended Complaint ¶5. See also Amended Complaint ¶¶ 14, 23, 32, 34, 36, 39. Forti makes this claim despite the fact that the Superior Court's Order, which was upheld by the District of Columbia Court of Appeals, specifically held that Forti was contractually obligated to pay the $28,500 commission to W.C. & A.N. Miller Development Co., that Forti's arguments in which she denied the existence of the contract were "simply without merit," and that Forti's failure to pay the $28,500 "constituted a breach of contract." Superior Court's Order at p. 4.

2. Forti also claims that "the defendant attorneys took advantage of a mistake (known to both parties) when seller Forti wrote in $950,000 next to NEW SALES PRICE on the printed form of the Purchase Offer/Contract but did not cross out NEW SALES PRICE and write in NET PROCEEDS in its place." Amended Complaint ¶

---

[2] The numerous violations of Fed. R. Civ. P. 11 resulting from the filing of Forti's initial Complaint are set forth in Finkelstein Defendants' previous motion for sanctions against Forti in this case.

8

19. This claim was rejected previously by Judge Wright in the Superior Court Case. Accordingly, said claim is precluded by the principles of collateral estoppel. Forti's claim is also barred by the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

    3.    Forti claims that all defendants in this action are liable "for furthering and participating in civil fraud and conspiring to commit civil fraud." Amended Complaint ¶97. <u>See also</u> Amended Complaint ¶¶ 2, 27. In the Superior Court action, Judge Wright found that there was no wrongful collusion by Chong, Zanforlin, or their agents and that Miller was entitled to the disputed 3% commission which had been placed in escrow. The actions of the Finkelstein Defendants were consistent with the Superior Court's Order, which was later affirmed by the D.C. Court of Appeals. Further, Forti's claim of conspiracy to commit fraud and "furthering and participating in a fraudulent conveyance" is barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

    4.    Forti asserts a claim against the Finkelstein Defendants for malicious prosecution and abuse of process, despite the fact that such Defendants were not parties, or even attorneys representing a party, involved in the litigation in the District of Columbia Superior Court or Court of Appeals. Amended Complaint ¶¶ 2, 43, 96. The fact that the plaintiff did not prevail in the Superior Court Case further precludes her from asserting a claim of malicious prosecution or abuse of process against the Finkelstein Defendants. Forti's malicious prosecution claim is also barred by the one-year statute of limitations set forth in D.C. Code §12-301(4).

5. Forti also baselessly asserts that "Judge Wright's conclusion that Forti's ad was an offer for a unilateral contract that was satisfied by Humbert's procurement of buyers is not only wrong on the law but also applied only to Miller, Humbert, Chong, and Zanforlin. Judge Wright's conclusion has no bearing on Forti's causes of action against the defendant attorneys." Amended Complaint ¶17. See Amended Complaint ¶¶ 21, 22. Forti's further claim that "her causes of action are not barred by the principle of collateral estoppel." Amended Complaint ¶ 35. See also Amended Complaint ¶ 22 ("Judge Wright's Order has no relevance to Forti's causes of action against the defendant attorneys."). Forti's failure to recognize the application of the principles of collateral estoppel and issue preclusion, and repeated attempts to circumvent final rulings of the District of Columbia Superior Court and Court of Appeals, violate all applicable legal principles, and are malicious attempts to harass defendants.

6. Forti advances an utterly baseless allegation that "[a]pparently, Finkelstein was willing to defraud Forti for the opportunity to obtain further settlement business from Miller. It seems likely that Humbert offered Finkelstein further settlement business if he would draw up the HUD Settlement Sheet to provide Miller with a commission and followed through on that quid pro quo." Amended Complaint ¶34. See also Amended Complaint ¶74 ("[…] Finkelstein, and Finkelstein & Horvath P.C. litigated wantonly and maliciously against Forti for a period of nearly three years to defraud her of the amount in escrow."). Forti makes this claim in bad faith, and without a shred of evidentiary support. As indicated by the Superior Court's Order, Forti was clearly contractually obligated to pay the $28,500 commission to Miller. Nathan Finkelstein did not act with any intent to defraud Forti to obtain Miller's commission from Forti, nor

would he have any interest in doing so. He merely acted as a settlement attorney and then as escrow agent pursuant to the Escrow Agreement, and released the funds held in escrow to Miller <u>following</u> the District of Columbia Court of Appeals' affirmance of the Superior Court's Order.[3]

