IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI,       ) | |
|       ) | |
|     **Plaintiff**      ) | |
|       ) | |
| v.      ) | Case No. 1:06CV00613 (JR) |
|       ) | |
| W.C. & A.N. MILLER      ) | |
| DEVELOPMENT COMPANY, et al.,      ) | |
|       ) | |
|     **Defendants**      ) | |

**MOTION OF GEORGE T. MASSON, JR., AND HAMILTON AND HAMILTON, LLP, FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927 FOR FILING OF AMENDED COMPLAINT**

COME NOW defendants and George T. Masson, Jr., and Hamilton and Hamilton, LLP, and hereby move the Court to impose sanctions against plaintiff Carol A. Forti pursuant to the authority granted to it in Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Prior to filing this motion, these defendants served a copy of this motion upon plaintiff Carol A. Forti along with a request that she withdraw her Amended Complaint filed herein, as required by Fed. R. Civ. P. 11(c)(1)(A), and advised her that she had 21 days within which to do so.

A copy of that letter is attached as Exhibit 14 to the accompanying memorandum of points and authorities filed in support of this motion.

Respectfully submitted,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

_____
George T. Masson, Jr.
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
(202) 463-8282

Attorneys for Defendants George T. Masson,
 Jr., and  Hamilton and Hamilton, LLP

## REQUEST FOR HEARING

Pursuant to LCvR 7(f), Defendants George T. Masson, Jr., and Hamilton and Hamilton, LLP, request an oral hearing on this motion.

_____
Patrick Kavanaugh


_____
George T. Masson, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion, memorandum of points and authorities, and proposed order were mailed, postage prepaid, this 28th day of August , 2006, to the following:

> Carol A. Forti, Esq.
> 14 West Chapman Street
> Alexandria, Virginia 22301

John Jay Range, Esq
Richard L. Aguglia, Esq.
Hunton & Williams LLP
1900 K Street, N.W., 12th Floor
Washington, D.C. 20006

  and

Nathan I. Finkelstein, Esq.
Laurie B. Horvitz, Esq.
Robert J. Goldman, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Ave., Suite 400 East
Bethesda, MD 20814

                _____
                George T. Masson, Jr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Case No. 1:06CV00613 (JR) |
| ) | |
| W.C. & A.N. MILLER ) | |
| DEVELOPMENT COMPANY, et al., ) | |
| ) | |
| **Defendants** ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF GEORGE T. MASSON, JR., AND HAMILTON AND HAMILTON, LLP, FOR SANCTIONS AGAINST CAROL A. FORTI PURSUANT TO FED. R. CIV. P. 11 AND 28 U.S.C. § 1927

Defendants George T. Masson, Jr. ("Masson") and Hamilton and Hamilton, LLP ("Hamilton"), submit this memorandum of points and authorities in support of their motion for sanctions against plaintiff Carol A. Forti ("Forti") pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

Separate and apart from the substantive deficiencies in her Amended Complaint,[1] Forti should be sanctioned for the malicious, irresponsible, and unsupported allegations she makes in that pleading against the settlement attorney and opposing counsel (as well as two law firms) who represented parties in Superior Court Civil Action No. 02ca0004745, the case which first dealt with issues now presented in this case. Forti alleges that opposing counsel were "unethical;" that they "illegally removed from the File Room in the Civil Action Branch of the Superior Court Forti's most significant pleadings;" that "only opposing counsel had a motive to steal Forti's pleadings;" that "theft of these pleadings by opposing counsel is the only reasonable

---

[1] The Amended Complaint bears Docket no. 28. Additional references to docketed filings will be in the form "Dkt. __."

explanation for their disappearance;" and specifically accuses those counsel of "theft of these pleadings." Amended Complaint, ¶ 41.

As was true when these allegations were made in the earlier litigation, Forti offers not one shred of evidence to support them. No attorney should go unsanctioned after making such serious and defamatory allegations in the absence of any supporting evidence.

