SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Carol A. Forti
    Defendant/Counterclaimant,

v.

W.C. & A.N. Miller Development Company
    Defendant,

June Humbert,
    Defendant,

Alberto Chong
    Defendant,

Luisa Zanforlin
    Defendant,

RECEIVED
Civil Clerk's Office
JUL 1 5 2002
Superior Court of the
District of Columbia
Washington, D.C.

Case No. 02ca0004745
Calendar 13, Judge Abrecht

## COUNTERCLAIM

1. Defendant sues W.C.& A.N. Miller, its agent June Humbert, and the Buyers of 2936 Garfield Terrace, N.W.: Alberto Chong and Luisa Zanforlin (hereinafter referred to as "Chong and Zanforlin") for breach of contract and damages.

2. W.C. & A.N. Miller, its agent, June Humbert, and Buyers Chong and Zanforlin included an Escalator Clause Addendum in their contract offer to Seller in order to be selected as the highest bidder in the sale of 2936 Garfield Terrace N.W. and then reneged on the terms of the Escalator Clause Addendum, thereby causing substantial damages to Seller. As a result of this breach by Buyers with active encouragement and facilitation by Buyers' Broker, Humbert, Seller received $28,500 less in net proceeds than she would have received in net proceeds from the next highest bona fide offer. In addition, as a direct result of the breach, Seller has incurred substantial costs in attorneys' fees, costs



associated with the delay in proceeding to settlement, interest charges, and court costs.

3. Since this contact contains conflicting provisions, it is ambiguous and, therefore, subject to judicial interpretation. The only interpretation that is consistent with all the principles of contract law and binding precedent, including several Supreme Court decisions, is that Seller owes W.C. & A.N. Miller no commission.

4. Buyers Chong and Zanforlin are bound by the Escalator Clause Addendum, which operates automatically and which Buyers and Seller agreed takes precedence over any conflicting provisions of the Contract. Under terms of the Escalator Clause Addendum, Buyers agreed to pay Seller next proceeds of $5,000 above the net proceeds of the next highest offer. Since the next highest offer was $945,000 and it was between principals, i.e., no real estate agent was involved, Buyers Chong and Zanforlin are contractually obligated to pay Seller $950,000 in net proceeds for her home.

5. Buyers are not dupes of June Humbert. Both Alberto Chong and Luisa Zanforlin are highly educated professionals with PhD's in economics. They work for the InterAmerican Development Bank and the International Monetary Fund, respectively.

6. It is clear from the terms of the Escalator Clause Addendum that Chong and Zanforlin firmly believed that 2936 Garfield Terrace was worth $975,000, because they stated explicitly in the Escalator Clause Addendum that they were willing to pay $975,000 to acquire it.

7. However, when they saw a possible opportunity to avoid their contract obligations and deny Seller the net proceeds that had caused Seller to select this contract over the next highest offer, they opted to cheat the Seller out of net proceeds that are rightfully hers.

8. It was June Humbert who, adamantly and illegally, refused to escrow the disputed amount of the commission and thus prevented settlement from proceeding on June 29, 2002. Moreover, she verbally encouraged Buyers Chong and Zanforlin to also oppose escrowing the disputed commission and proceeding with settlement on June 29. Although Chong and Zanforlin clearly have the intelligence to act independently of June Humbert, they chose to follow Humbert's lead, and they also told the settlement attorney that they opposed escrowing the disputed commission. The combined action of Humbert and Buyers prevented settlement on 2936 Garfield Terrace from being concluded on June 29, 2002. Buyers Chong and Zanforlin thus owe Seller the disputed amount of the escrowed commission,, all costs to Seller associated with the delay in going to settlement, atorneys' fees, interest, and court costs. W.C. & A.N. Miller and agent Humbert are liable, together with Buyers Chong and Zanforlin for all foreoing costs incurred by Seller caused by the delay in completing settlement on 2936 Garfield Terrace N.W. on June 29, 2002.

9. Defendant Forti counterclaims against W.C. and A.N. Miller, its agent, June Humbert, Alberto Chong, and Luisa Zanforlin for the amount of the escrowed commission, for all costs to Seller directly caused by the delay in going to settlement, and for all costs directly caused by the breach of contract in failing to pay Seller the full amount due her under the contract. In addition to the funds escrowed for the disputed commission, other monies due Seller by the Defendants include the additional amount in her mortgage payoff on 2936 Garfield Terrace, N.W., additional property taxes, attorneys' fees for legal consultation and drafting an Escrow Agreement, interest that Forti paid to the Seller

- 3 -

of 14 West Chapman Street for delayed receipt of his sales price, interest on all of these amounts, and court costs.

Defendant/Counterclaimant Forti asks this court to award her money damages for all the costs specified above that she has incurred as a direct result of this egregious, highly opportunistic breach of contract

Respectfully submitted,

*/s/ Carol A. Forti*

Carol A. Forti
Defendant/Counterclaimant pro se
14 West Chapman Street
Alexandria, Virginia 22301
(703/535-5449)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I served George T. Masson, Jr., counsel for W.C. & A.N. Miller and its agent, June Humbert, and I served Richard Aguglia, counsel for Alberto Chong and Luisa Zanforlin, with a copy of Defendant's Counterclaim to the Complaint on July 15, 2002 by first class mail, postage prepaid.

_____
Carol A. Forti