UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| | * Deck Type: Contract |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS, NATHAN I. FINKELSTEIN, FINKELSTEIN & HORVITZ, P.C., GEORGE MASSON, JR., HAMILTON AND HAMILTON, LLP, RICHARD AGUGLIA, AND JEFFREY HARDIE, IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO MOTION FOR SANCTIONS**

Defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants"), George Masson, Jr. and Hamilton and Hamilton, LLP ("Hamilton Defendants"), and Richard Aguglia and Jeffrey Hardie ("Hunton Defendants") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby submit this memorandum of points and authorities in opposition to the Motion for Enlargement of Time to Respond to Motion for Sanctions filed by plaintiff, Carol A. Forti ("Forti"). Defendants file this memorandum pursuant to LCvR 7(b).

### I.   Procedural Background

On or about April 3, 2006, Forti brought the instant action against Defendants alleging civil fraud and conspiracy to commit civil fraud. In response to her Complaint, Defendants filed motions to dismiss the Complaint or, in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Complaint"). On or about May 25, 2006, this Honorable Court entered an Order to Show Cause stating, in part, that

"[i]t is completely clear that this action should be, and that it will be, dismissed …The only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure." The Order then provided that Forti was to show cause within 30 days of the date of the order "why the complaint she has filed in this case – and the opposition she has filed to defendants' motions – do not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."

Forti subsequently filed motions for summary judgment against Defendants on or about May 30, 2006. This Honorable Court then entered a Notice to Parties and Counsel which provided in part that "[d]efendants are under no obligation to respond to plaintiff's motions for summary judgment before a decision is rendered on their motions to dismiss and the order to show cause is discharged."[1]

Hamilton Defendants, Hunton Defendants, and Finkelstein Defendants filed motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 on or about May 30, June 2, 2006 and June 5, 2006, respectively.[2] Forti filed oppositions to said motions for sanctions on or about July 12, 2006. On July 12, 2006, Forti also filed an Amended Complaint purportedly asserting claims of civil fraud, civil conspiracy, furthering and participating in a fraudulent conveyance, malicious

---

[1] The Court also stated that "it appears (a) that none of them contains a 'statement of material facts as to which the moving party contends there is no genuine issue' required by LCvR 56.1, i.e., a statement that "include[s] references to the parts of the record relied on to support the statement" – plaintiff's ipse dixit affidavits […] do not satisfy the Rule – and (b) that none of them is responsive to the Court's sua sponte order of May 25, 2006 […] directing the plaintiff to show cause why sanctions should not be imposed upon her pursuant to F.R.Civ.P. 11(b)." Id.
[2] The Court has not yet ruled on said motions.

2

prosecution, and abuse of process.[3]  In response to Forti's Amended Complaint, Defendants filed motions to dismiss the Amended Complaint, or in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Amended Complaint").  On July 31, 2006, Forti filed an Amended Motion for Summary Judgment.  Defendants moved the Court for an enlargement of time to respond to Forti's Amended Motion for Summary Judgment until ten days after the Court's ruling on Defendants' Motions to Dismiss Complaint and Motions to Dismiss Amended Complaint.  On August 11, 2006, this Honorable Court granted the enlargement of time requested by Defendants.

Finkelstein Defendants, Hamilton Defendants, and Hunton Defendants filed motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 on August 25, 2006, August 28, 2006, and August 29, 2006, respectively.  On September 7, 2006, Forti filed her Motion for Enlargement of Time to Respond to Motion for Sanctions ("Forti's Motion") seeking an unspecified extension of time "because of conflicting legal obligations."  Defendants file the instant memorandum in opposition to Forti's Motion.

---

[3] Forti's Amended Complaint only sues the attorneys involved with the real estate settlement at issue in this case or related litigation, rather than the represented parties, who were previously named as defendants in Forti's original Complaint in this action.

3

## II.   This Court Should Deny Forti's Motion.

### A.   Forti Had Sufficient Time to Prepare a Response to Defendants' Motions for Sanctions

Each of Defendants' motions for sanctions was served on Forti at least twenty-one (21) days before it was filed with the Court pursuant to Fed. R. Civ. P. 11 (c)(1)(A).[4] Accordingly, Forti had at least twenty-one (21) days in addition to the eleven (11) days provided under LCvR 7(b) and the three (3) days provided under Fed. R. Civ. P. 6(e) to prepare a response to Defendants' motions. Surely, thirty-five (35) days is an adequate amount of time to prepare a response to each of Defendants' motions.

Additionally, this is the second time that each of the Defendants has filed a motion for sanctions against Forti in this case.[5] Forti filed oppositions to each of Defendants' previous motions for sanctions in this case. Presumably, after preparing said oppositions, which each totaled at least thirty (30) pages in length, Forti would be well prepared to file a response to Defendants' most recent motions for sanctions. Clearly, Forti has had more than sufficient time to prepare a response to Defendants' motions for sanctions and has failed to do so. Accordingly, her motion for extension of time to respond to Defendants' motions for sanctions should be denied.

---

[4] Specifically, Hamilton Defendants, Finkelstein Defendants, and Hunton Defendants served their motions for sanctions on Forti pursuant to said Rule on or about July 26, 2006, August 1, 2006, and August 2, 2006, respectively.

