UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, * | |
| * | |
| Plaintiff, * | |
| * | Case No. 1:06CV00613 |
| v. * | Judge: James Robertson |
| * | Deck Type: Contract |
| W.C. & A.N. MILLER * | |
| DEVELOPMENT COMPANY, et al., * | |
| * | |
| Defendants. * | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS, NATHAN I. FINKELSTEIN, FINKELSTEIN & HORVITZ, P.C., GEORGE MASSON, JR., HAMILTON AND HAMILTON, LLP, RICHARD AGUGLIA, AND JEFFREY HARDIE, IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**

Defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants"), George Masson, Jr. and Hamilton and Hamilton, LLP ("Hamilton Defendants"), and Richard Aguglia and Jeffrey Hardie ("Hunton Defendants") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby submit this memorandum of points and authorities in opposition to the Motion for Leave of Court to File Second Amended Complaint filed by plaintiff, Carol A. Forti ("Forti"). Defendants file this memorandum pursuant to LCvR 7(b).

I.   **Procedural Background.**

On or about April 3, 2006, Forti brought the instant action against Defendants alleging civil fraud and conspiracy to commit civil fraud.  In response to her Complaint, Defendants filed motions to dismiss the Complaint or, in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Complaint").  On or about May

25, 2006, this Honorable Court entered an Order to Show Cause stating, in part, that "[i]t is completely clear that this action should be, and that it will be, dismissed …The only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure." The Order required Forti to show cause within 30 days of the date of the order "why the complaint she has filed in this case – and the opposition she has filed to defendants' motions – do not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."

Forti subsequently filed motions for summary judgment against Defendants on or about May 30, 2006. In response to said filings, this Honorable Court entered a Notice to Parties and Counsel which provided in part that "[d]efendants are under no obligation to respond to plaintiff's motions for summary judgment before a decision is rendered on their motions to dismiss and the order to show cause is discharged."[1]

Hamilton Defendants, Hunton Defendants, and Finkelstein Defendants filed motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 on or about May 30, June 2, 2006 and June 5, 2006, respectively. Forti filed oppositions to said motions for sanctions on or about July 12, 2006. On July 12, 2006, Forti also filed an Amended Complaint purportedly asserting claims of civil fraud, civil conspiracy, furthering and participating in a fraudulent conveyance, malicious

---

[1] The Court also stated that "it appears (a) that none of them contains a 'statement of material facts as to which the moving party contends there is no genuine issue' required by LCvR 56.1, i.e., a statement that "include[s] references to the parts of the record relied on to support the statement" – plaintiff's ipse dixit affidavits […] do not satisfy the Rule – and (b) that none of them is responsive to the Court's sua sponte order of May 25, 2006 […] directing the plaintiff to show cause why sanctions should not be imposed upon her pursuant to F.R.Civ.P. 11(b)." Id.

2

prosecution, and abuse of process.[2]  In response to Forti's Amended Complaint, Defendants filed motions to dismiss the Amended Complaint, or in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Amended Complaint").[3]  On July 31, 2006, Forti filed an Amended Motion for Summary Judgment.  Defendants moved the Court for an enlargement of time to respond to Forti's Amended Motion for Summary Judgment until ten days after the Court's ruling on Defendants' Motions to Dismiss Complaint and Motions to Dismiss Amended Complaint.  On August 11, 2006, this Honorable Court granted the enlargement of time requested by Defendants.

Finkelstein Defendants, Hamilton Defendants, and Hunton Defendants filed second motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 on August 25, 2006, August 28, 2006, and August 29, 2006, respectively (collectively referred to as "Defendants' Second Motions for Sanctions").  On September 7, 2006, Forti filed her Motion for Enlargement of Time to Respond to Motion for Sanctions seeking an unspecified extension of time "because of conflicting legal obligations."  Defendants filed a joint memorandum in opposition to said motion on September 15, 2006.  Forti filed oppositions to Defendants' Second Motions for Sanctions on or about September 20, 2006 without a determination by the Court as to whether such a late filing would be permitted.

---

[2] Forti's Amended Complaint only sues the attorneys involved with the real estate settlement at issue in this case or related litigation, rather than the represented parties, who were previously named as defendants in Forti's original Complaint in this action.

[3] Defendants responded to Forti's Amended Complaint and file the instant opposing memorandum, as a result of clarification by Judge Robertson's law clerk that the Court's Notice to Parties and Counsel entered on May 30, 2006 does not apply to Forti's Amended Complaint, and that Defendants were thus required to respond to Forti's first Amended Complaint.

3

On September 20, 2006, Forti also filed a Motion for Leave of Court to File Second Amended Complaint ("Forti's Motion") seeking to file yet another complaint in this action. Forti's proposed Second Amended Complaint sets forth substantially the same baseless allegations made in her previous complaints. As Forti's filing of a Second Amended Complaint is clearly improper, particularly in light of the procedural background of this case, Defendants file this memorandum in opposition to Forti's Motion.

## II. This Court Should Deny Forti's Motion.

### A. Justice Does Not Require Forti's Filing of A Second Amended Complaint.

To amend its pleading a second time or after a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Such leave is to be "freely given **when justice so requires**." Id. (emphasis added). Forti has already amended her Complaint once in this action. Since filing her first Amended Complaint, no discovery has been conducted in this case, nor have there been any rulings from the Court requiring Forti to amend her Complaint for a second time.

