UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| | * Deck Type: Contract |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### JOINT MOTION TO SET CASE FOR STATUS HEARING

COME NOW, defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants"), George Masson, Jr. and Hamilton and Hamilton, LLP ("Hamilton Defendants"), and Richard Aguglia and Jeffrey Hardie ("Hunton Defendants") (collectively referred to as "Defendants"), by and through undersigned counsel, and hereby move this Honorable Court to set this case for a status hearing. Defendants seek a status hearing before this Court to discuss the outstanding issues in this case. Defendants have attached a memorandum of points and authorities in support of the instant motion. A proposed Order is also submitted herewith.

Pursuant to LCvR 7(m), counsel for the Finkelstein Defendants contacted plaintiff, Carol A. Forti, by telephone on October 3, 2006 at approximately 10:10 a.m. in a good faith effort to determine whether there is any opposition to the relief sought by the Defendants in this motion. During counsel's brief discussion with Forti, Forti stated that she objects to Defendants' filing of a motion to set the case for a status hearing.

WHEREFORE, Defendants respectfully request that this Honorable Court set this case for a status hearing.

                                    Respectfully submitted,

                                    NATHAN I. FINKELSTEIN
                                    FINKELSTEIN & HORVITZ, P.C.

By:        /s/_____
       Nathan I. Finkelstein, D.C. Bar # 173682
       Laurie B. Horvitz, D.C. Bar # 384702
       Robert J. Goldman, D.C. Bar # 481642
       Emily D. Gooding, D.C. Bar #496227
       FINKELSTEIN & HORVITZ, P.C.
       7315 Wisconsin Avenue, Suite 400 East
       Bethesda, Maryland 20814
       Telephone: (301) 951-8400

       RICHARD AGUGLIA
       JEFFREY HARDIE

By:        /s/_____
       John Jay Range, D.C. Bar # 376028
       HUNTON & WILLIAMS, LLP
       1900 K Street, N.W., Suite 1200
       Washington, D.C. 20006
       Telephone: (202) 955-1500

       HAMILTON AND HAMILTON, LLP

By:        /s/_____
       Patrick Kavanaugh, D.C. Bar # 192963
       HAMILTON AND HAMILTON, LLP
       1900 M Street, N.W., Suite 410
       Washington, D.C. 20036-3532
       Telephone: (202) 463-8282

       _____/s/ _____
       George T. Masson, Jr., D.C. Bar # 51953
       HAMILTON AND HAMILTON, LLP
       1900 M Street, N.W., Suite 410
       Washington, D.C. 20036-3532
       Telephone: (202) 463-8282

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CAROL A. FORTI, | * |
| Plaintiff, | * |
| v. | * Case No. 1:06CV00613 |
| | * Judge: James Robertson |
| | * Deck Type: Contract |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET CASE FOR STATUS HEARING

Defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants"), George Masson, Jr. and Hamilton and Hamilton, LLP ("Hamilton Defendants"), and Richard Aguglia and Jeffrey Hardie ("Hunton Defendants") (collectively referred to as "Defendants"), hereby submit this memorandum of points and authorities in support of their Motion to Set Case for Status Hearing, stating as follows:

**I.    Procedural Background**

On or about April 3, 2006, Forti brought the instant action against Defendants alleging civil fraud and conspiracy to commit civil fraud. In response to her Complaint, Defendants filed motions to dismiss the Complaint or, in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Complaint"). On or about May 25, 2006, this Honorable Court entered an Order to Show Cause stating, in part, that "[i]t is completely clear that this action should be, and that it will be, dismissed …The only question is whether the order of dismissal will be accompanied by an order imposing monetary sanctions upon the plaintiff for what appears on its face to be a

3

complaint filed in flagrant violation of Rules 11(b)(1), 11(b)(2), and 11(b)(3) of the Federal Rules of Civil Procedure." The Order required Forti to show cause within 30 days of the date of the order "why the complaint she has filed in this case – and the opposition she has filed to defendants' motions – do not violate Rules 11(b)(1), 11(b)(2) and 11(b)(3) of the Federal Rules of Civil Procedure."

