```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


CAROL A. FORTI,                    :
                                   :
       Plaintiff,                  :
                                   :
    v.                             :  Civil Action No. 06-0613 (JR)
                                   :
W.C. & A.N. MILLER DEVELOPMENT     :
CO., et al.,                       :
                                   :
       Defendants.                 :
```

## MEMORANDUM

The Court has examined the several outstanding motions in this case, including defendants' motions to dismiss, both parties' motions for summary judgment, and defendants' motions for sanctions. Most of these motions were completely unnecessary for the following reason: the plaintiff's first amended complaint [28] was filed in violation of F.R.Civ.P. 15(a), requiring plaintiffs to obtain leave of court or written permission of opposing parties to file an amended complaint after responsive motions have been filed. Defendants' motions for summary judgment [10, 12, 14] were responsive pleadings within the meaning of the rule and were filed before the filing of plaintiff's first amended complaint. Plaintiff's first amended complaint [28] was thus improperly filed and will be stricken, and all subsequent motions [32, 33, 34, 35, 36, 40, 43, 49, 51] will be dismissed as moot.

On May 25, 2006 I ordered plaintiff to show cause within 30 days why "the complaint she has filed in this case - and the oppositions to defendant's motions - do not violate" Rule 11.  Plaintiff never responded directly to that order, except in a "notice to the court" [27] asserting that she did not learn of it until June 10.  Instead, on July 12, she filed a first amended complaint [28] and memoranda in opposition to each of defendants' motions for sanctions [29, 30, 31].

Plaintiff's conduct in this case has violated the first three subsections of F.R.Civ.P. 11(b).  She has filed complaints plainly barred by the doctrines preventing the re-litigation of claims and exhibited a total disregard for previously settled decisions.  Her complaint repeatedly mis-characterizes facts and includes a litany of baseless charges.  For example, she accuses the defendants of malice and conspiracy for forcing her to pay a real estate "commission she did not owe" and for seeking attorneys' fees after succeeding in their lawsuit, Complaint ¶ 4, 14, but it was the D.C. Superior Court and D.C. Court of Appeals that ordered payment, after determining that she did, in fact, owe a commission, and the same courts imposed and upheld the awards of attorneys' fees.  Ms. Forti attempts to characterize legitimate, settled court determinations as unlawful and unfair allegations of defendants; her complaint simply "reiterates arguments that have already been unequivocally rejected."

Reynolds v. The National Capitol Police Board, 357 F.Supp.2d 19, 24 (D.D.C. 2004).  Ms. Forti's pleadings reflect a "calculating indifference ... to the prior rulings ... [which] constitutes an intent to bring claims in bad faith."  Reynolds, 357 F.Supp.2d at 25.  Because Ms. Forti's claims are so clearly barred by the preclusion doctrine, her bad faith and intent to harass are readily apparent.  See, e.g., McLaughlin v. Bradlee, 803 F.2d 1197 (D.C. Cir. 1986).  Together, these improper motives reflect an indifference to the requirements of Rule 11(b)(1) and Rule 11(b)(2).  Her assertion that the entire group of defendants committed fraud on the court is completely devoid of evidentiary support, in clear violation of Rule 11(b)(3).

     Plaintiff will be ordered to pay $5,000 in sanctions to each of the three groups of defendants: (1) Hamilton & Hamilton, S.C. & A.N. Miller, June Humbert, and George Masson, Jr.; (2) Jeffrey Hardie, Richard Agulia, Alberto Chong, and Luisa Zanforlin; (3) Nathan Finkelstein and Finkelstein & Horvitz.  The sanctions are intended to deter plaintiff from filing future frivolous lawsuits and to cover some of the legal expenses incurred by defendants between the filing of plaintiff's initial complaint and the filing of her first amended complaint.  Since defendants should have moved to strike plaintiff's first amended complaint, they will not be compensated for the cost of responding to it.

An appropriate order accompanies this memorandum.


                                    JAMES ROBERTSON
                              United States District Judge