7. Forti makes an outrageous assertion that "[t]hese unethical attorneys were able to remove and did, in fact, illegally remove from the File Room in the Civil Action Branch of Superior Court Forti's most significant pleadings." Amended Complaint ¶41. Forti further claims that as a result of the "egregious and highly illegal conduct by the defendant attorneys," the trial judge and the Court of Appeals reached erroneous decisions. <u>Id.</u> <u>See also</u> Amended Complaint ¶42 ("The decisions in Superior Court and in the Court of Appeals were procured by fraud upon the court by George Masson, Jr., Richard Agulia, Jeffrey Hardie, and Nathan Finkelstein."). Despite making such serious allegations against defendants, Forti fails to provide a scintilla of evidence to support them. Clearly, Finkelstein Defendants did not illegally remove any pleadings from the Superior Court. Such claims by Forti are false and are intended only to be malicious and defamatory.

8. Forti also falsely alleges in her Amended Complaint that defendants, including Nathan Finkelstein, submitted perjured affidavits in the Superior Court Case. Amended Complaint ¶¶13, 37, 40, 45, 49. Forti asserts that "[t]here is no question that the affidavits by Chong, Zanforlin, Humbert, and the Finkelsteins were perjured,

---

[3] The Escrow Agreement contains standard hold harmless and indemnification language providing, <u>inter alia</u>, that "Escrow Agent shall be indemnified and held harmless by the Parties against any claim, costs, damages, adjustments, attorney's fees, expenses, obligations or charges made against Escrow Agent by reason of its failing to act in accordance with this Escrow Agreement, unless caused by Escrow Agent's gross negligence or willful misconduct which results in the breach of this Agreement." Escrow Agreement ¶2(d).

because Chong and Zanforlin, who had filed perjured affidavits with the trial court, subsequently admitted in another pleading that their prior affidavits were perjured.  The admission by Chong and Zanforlin confirmed that the affidavits prepared by Humbert and the Finkelsteins, which contained virtually identical statements, were also perjured." Amended Complaint ¶49.  See also Amended Complaint ¶¶13, 37, 40, 45.  In addition to lacking any basis in fact for such a serious and defamatory allegation, Forti's claim is also utterly devoid of logic.  In her Amended Complaint, Forti continues to falsely represent facts to this Court and maliciously assert baseless claims against defendants.[4]

9.      Forti's repeated citation of legal authority, which she believes should govern the interpretation of the contract to buy and sell the Property, is further evidence of her desire to relitigate the issues already properly adjudicated by the District of Columbia Superior Court and Court of Appeals.  Amended Complaint ¶¶54, 55, 56, 57, 58, 59, 62, 63, 65, 67.

10.     Forti makes repeated accusations of "ill will," "recklessness," "bad faith," "maliciousness" and "willful disregard of Forti's rights" by Nathan Finkelstein, among others, for which she claims punitive damages against Nathan Finkelstein and Finkelstein & Horvitz, P.C. in the amount of six million dollars ($6,000,000.00). Amended Complaint ¶¶44, 91, 96, 99. Each of these claims is utterly baseless.  Forti

---

[4] Such baseless and outrageous allegations are part and parcel of a pattern of behavior by Forti in this case and others.  For example, in Forti v. Ashcraft & Gerel, 864 A.2d 133 (D.C. 2004), the District of Columbia Court of Appeals affirmed the District of Columbia Superior Court's finding that Forti's "representations were egregiously off-base" and that "Plaintiff either has a surprisingly faulty recollection of the underlying proceedings or has been intentionally making misrepresentations" when Forti alleged that the "gross inefficiency, sloppiness [,] laziness [sic], and unprofessionalism of the Court Reporter's Office" was the cause of her missing pertinent deadlines in that case. Id. at 137.  Forti also filed a response in that case calling defense counsel "a congenital liar." Id. at 137.  The Court of Appeals affirmed an award of sanctions against Forti in said case. Id. at 134, 139.

makes such bald assertions and allegations despite the fact that all of the issues raised in her Amended Complaint were already litigated in <u>W.C. & A.N. Miller Development Co. v. Forti et al.</u>, District of Columbia Civil Case No. 02CA4745, wherein judgment was entered against Forti.  In addition to the fact that all of Forti's claims are barred by the principles of collateral estoppel, and the applicable statute of limitations, Forti's claims have been brought for an improper, harassing, and frivolous purpose and have no basis in fact or law.