I.  **Background to this case.**

As set forth in the earlier motion of defendants W.C. & A.N. Miller Development Company ("Miller"), June Humbert ("Humbert"), Hamilton, and Masson to dismiss the Complaint or, in the alternative, for summary judgment (Dkt. 10),[2] and a reply memorandum (Dkt. 17) of those defendants, and most recently in the motion of defendants Masson and Hamilton to dismiss or, in the alternative, for summary judgment (Dkt. 32), it is clear that all claims alleged by Forti in this action arose in April or May 2002 out of a contract which she signed relating to the sale of her house located on Garfield Terrace, N.W., in the District of Columbia. Forti, a 1987 graduate of Georgetown University Law School and a lawyer licensed

---

[2] Defendants Alberto Chong, Luisa Zanforlin (collectively the "Buyers"), Richard Aguglia, and Jeffrey Hardie also moved on April 25, 2006, to dismiss plaintiff's complaint, or in the alternative, for summary judgment (Dkt. 12). Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., filed a similar motion on April 28, 2006 (Dkt. 15).

In addition, on May 25, 2006, the Court issued an Order to Show Cause (Dkt. 26), which stated the following:

> It is completely clear that this action should be, and that it will be, dismissed, either as res judicata or as precluded by the doctrine of collateral estoppel, depending on whether the defendants named in this suit were actually parties to Superior Court Case No. 02ca4745. The only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)2 and 11( b)(3) of the Federal Rules of Civil Procedure.

to practice law in the Commonwealth of Pennsylvania, caused an ad to be placed in *The Washington Post* wherein she listed her house for sale for $895,000 and offered to pay a real estate broker a commission of 3% if the broker introduced her to a buyer with whom Forti subsequently entered into a contract of sale. Exhibit 1, attached hereto.[3] The Buyers were shown the Forti house by June Humbert ("Humbert"), a W.C. & A.N. Miller Development Company ("Miller") real estate agent. Subsequently, they executed a contract to purchase the house for $950,000.[4] Because Forti and Miller could not agree on the day scheduled for settlement concerning the payment of a commission, they, along with the settlement attorney, defendant Nathan Finkelstein, subsequently executed an escrow agreement whereby the amount of the disputed commission was placed in escrow with Finkelstein until entitlement to the monies was determined.

In June 2002, Miller filed suit in the Superior Court of the District of Columbia, Civil Action No. 02ca0004745, and asserted its claim to the escrowed monies. Exhibit 2, attached hereto.

Not content with merely filing an answer and asserting by counterclaim her entitlement to

---

[3] Exhibits 1 through 13, attached hereto, are the same as exhibits bearing the same numbers which were filed with the motion to dismiss or, in the alternative, for summary judgment filed by these defendants on April 25, 2006 (Dkt. 10).

[4] Buyers submitted an offer of $915,000 along with an Escalator Clause Addendum, whereby they agreed to pay $5,000 more in net proceeds of sale than would be paid under any other offer made to Forti, subject to an upper limit of $975,000. If Forti received an offer higher than that of Buyers, she was entitled to complete the blank in the escalation clause calling for the "New Sales Price" so long as that figure was within the limits of the escalation clause. Forti showed Humbert a purported purchase offer in the amount of $945,000, and then completed in her own hand the blank in the escalation clause calling for the "New Sales Price" by writing "950,000." She then signed a modified sales contract with Buyers which recited the sale price of $950,000. See Forti's Exhibit D, attached to her Amended Complaint.

the escrowed funds in the Superior Court action, Forti filed a third-party complaint against Humbert and the Buyers. Forti alleged, *inter alia,* that Humbert "either persuaded or colluded with the settlement attorney to deduct a 3 percent broker's commission, $28,500, from the $950,000 owed to Seller . . . .," Exhibit 4 ¶ 8, attached hereto, and that Humbert "encouraged Buyers Chong/Zanforlin to refuse to escrow the disputed commission and proceed to settlement." *Id.* at ¶ 15. In her counterclaim filed against Miller, Forti alleged that Humbert "encouraged Buyers Chong and Zanforlin to refuse to also oppose escrowing the disputed commission and proceeding with settlement on June 29 [sic, should be April 29]." Exhibit 3 ¶ 8, attached hereto.