[5] Hamilton Defendants filed their first motion for sanctions against Forti in this case on May 30, 2006, having served it pursuant to Fed. R. Civ. P. 11 (c)(1)(A) on or about May 2, 2006. Hunton Defendants filed their first motion for sanctions against Forti in this case on June 2, 2006, having served it on Forti pursuant to Fed. R. Civ. P. 11(c)(1)(A) on or about May 8, 2006. Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., filed their first motion for sanctions against Forti in this case on June 5, 2006, and served said motion on Forti on or about May 12, 2006.

### B. Forti's Motion Fails to Show Cause Why an Enlargement of Time to Respond to Defendants' Motions for Sanctions Should Be Granted.

Forti's Motion fails to state with any particularity why the Court should grant Forti additional time to respond to Defendants' motions for sanctions. Rather, Forti merely states that she requires an enlargement of time "because of conflicting legal obligations." See Forti's Motion. Fed. R. Civ. P. 6(b) provides the Court with discretion to enlarge the period for responding to a motion upon the request of a party only "for cause shown." Id. It is clearly the moving party's obligation to show cause why an extension of time is appropriate. Surely, Forti's vague claim that she has some "conflicting legal obligations" does not meet such an obligation, nor does it warrant the Court granting her an extension of time.[6] Accordingly, Forti's Motion should be denied.

### C. Forti's Motion Does Not Comply With LCvR 7(a).

Forti failed to include a statement of points and authorities in support of her motion as required by LCvR 7(a). Rule 7(a) provides, in pertinent part, that "each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." Id. Clearly, Forti's Motion is deficient as a result of her failure to include a statement of points and authorities in support of her motion. Accordingly, Forti's Motion should be denied.

---

[6] Forti is a pro se plaintiff in this case. Therefore, it is unclear what, if any, significance Forti's "conflicting legal obligations" may have to her request for an enlargement of time to respond to Defendants' motions for sanctions.

### D. Forti's Motion Fails to Request a Specific Period for Enlargement.

Neither Forti's Motion nor the accompanying proposed Order sets forth a proposed extended deadline for Forti to file a response to Defendants' motions for sanctions.[7] Surely, granting Forti an unrestricted period of time to respond to Defendants' motions for sanctions, as requested by Forti, would be inappropriate. Further, given the ample time Forti has had to prepare and file a response to Defendants' most recent motions for sanctions, any extension of time granted to Forti would be inappropriate. Therefore, Forti's Motion should be denied.

### III. Conclusion

For all the foregoing reasons, Defendants respectfully request that this Honorable Court deny Forti's Motion for Enlargement of Time to Respond to Motion for Sanctions.

        Respectfully submitted,

        NATHAN I. FINKELSTEIN
        FINKELSTEIN & HORVITZ, P.C.

By: _____/s/_____
    Nathan I. Finkelstein, D.C. Bar # 173682
    Laurie B. Horvitz, D.C. Bar # 384702
    Robert J. Goldman, D.C. Bar # 481642
    Emily D. Gooding, D.C. Bar #496227
    FINKELSTEIN & HORVITZ, P.C.
    7315 Wisconsin Avenue, Suite 400 East
    Bethesda, Maryland 20814
    Telephone: (301) 951-8400

---

[7] Further, Forti's motion only requests an enlargement of time to respond to "the motions for sanctions by George Masson Jr., Richard Aguglia, and Nathan Finkelstein." She does not seek an enlargement of time to respond to motions for sanctions filed on behalf of Finkelstein & Horvitz, P.C., Hamilton and Hamilton LLP or Jeffrey Hardie. Accordingly, the motions for sanctions filed on behalf of said Defendants should be considered unopposed as the time permitted to respond to said motions under LCvR 7(b) has expired.

        RICHARD AGUGLIA
        JEFFREY HARDIE

By:    _____/s/_____
        John Jay Range, D.C. Bar # 376028
        HUNTON & WILLIAMS, LLP
        1900 K Street, N.W., Suite 1200
        Washington, D.C. 20006
        Telephone: (202) 955-1500

        HAMILTON AND HAMILTON, LLP

By:    _____/s/_____
        Patrick Kavanaugh, D.C. Bar # 192963
        HAMILTON AND HAMILTON, LLP
        1900 M Street, N.W., Suite 410
        Washington, D.C. 20036-3532
        Telephone: (202) 463-8282

        _____/s/_____
        George T. Masson, Jr., D.C. Bar # 51953
        HAMILTON AND HAMILTON, LLP
        1900 M Street, N.W., Suite 410
        Washington, D.C. 20036-3532
        Telephone: (202) 463-8282

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2006, the foregoing Joint Memorandum of Points and Authorities of Defendants, Nathan I. Finkelstein, Finkelstein & Horvitz, P.C., George Masson, Jr., Hamilton and Hamilton, LLP, Richard Aguglia, and Jeffrey Hardie, in Opposition to Plaintiff's Motion for Enlargement of Time to Respond to Motion for Sanctions, and proposed Order were mailed first-class with adequate postage prepaid to:

    Carol A. Forti, Esq.
    14 West Chapman Street
    Alexandria, Virginia 22301

    John Jay Range, Esq.
    Richard L. Arguglia, Esq.
    Jeffrey Hardie, Esq.
    Hunton & Williams, LLP
    1900 K Street, N.W., Suite 1200
    Washington, D.C. 20006

    George Masson, Jr., Esq.
    Patrick Kavanaugh, Esq.
    Hamilton and Hamilton, LLP
    1900 M Street, N.W., Suite 410
    Washington, D.C. 20036

                                              _____/s/_____
                                              Nathan I. Finkelstein