In her Motion, Forti admits that "she had not accurately stated her causes of action against the defendant attorneys" in her Amended Complaint. She further states that "[a]s it stands, the Amended Complaint would confuse the court and the defendant attorneys as to which parties she is holding responsible for what conduct." It is unclear how her proposed Second Amended Complaint seeks to clarify any of her causes of action to the extent that justice would require a second amendment of her Complaint. Forti's Motion alleges that her proposed Second Amended Complaint seeks to

4

"eliminate the confusion" of her Amended Complaint. However, her Second Amended Complaint purportedly asserts a new claim for intentional infliction of emotional distress[4] while abandoning her prior claims of malicious prosecution and "furthering and participating in a fraudulent conveyance" as to all Defendants. Her proposed Second Amended Complaint also abandons her claim of abuse of process as to the Finkelstein Defendants.[5] Nonetheless, Forti's Second Amended Complaint sets forth substantially the same baseless allegations made in her previous complaints.

Further, permitting Forti to file a second Amended Complaint will impose an obligation on Defendants to respond to a third Complaint in the span of five months. Already, Defendants have been forced to incur substantial time and expense in defending this action and responding to Forti's baseless allegations. As Defendants' motions to dismiss Forti's Amended Complaint are currently pending before the Court, permitting Forti to file another Complaint before a determination is made as to whether Forti's action should be dismissed would not be in the interest of justice.[6] Accordingly, this Court should deny Forti's Motion.

### B. Forti's Motion Does Not Comply With LCvR 7(a) or (m).

Forti's Motion fails to comply with applicable local rules. Forti failed to include a statement of points and authorities in support of her Motion as required by LCvR 7(a). Rule 7(a) provides, in pertinent part, that "each motion shall include or be accompanied

---

[4] Notwithstanding the fact that such a claim is utterly unsupported by the facts in this case, Forti has also failed to properly assert such a claim.
[5] Interestingly, Forti's proposed Second Amended Complaint pursues a claim for abuse of process against Hunton Defendants despite the basic fact that Hunton Defendants did not sue Forti in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745.
[6] There are numerous grounds to dismiss Forti's Amended Complaint as set forth in Defendants' Motions to Dismiss and Motions to Dismiss Amended Complaint, including the statute of limitations, the doctrines of collateral estoppel and res judicata, and failure to state a claim upon which relief can be granted. Defendants submit to the Court that all of these grounds would also support a motion to dismiss Forti's proposed Second Amended Complaint.

by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." Id. Clearly, Forti's Motion is deficient as a result of her failure to include a statement of points and authorities in support of her motion.

LCvR 7(m) requires counsel to confer with opposing counsel on any nondispositive motions filed in a civil action. This Rule also provides that "[a] party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Id. Defendants' counsel were not contacted by Forti requesting their consent to the filing of her most recent Motion, and Forti did not include in her motion that "the required discussion occurred." Interestingly, Forti's Motion states that "the defendant attorneys do not consent to this motion." In is unclear how Forti reached this conclusion, as it was certainly not through any actual conversations that occurred between the parties or their counsel.[7] Accordingly, Forti's Motion should be denied.

### III.    Conclusion

For all the foregoing reasons, Defendants respectfully request that this Honorable Court deny Forti's Motion for Leave of Court to File Second Amended Complaint.

---

[7] As set forth supra, Defendants do not believe that justice requires Forti to amend her Complaint a second time and, if contacted by Forti, Defendants would have expressed this opinion.

        Respectfully submitted,

        NATHAN I. FINKELSTEIN
        FINKELSTEIN & HORVITZ, P.C.

By:        _____/s/_____
        Nathan I. Finkelstein, D.C. Bar # 173682
        Laurie B. Horvitz, D.C. Bar # 384702
        Robert J. Goldman, D.C. Bar # 481642
        Emily D. Gooding, D.C. Bar #496227
        FINKELSTEIN & HORVITZ, P.C.
        7315 Wisconsin Avenue, Suite 400 East
        Bethesda, Maryland 20814
        Telephone: (301) 951-8400

        RICHARD AGUGLIA
        JEFFREY HARDIE

By:        _____/s/_____
        John Jay Range, D.C. Bar # 376028
        HUNTON & WILLIAMS, LLP
        1900 K Street, N.W., Suite 1200
        Washington, D.C. 20006
        Telephone: (202) 955-1500

        HAMILTON AND HAMILTON, LLP

By:        _____/s/_____
        Patrick Kavanaugh, D.C. Bar # 192963
        HAMILTON AND HAMILTON, LLP
        1900 M Street, N.W., Suite 410
        Washington, D.C. 20036-3532
        Telephone: (202) 463-8282

        _____/s/_____
        George T. Masson, Jr., D.C. Bar # 51953
        HAMILTON AND HAMILTON, LLP
        1900 M Street, N.W., Suite 410
        Washington, D.C. 20036-3532
        Telephone: (202) 463-8282

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2006, the foregoing Joint Memorandum of Points and Authorities of Defendants, Nathan I. Finkelstein, Finkelstein & Horvitz, P.C., George Masson, Jr., Hamilton and Hamilton, LLP, Richard Aguglia, and Jeffrey Hardie, in Opposition to Plaintiff's Motion for Leave of Court to File Second Amended Complaint, and proposed Order were mailed first-class with adequate postage prepaid to:

    Carol A. Forti, Esq.
    14 West Chapman Street
    Alexandria, Virginia 22301

    John Jay Range, Esq.
    Richard L. Arguglia, Esq.
    Jeffrey Hardie, Esq.
    Hunton & Williams, LLP
    1900 K Street, N.W., Suite 1200
    Washington, D.C. 20006

    George Masson, Jr., Esq.
    Patrick Kavanaugh, Esq.
    Hamilton and Hamilton, LLP
    1900 M Street, N.W., Suite 410
    Washington, D.C. 20036

                            _____/s/_____
                            Nathan I. Finkelstein