Forti subsequently filed motions for summary judgment against Defendants on or about May 30, 2006. In response to said filings, this Honorable Court entered a Notice to Parties and Counsel which provided in part that "[d]efendants are under no obligation to respond to plaintiff's motions for summary judgment before a decision is rendered on their motions to dismiss and the order to show cause is discharged."[1]

Hamilton Defendants, Hunton Defendants, and Finkelstein Defendants filed motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 on or about May 30, June 2, 2006 and June 5, 2006, respectively. Forti filed oppositions to said motions for sanctions on or about July 12, 2006. On July 12, 2006, Forti also filed an Amended Complaint purportedly asserting claims of civil fraud, civil conspiracy, furthering and participating in a fraudulent conveyance, malicious prosecution, and abuse of process.[2] In response to Forti's Amended Complaint, Defendants filed motions to dismiss the Amended Complaint, or in the alternative, for summary judgment (collectively referred to as "Motions to Dismiss Amended

---

[1] The Court also stated that "it appears (a) that none of them contains a 'statement of material facts as to which the moving party contends there is no genuine issue' required by LCvR 56.1, i.e., a statement that "include[s] references to the parts of the record relied on to support the statement" – plaintiff's ipse dixit affidavits […] do not satisfy the Rule – and (b) that none of them is responsive to the Court's sua sponte order of May 25, 2006 […] directing the plaintiff to show cause why sanctions should not be imposed upon her pursuant to F.R.Civ.P. 11(b)." Id.

[2] Forti's Amended Complaint only sues the attorneys involved with the real estate settlement at issue in this case or related litigation, rather than the represented parties, who were previously named as defendants in Forti's original Complaint in this action.

4

Complaint"). On July 31, 2006, Forti filed an Amended Motion for Summary Judgment. Defendants moved the Court for an enlargement of time to respond to Forti's Amended Motion for Summary Judgment until ten days after the Court's ruling on Defendants' Motions to Dismiss Complaint and Motions to Dismiss Amended Complaint. On August 11, 2006, this Honorable Court granted the enlargement of time requested by Defendants.

Finkelstein Defendants, Hamilton Defendants, and Hunton Defendants filed second motions for sanctions against Forti pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 on August 25, 2006, August 28, 2006, and August 29, 2006, respectively (collectively referred to as "Defendants' Second Motions for Sanctions"). On September 7, 2006, Forti filed her Motion for Enlargement of Time to Respond to Motion for Sanctions seeking an unspecified extension of time "because of conflicting legal obligations." Defendants filed a joint memorandum in opposition to said motion on September 15, 2006. Forti filed oppositions to Defendants' Second Motions for Sanctions on or about September 20, 2006 without a determination by the Court as to whether such a late filing would be permitted.

On September 20, 2006, Forti also filed a Motion for Leave of Court to File Second Amended Complaint seeking to file yet another Complaint in this action. Her proposed Second Amended Complaint purportedly adds a claim for intentional infliction of emotional distress while abandoning her prior claims of malicious prosecution and "furthering and participating in a fraudulent conveyance" as to all Defendants, and also abandons her claim of abuse of process as to the Finkelstein Defendants. Nonetheless, Forti's proposed Second Amended Complaint sets forth substantially the same baseless

5

allegations made in her previous Complaints. Defendants submit a memorandum in opposition to Forti's most recent motion contemporaneous with the filing of the instant motion to set a status hearing in this case.

## II.     This Court Should Set This Case For A Status Hearing.

As described in the procedural background set forth above, the docket in this case is already quite extensive. This is primarily due to Forti's barrage of baseless and duplicative papers with the Court, to which Defendants have been forced to respond. Forti continues to bombard the Court and Defendants with papers containing baseless accusations, which were already adjudicated in W.C. & A.N. Miller Development Co. v. Forti et al., District of Columbia Civil Case No. 02CA4745, and affirmed by Forti v. W.C. & A.N. Miller Development Co. et al., District of Columbia Court of Appeals Case No. CA4745-02. As a result of Forti's irrational and unjustifiable persistence in this action, Defendants have incurred substantial time and expense responding to her allegations.

There are numerous issues that could be resolved by the Court at this juncture through a status hearing.[3] There are currently eighteen (18) motions pending in this action, which have not yet been ruled on by the Court.[4] Rulings on these motions could

---

[3] No hearings have yet been held in this case, although Defendants have requested hearings on a number of motions filed with the Court.
[4] The following motions have not yet been decided by the Court:
  1. Motion of Defendants W.C. & A.N. Miller Development Co., June Humbert, Hamilton and Hamilton, LLP, and George Masson, Jr., to Dismiss the Complaint or, in the Alternative, for Summary Judgment, filed on April 25, 2006 (Docket entry #10);
  2. Joint Motion of Co-Defendants Alberto Chong, Luisa Zanforlin, Richard Aguglia and Jeffrey Hardie to Dismiss Complaint for Civil Fraud and Conspiracy to Commit Civil Fraud or, in the Alternative, Motion for Summary Judgment, filed on April 25, 2006 (Docket entry #12);
  3. Motion of Defendants Finkelstein & Horvitz, P.C. and Nathan I. Finkelstein to Dismiss Complaint or, in the Alternative, for Summary Judgment, filed on April 28, 2006 (Docket entry #15);
  4. Motion of W.C. & A.N. Miller Development Co., June Humbert, Hamilton and Hamilton, LLP, and George Masson, Jr. for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, filed on May 30, 2006 (Docket entry #19);
  5. Motion for Summary Judgment against Nathan Finkelstein and Finkelstein & Horvitz, P.C., filed by Carol A. Forti on May 30, 2006 (Docket entry #20);

6

dispose of this case completely or significantly narrow down the issues currently before the Court. As Forti's actions already have significantly burdened Defendants in terms of both the time and costs expended to defend against her allegations, setting a status hearing at this juncture to resolve the numerous outstanding issues before the Court would serve the interests of justice. Therefore, Defendants seek an Order from the Court setting a status hearing in this case.