### C. Forti Should Be Held Fully Accountable for Her Purposeful Misconduct.

Forti is a licensed attorney, and is thus charged with the knowledge that the rulings of the D.C. Superior Court and the Court of Appeals are controlling on the claims she baselessly asserts in her Amended Complaint.  Clearly, Forti acted in bad faith in bringing this action and with the intent solely to harass defendants.

Fed. R. Civ. P. 11(c)(2) provides that

> "the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation."  <u>Id.</u>

Clearly, Forti has not been sufficiently deterred by the Superior Court's Order, in the previous litigation of her claims, requiring her to pay attorneys' fees to Miller, Alberto Chong, and Luisa Zanforlin collectively totaling $144,929.04.  Therefore, in addition to an award of attorneys' fees to defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., this Court should order Forti to pay a penalty to the Court in an amount sufficient to deter Forti from filing any further frivolous papers in this or any other court.

13

**D. Sanctions should be imposed against Forti pursuant to 28 U.S.C. § 1927.**

In addition, or in the alternative, to imposing sanctions against Forti pursuant to Fed. R. Civ. P. 11, this Court should impose sanctions against Forti pursuant to 28 U.S.C. § 1927, which provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct. Id.

A court may award sanctions pursuant to 28 U.S.C. § 1927 against a plaintiff who is a lawyer, despite the fact that said plaintiff is acting *pro se*. Sassower v. Field, 973 F.2d 75, 80 (2d Cir. 1992); Lapin v. U.S., 118 F.R.D. 632 (1987 D. Hawai'i). To find that an attorney's actions are unreasonable and vexatious, the court must find evidence that the attorney acted with "recklessness, bad faith, or improper motive." LaPrade v. Kidder Peabody & Co., Inc., 330 U.S. App. D.C. 386, 146 F.3d 899, 905 (D.C. Cir. 1998) (citations omitted). Sanctions are "particularly appropriate" when the asserted claims are barred by the principles of *res judicata* and collateral estoppel. Lapin v. U.S., 118 F.R.D. 632, 638 (D. Hawai'i 1987) (citing Robinson v. National Cash Register, 808 F.2d 1119,1131 (5th Cir. 1987).

Clearly, as discussed supra, Forti has brought this action in bad faith with recklessness and improper motive. All of the issues raised by Forti in this case were previously adjudicated by the Superior Court of the District of Columbia in W.C. & A.N. Miller Development Co. v. Forti et al., Case No. 02CA4745, and affirmed by the District of Columbia Court of Appeals in Forti v. W.C. & A.N. Miller Development Co. et al., Case No. CA4745-02. Forti now seeks to circumvent the rulings of the District of

14

Columbia courts with regard to the matters at issue in this case by relitigating them in this Court. Additionally, Forti has unreasonably and vexatiously multiplied the proceedings in this case by continually filing pleadings with the Court that lack any basis in fact or law. Forti's actions clearly constitute an egregious abuse of the judicial process. Accordingly, sanctions should be imposed by this Court against Forti.

### III.  Conclusion

For the foregoing reasons, Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. respectfully request that this Honorable Court grant their motion for sanctions against plaintiff Carol A. Forti; award attorney's fees and costs in their favor; and impose a penalty on Forti as it deems appropriate to be paid to the Clerk of Court.

Respectfully submitted,

_____/s/_____
Nathan I. Finkelstein, # 173682
Laurie B. Horvitz, # 384702
Robert J. Goldman, # 481642
Emily D. Gooding, #496227
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

## **CERTIFICATE OF SERVICE**

I hereby certify that this 25th day of August, 2006, a copy of the foregoing Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. for Sanctions Against Carol A. Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, supporting Memorandum of Points and Authorities, and proposed Order were mailed with adequate postage prepaid to:

Carol A. Forti, Esq.
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Aguglia, Esq.
Hunton & Williams LLP
1900 K Street, N.W.
Washington, D.C. 20006

Patrick Kavanaugh, Esq.
George T. Masson, Jr., Esq.
Hamilton & Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532

_____/s/_____
Nathan I. Finkelstein