Throughout the litigation, Forti contended that she had no legal obligation to pay any commission and that the Buyers, Miller, Humbert and their attorneys were acting improperly and contrary to law. Forti even sought sanctions pursuant to Super. Ct. Civ. R. 11 against Hamilton and Masson in the amount of $200,000 each for filing what she contended was a baseless claim, as well as sanctions in the amount of $510,000 each against the Buyers' attorney, Richard L. Aguglia ("Aguglia") and his law firm, Hunton & Williams LLP, and an award of sanctions in the amount of $75,000 against an associate of Aguglia at Hunton & Williams LLP who had entered her appearance in the action. On March 19, 2003, Associate Judge Melvin R. Wright denied Forti's motion for sanctions, stating that "[t]his Court finds absolutely no basis in fact upon which the motion can be granted . . . ." Exhibit 5, attached hereto.

On October 31, 2003, Judge Wright granted summary judgment in favor of Miller on its claim of entitlement to the commission; in favor of Miller on the claims asserted against it by Forti; in favor of Humbert on Forti's claims; and in favor of Buyers on Forti's claims. Exhibit 6, attached hereto.

The purchase contract provided that in the case of any dispute between Forti and Buyers arising out of the contract, the prevailing party would be entitled to attorney's fees. Similarly, it provided that Miller would be entitled to attorneys fees if it became a party to any action arising out of the contract and was the prevailing party. See Forti's Exhibit D, attached to her Amended Complaint, "Regional Sales Contract," ¶ 23. Thus, on June 10, 2004, Judge Wright awarded attorney's fees and costs to Miller in the amount of $49,295.49. See Exhibit 7,[5] attached hereto.

Unwilling to accept Judge Wright's decision granting summary judgment in favor of Miller, Humbert, and Buyers, Forti appealed to the District of Columbia Court of Appeals. That court summarily affirmed Judge Wright's decision on August 6, 2004. On September 21, 2004, it denied her motion to supplement the record on appeal. On October 6, 2004, it denied her motion to recall the mandate, stating that her claims "lack merit." Thereafter, it denied her petition for rehearing en banc. Finally, on March 15, 2005, the Court of Appeals denied her motion to void the judgment and her request for other relief.[6] See Exhibits 8, 9, 10, 11, and 12, respectively, attached hereto.

Pursuant to the terms of the purchase contract, on November 5, 2004, Judge Wright awarded additional attorney's fees and costs to Miller[7] in the amount of $28,005.24 related to its defense of Forti's appeal. See Exhibit 13, attached hereto.

On April 3, 2006, Forti filed her Complaint in this action (Dkt. 1). Because the claims in

---

[5] On the same date Judge Wright awarded attorney's fees and costs to Buyers. The clerk also awarded an additional $290.00 in costs to Miller.

[6] In that Order, the Court directed that its Clerk "shall not accept for filing any further pleadings, papers or motions in this appeal." See Exhibit 12.

[7] On the same date Judge Wright awarded additional fees and costs to Buyers.

5

Forti's Complaint and her oppositions to defendants' motions to dismiss or, in the alternative, for summary judgment (Dkt. 10, 12, 15) lack any merit, the Court issued an order on May 25, 2006 (Dkt. 18) directing that Forti show cause within 30 days why her filings do not violate Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure.[8]  Forti failed to timely file any document in response to the Order to Show Cause, and instead filed on July 12, 2006, her Amended Complaint and memoranda in opposition (Dkt. 29, 30, 31) to the motions for sanctions previously filed by all defendants.

This recitation of facts makes it clear that with the filing of her Amended Complaint herein, Forti is doing nothing more than once again attempting to revisit the same issues resolved by Judge Wright's entries of judgment in the Superior Court action and their affirmance by the District of Columbia Court of Appeals.  The only difference is that Forti is now attempting to do so by means of an improper action lacking any merit brought only against the attorney and law firm defendants.