### III.   Conclusion

For all the foregoing reasons, Defendants respectfully request that this Honorable Court set the instant case for a status hearing.

---

6. Motion for Summary Judgment against Alberto Chong, Luisa Zanforlin, Richard Aguglia, and Jeffrey Hardie, filed by Carol A. Forti on May 30, 2006 (Docket entry #21);
7. Motion for Summary Judgment against W.C. & A.N. Miller Development Co., June Humbert, George Masson, Jr. and Hamilton & Hamilton, LLP, filed by Carol A. Forti on May 30, 2006 (Docket entry #22);
8. Motion for Sanctions, filed by Alberto Chong, Luisa Zanforlin, Jeffrey Hardie, and Richard Aguglia on June 2, 2006 (Docket entry #24);
9. Motion of Defendants Finkelstein & Horvitz, P.C. and Nathan Finkelstein for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, filed on June 5, 2006 (Docket entry #25);
10. Motion of Defendants George Masson, Jr. and Hamilton and Hamilton, LLP, to Dismiss the Amended Complaint or, in the Alternative, for Summary Judgment, filed on July 26, 2006 (Docket entry #32);
11. Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, filed on July 28, 2006 (Docket entry #34);
12. Motion of Co-Defendants Richard Aguglia and Jeffrey Hardie to Dismiss Amended Complaint or, in the Alternative, for Summary Judgment, filed on July 31, 2006 (Docket entry #35);
13. Amended Motion for Summary Judgment, filed by Carol A. Forti on July 31, 2006 (Docket entry #36);
14. Motion of Defendants Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, filed on August 25, 2006 (Docket entry #40);
15. Motion of George Masson, Jr. and Hamilton and Hamilton, LLP, for Sanctions Against Carol A. Forti Pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927 for Filing of Amended Complaint, filed on August 28, 2006 (Docket entry #41);
16. Motion for Sanctions, filed by Jeffrey Hardie and Richard Aguglia on August 29, 2006 (Docket entry #43);
17. Motion for Enlargement of Time to Respond to Motion for Sanctions, filed by Carol A. Forti on September 7, 2006 (Docket entry #44);
18. Motion For Leave of Court to File Second Amended Complaint, filed by Carol A. Forti on September 20, 2006 (Docket entry #49).

Respectfully submitted,

NATHAN I. FINKELSTEIN
FINKELSTEIN & HORVITZ, P.C.

By: _____/s/_____
Nathan I. Finkelstein, D.C. Bar # 173682
Laurie B. Horvitz, D.C. Bar # 384702
Robert J. Goldman, D.C. Bar # 481642
Emily D. Gooding, D.C. Bar #496227
FINKELSTEIN & HORVITZ, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400

RICHARD AGUGLIA
JEFFREY HARDIE

By: _____/s/_____
John Jay Range, D.C. Bar # 376028
HUNTON & WILLIAMS, LLP
1900 K Street, N.W., Suite 1200
Washington, D.C. 20006
Telephone: (202) 955-1500

HAMILTON AND HAMILTON, LLP

By: _____/s/_____
Patrick Kavanaugh, D.C. Bar # 192963
HAMILTON AND HAMILTON, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
Telephone: (202) 463-8282

_____/s/\_\_ _____
George T. Masson, Jr., D.C. Bar # 51953
HAMILTON AND HAMILTON, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
Telephone: (202) 463-8282

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2006, the foregoing Joint Motion to Set Case for Status Hearing, supporting Memorandum of Points and Authorities, and proposed Order were mailed first-class with adequate postage prepaid to:

Carol A. Forti, Esq.
14 West Chapman Street
Alexandria, Virginia 22301

John Jay Range, Esq.
Richard L. Arguglia, Esq.
Jeffrey Hardie, Esq.
Hunton & Williams, LLP
1900 K Street, N.W., Suite 1200
Washington, D.C. 20006

George Masson, Jr., Esq.
Patrick Kavanaugh, Esq.
Hamilton and Hamilton, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036

_____/s/_____
Nathan I. Finkelstein