**II.    Argument**

    A.    Forti's Amended Complaint warrants the imposition of sanctions under authority of Fed. R. Civ. P. 11.

Fed. R. Civ. P. 11(b) provides, *inter alia,* as follows:

> (b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading . . . , an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> > (1) it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation;

---

[8] See n. 2, *supra.*

      (2) the claims . . . and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

      (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

      (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Forti's Amended Complaint clearly reflects many of the same, multiple violations of Rules 11(a) and (b) as did her original Complaint and goes beyond the bounds of zealous advocacy reasonably expected of any attorney. As previously stated, many of the same deficiencies in Forti's allegations against Masson and Hamilton contained in her Amended Complaint are set forth in detail in the motion of Miller, Humbert, Hamilton, and Masson to dismiss or, in the alternative, for summary judgment as to the Complaint filed herein on April 25, 2006 (Dkt. 10), their reply memorandum filed on May 24, 2006 (Dkt. 17), and the motion of Masson and Hamilton to dismiss or, in the alternative for summary judgment as to the Amended Complaint (Dkt. 32). Those violations of Rule 11 include:[9]

1. Forti's claim that Judge Wright's order granting summary judgment in favor or Miller and Humbert "only applies to Miller, Humbert, Chong, and Zanforlin–not the defendant attorneys. Judge Wright's Order has no relevance to Forti's causes of action against the defendant attorneys," Amended Complaint, ¶ 22, and her claim that "her

---

[9] The listing herein of the ways in which Forti's Complaint violates Rule 11 only addresses those allegations asserted against defendants Masson and Hamilton. It does not address additional unfounded allegations in the Amended Complaint asserted against other remaining defendants.

causes of action are not barred by the principle of collateral estoppel," Amended Complaint, ¶ 35. Forti's failure to recognize the application of elemental principles of collateral estoppel and issue preclusion continues with the filing of her Amended Complaint. See the motion of Masson and Hamilton to dismiss or, in the alternative, for summary judgment as to the Amended Complaint (Dkt. 32), incorporated by reference herein.

2. Forti's claim asserted yet again that "Miller was barred by D.C. Code and D.C. case law from receiving a commission," *compare* Amended Complaint, ¶ 20 *and* Complaint, ¶ 1, and her continuing refusal to recognize that her offer to pay a 3% commission was an offer for a unilateral contract which was accepted by performance of the requested act, as well as her refusal to recognize that the D.C. Code has no application to such a contract. *See* Amended Complaint, ¶ 14. These assertions are made notwithstanding the fact that they were rejected by Judge Wright, who found that Forti was obligated by contract to pay a 3% commission to Miller, and whose orders and entries of judgment were affirmed upon appeal.

3. Forti's claim that "the defendant attorneys took advantage of a mistake (known to both parties) when seller Forti wrote in $950,000 next to NEW SALES PRICE on the printed form of the Purchase Offer/Contract but did not cross out NEW SALES PRICE and write in NET PROCEEDS in its place." Amended Complaint, ¶ 19. The same claim was made in the Complaint, ¶ 2, in which Forti asserted that the "defendants took advantage of a mistake." This is also claim made by her against Miller and Humbert in the Superior Court action which was rejected by Judge Wright. To the extent that Forti

8

makes such claims for the first time against defendants Hamilton and Masson, those claims are barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C. Code § 12-301(8) (1981).

4. Forti's claim that all defendants in this action are liable "for furthering and participating in civil fraud and conspiring to commit civil fraud." Amended Complaint, ¶¶ 2, 97. In the Superior Court action, Judge Wright found that there was no wrongful collusion by Miller, Humbert, and the Buyers and that Miller was entitled to the disputed 3% commission which had been placed in escrow. Case law supports the proposition that an attorney cannot conspire with his or its client when the attorney's conduct falls within the scope of his legal representation. *Fischer v. Estate of Flax, 816 A.2d (D.C. 2003);* and *Fraidin v. Weitzman, 93 Md. App. 63, 611 A.2d 1046 (1993).* Forti's allegations make it clear that all actions of the defendants were consistent with the entries of judgment by Judge Wright that were later affirmed by the D.C. Court of Appeals, thereby upholding Miller's entitlement to the amount of the disputed commission and attorney's fees and costs in the litigation. Separate and apart from that fact, Forti's claim of conspiracy to commit fraud and "furthering and participating in a fraudulent conveyance,"[10] Amended Complaint, ¶ 96, now asserted against defendants Hamilton and Masson, is barred by the principles of collateral estoppel and the three-year statute of limitations set forth in D.C.

---

[10] It is unclear what constitutes the "fraudulent conveyance" to which Forti refers. Presumably, she means the successful collection by Miller through its counsel of the attorney's fees and costs which were awarded by Judge Wright.

Code § 12-301(8) (1981).[11]

5.  Forti's improper reliance once again upon District of Columbia case law and statutes as a basis for this action, Amended Complaint, ¶ 20, even though those same contentions were rejected by Judge Wright in the Superior Court action and the entries of judgment by Judge Wright were affirmed on appeal. The assertion yet again of such a claim violates the principles of collateral estoppel.

6.  Forti's assertion once again that defendants Masson, Aguglia, and Hardie "compounded their malice" by filing for and obtaining awards of attorneys fees in the Superior Court action,[12] *compare* Complaint, ¶ 14, *and* Amended Complaint, ¶ 80, and "further compounded their malice against Forti" by placing a lien on the property she owned in Arnold, Maryland,[13] and initiating the process for a sheriff's sale. *Compare* Complaint, ¶ 15, *and* Amended Complaint, ¶ 84. These contentions are made notwithstanding the fact that Miller, Chong and Zanforlin had outstanding judgments for recovery of attorney's fees and costs that Forti had refused to pay.

7.  Forti again alleges that defendants Masson and Hamilton "all acted with evil

---

[11] Any claim that one or more of the parties to the litigation in the Superior Court committed fraud in the conduct of that litigation or committed fraud on the Court in that case should have been made by motion filed within one year in that case pursuant to S. Ct. Civ. R. 60(b) and cannot be alleged in what amounts to a collateral attack in this Court on those judgments.

[12] Miller and the buyers (Chong and Zanforlin), through their counsel, sought and obtained attorney's fees and costs.

[13] Miller and the buyers (Chong and Zanforlin), through their counsel, filed liens against the property in conjunction with their attempts to collect their judgments for attorney's fees and costs against Forti.

motive, actual malice, and with outrageous conduct in willful disregard of Forti's rights,"
*compare* Amended Complaint, ¶ 9, *and* Complaint, ¶ 16, for which she seeks a
$6,000,000 award of punitive damages from each defendant,[14] notwithstanding the fact
that the suit initiated by these defendants against Forti on behalf of Miller resulted in a
judgment on the merits in favor of Miller; that judgment was entered in favor of Miller
and Humbert against Forti in the same action on the claims she asserted against them; that
Miller was awarded attorney's fees and costs against Forti; and that the reassertion of her
rejected claims in this action against defendants Masson and Hamilton is barred by
principles of collateral estoppel and the applicable three-year statute of limitations set
forth in D.C. Code § 12-301(8) (1981).

8.  Forti purports to assert a claim against defendants Masson and Hamilton for
malicious prosecution, Amended Complaint, ¶¶ 2, 96, even though two essential
elements of such a claim are (1) termination of the underlying suit in the plaintiff's favor
and (2) a lack of probable cause for the underlying suit. *Brown v. Carr, 503 A.2d 1241,
1244 (D.C. 1986).*[15] "The requirement of favorable termination has long been recognized
as an element in claim of malicious prosecution in this jurisdiction." *Id. (*citing *Shulman
v. Miskell, 200 U.S. App. D.C. 1, 3, 626 F.2d 173, 175 (1980)*).

9.  Forti also purports to assert a claim against defendants Masson and Hamilton for
abuse of process, Amended Complaint, ¶¶ 2, 96, even though "[t]he essence of the tort of

---

[14] In her Complaint Forti sought a mere $4,000,000 in punitive damages from Masson and Hamilton.

[15] A plaintiff must also prove malice on the part of a defendant and a special injury occasioned by the plaintiff as the result of the original action. *Id.*

11

abuse of process is the use of the legal system 'to accomplish some end which is without the regular purview of the process, or which compels the party against whom it is used to do some collateral thing which he could not legally and regularly be required to do.'" *Scott v. District of Columbia, 322 U.S. App. D.C. 75, 101 F.3d 748, 755 (1996)*(citing *Bown v. Hamilton, 601 A.2d 1074, 1079 (D.C. 1992)*). Such a claim requires a "perversion of court processes to accomplish some end which the process was not intended by law to achieve . . . ." *Williams v. City Stores Company, 192 A.2d 534 (D.C. 1963)*. The fact that plaintiff was found liable for payment of a commission to Miller and that she had no basis for claims she asserted against Miller and Humbert precludes her from asserting a claim of abuse of process.

    B.    <u>Severe sanctions are warranted against defendant Forti for the filing of the Amended Complaint.</u>

This Court, in considering whether to impose Rule 11 sanctions, is to apply an objective standard: namely "whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." *Taylor v. Blakey, 2006 U.S. Dist. LEXIS 6859 *17 (D.D.C. 2006); Lucas v. Spellings, 408 F. Supp. 2d 8, 10 (D.D.C. 2006); Washington Bankcorp. v. Said, 812 F. Supp. 1256, 1275 (D.D.C. 1993)*.

When a party "reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case, sanctions are warranted under Rule 11." *Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d 19, 24 (D.D.C. 2004)*(citations omitted). Those sanctions may be imposed even when the second action asserting claims is filed in a different

12

court. *See The John Akridge Company v. The Travelers Companies*, 944 F. Supp. 33 (D.D.C. 1996).

A "calculating indifference . . . to the prior rulings . . . constitutes an intent to bring claims in bad faith." *Reynolds v. The U.S. Capitol Police Board, supra*, 357 F. Supp.2d at 25. "When the preclusion doctrine clearly forecloses consideration of the merits, the groundlessness of the litigation or bad faith in which it was brought may become especially apparent." *McLaughlin v. Bradlee*, 256 U.S. App. D.C. 119, 803 F. 2d 1197, 1205 (1986)(quoted in *Reynolds v. The U.S. Capitol Police Board, supra*, 357 F. Supp. 2d at 25)

As a licensed attorney, Forti is charged with knowledge that the rulings of the Superior Court and the D.C. Court of Appeals are controlling on her claims asserted in this action. The bringing of this action in total disregard of controlling law constitutes evidence of her bad faith intention in bringing this action. This is particularly true after she voluntarily paid the attorney's fees awarded to Miller and the Buyers, thereby avoiding the sale at a sheriff's auction of real estate owned by her in Anne Arundel County, Maryland. The institution of this baseless action is nothing more than an another attempt at harassment of these defendants. *See Marina Mgmt. Services, Inc. v. Vessel My Girls*, 340 U.S. App. D.C. 92, 202 F. 3d 315,325 (2000).

In *Rafferty v. Nynex Corp.*, 314 U.S. App. D.C. 1, 60 F. 3d 844, 852 (D.C. Cir. 1995), the Court stated that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, 'Rule 11 *requires* that sanctions of some sort be imposed. A refusal to invoke Rule 11 constitutes error.'" (citing *Westmoreland v. CBS, Inc.*, 248 U.S. App. D.C. 255, 770 F. 2d 1168, 1174-75 (1985)) (emphasis in the original).

A sanction imposed as the result of a finding of a Rule 11 violation must be based on the costs actually incurred as a result of the violation. *Lucas v. Spellings, supra, 408 F. Supp. 2d at 26.* Defendant Miller has previously requested (Dkt. 19) that the Court award it fees and costs related to its defense against the allegations asserted against it by Forti in the Complaint pursuant to the terms of the Regional Sales Contract executed by the Buyers and Forti. See Exhibit D, Regional Sales Contract, ¶ 23, attached to the Amended Complaint. As an alternative, defendant Miller requested that it be awarded those fees and costs as part of a Rule 11 sanction to be imposed by the Court against Forti. Defendants Masson and Hamilton now request that the Court award them fees and costs as part of a Rule 11 sanction against Forti related to their defense against the claims asserted by Forti in the Amended Complaint.

In addition, however, the Court has authority to order a party to pay a penalty to the Court, *Reynolds v. The U.S. Capitol Police Board, 357 F. Supp. 2d at 26,* as any appropriate sanction "must also be sufficient to deter others from engaging in similar behavior." *Lucas v. Spellings, supra, 408 F. Supp. 2d at 26* (the court ordered plaintiff to pay $1,000 to the Clerk of the Court); *In re Banks, 1993 WL 184007,* at *1 (D.C. Cir., May 20, 1993) (ordering a $5,000 penalty to be paid to the Clerk).

In this case, plaintiff was put on clear and unmistakable notice by the Court's May 25, 2006, Order to Show Cause, of the deficiencies in the claims made by her in the Complaint.. Her response, as has been true throughout her litigation with parties to this action, is to ignore the Court and proceed in whatever manner which she chooses. In the Amended Complaint, Forti has merely restated in more verbose fashion - totaling 99 paragraphs and 32 pages - the same baseless claims made in her original Complaint. It is apparent that only the strongest of sanctions

14

will deter her from continuing the course of harassment which she has pursued since Miller's claim of entitlement to its commission was first asserted in 2002.

Finally, these defendants submit, given the course of conduct exhibited by Forti throughout all this litigation, that an additional appropriate sanction is referral of Forti to the bar of the Commonwealth of Pennsylvania for a determination as to whether her conduct warrants disciplinary sanctions. *See, e.g., Lucas v. Spellings, supra, 408 F. Supp. at 27.* This is particularly true in light of Forti's unsupported charges of unlawful conduct and theft which she has levied against opposing counsel.

C. <u>Forti's Complaint warrants the imposition of sanctions under authority of 28 U.S.C. § 1927.</u>

An alternative basis for the Court to impose sanctions against Forti derives from 28 U.S.C. § 1927, which provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

In order to find that an offending attorney's multiplication of the proceedings was both unreasonable and vexatious, the Court must find "evidence of recklessness, bad faith, or improper motive" on his or her part. *LaPrade v. Kidder Peabody & Co., Inc., 330 U.S. App. D.C. 386, 146 F. 3d 899, 905 (1998)*(citing *FDIC v. Conner, 20 F. 3d 1376, 1384 (5th Cir. 1994); Reynolds v. The U.S. Capitol Board, supra, 357 F. Supp. 2d at 26* (sanctions imposed in case where attorneys repeatedly asserted claims on which summary judgment had been granted; which were time-barred, and where no factual basis existed for resubmitting the claims). As in

15

*Reynolds,* the conduct of plaintiff in bringing this case is equally as violative of 28 U.S.C. § 1927 as it is of Rule 11.

Similarly, in *LaPrade v. Kidder Peabody & Co., Inc., supra, 146 F.3d at 899,* lawyers representing a former employee brought an action on behalf of their client against her former employer.  The district court stayed the action because the dispute was subject to an arbitration agreement.  Shortly before the arbitration was to begin, the employee's lawyers obtained an order from a New York state court staying the arbitration.  On the motion of the employer, the district court lifted the stay imposed by the New York court and imposed sanctions on the employee's lawyers under authority of 28 U.S.C. § 1927 for "vexatious and dilatory" actions and a finding that the lawyers acted in bad faith.

The requirements of 28 U.S.C. § 1927 apply to an attorney who is proceeding *pro se* as well as to an attorney who represents a party.  *Wallace v. Skadden, Arps, Slate, Meagher, & Flom, LLP, 360 U.S. App. D.C. 368, 362 F. 3d 810 (2004).*

The conduct of Forti in bringing this suit and in filing her Amend Complaint after being placed on notice by the Court of the deficiencies in her claims is at least as egregious as that which was sanctioned in *Reynolds* and *LaPrade* and warrants the imposition of the severest sanctions by the Court.

## Conclusion

For the foregoing reasons, defendants George T. Masson, Jr.,  and Hamilton and Hamilton, LLP, respectfully request that their motion for sanctions against plaintiff Forti be granted and that the Court award attorney's fees and costs in their favor;  that the Court impose a substantial  penalty on plaintiff Carol A. Forti in the amount which it deems appropriate, with

payment thereof to be made to the Clerk of the Court; and that the Court refer defendant Forti to the bar of the Commonwealth of Pennsylvania for an investigation and determination by that body as to whether her conduct warrants the imposition of sanctions.

Respectfully submitted,

_____
Patrick Kavanaugh
D.C. Bar No. 192963
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532


_____
George T. Masson, Jr.,
D.C. Bar No. 51953
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3235

Attorneys for Defendants George T. Masson,
  Jr. and Hamilton and Hamilton, LLP