IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   Case No. 1:06CV00613 (JR) |
| | ) |
| W.C. & A.N. MILLER | ) |
| DEVELOPMENT COMPANY, et al., | ) |
| | ) |
|       Defendants | ) |

**JOINT MOTION OF DEFENDANTS W.C. & A.N. MILLER DEVELOPMENT COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, GEORGE T. MASSON, JR., NATHAN I. FINKELSTEIN, AND FINKELSTEIN & HORVITZ, P.C., TO ALTER OR AMEND MEMORANDUM AND ORDER**

COME NOW defendants W.C. & A.N. Miller Development Company, June Humbert, Hamilton and Hamilton, LLP, George T. Masson, Jr., Nathan I. Finkelstein, and Finkelstein & Horvitz, P.C., and move the Court to amend its Order [54] and Memorandum [53] filed herein on November 2, 2006. The reasons for this motion are set forth in the memorandum of points and authorities filed in support of the motion.

                                                          Respectfully submitted,

                                                         /s/
                                                        George T. Masson, Jr., D.C. Bar No. 51953
                                                        Patrick Kavanaugh, D.C. Bar No. 192963
                                                        HAMILTON AND HAMILTON, LLP
                                                        1900 M Street, N.W., Suite 410
                                                        Washington, D.C. 20036-3532
                                                        Telephone: (202) 463-8282
                                                        Facsimile: (202) 463-7282

        Attorneys for Defendants W.C. & A.N.
          Miller Development Company, June
          Humbert, Hamilton and Hamilton, LLP,
          and George T. Masson, Jr.


        /s/_____
        Nathan I. Finkelstein, D.C. Bar No. 173682
        Laurie B. Horvitz, D.C. Bar No. 384702
        Robert J. Goldman, D.C. Bar No. 481642
        Emily D. Gooding, D.C. Bar No. 496227
        FINKELSTEIN & HORVITZ, P.C.
        7315 Wisconsin Avenue, Suite 400 East
        Bethesda, Maryland 20814
        Telephone: (301) 951-8400
        Facsimile: (301) 951-8401

        Attorneys for Nathan I. Finkelstein and
          Finkelstein & Horvitz, P.C.


## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing motion, memorandum of points and authorities in support thereof, proposed order, and notice of electronic filing was mailed, postage prepaid, this 16th day of November, 2006, to the following:

    Carol A. Forti, Esq.
    14 West Chapman Street
    Alexandria, Virginia 22301

    John Jay Range, Esq.
    Richard L. Aguglia, Esq.
    HUNTON & WILLIAMS, LLP
    1900 K Street, N.W.
    Suite 1200
    Washington, D.C. 20006

    Nathan I. Finkelstein, Esq.
    Laurie B. Horvitz, Esq.
    Robert J. Goodman, Esq.
    FINKELSTEIN & HORVITZ, P.C.
    7315 Wisconsin Avenue
    Suite 400 East
    Bethesda, Maryland   20814

/s/ _____
George T. Masson, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, )<br>)<br>      **Plaintiff** )<br>)<br>  v. )<br>)<br>W.C. & A.N. MILLER )<br>DEVELOPMENT COMPANY, et al., )<br>)<br>      **Defendants** ) | Case No. 1:06CV00613 (JR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION OF DEFENDANTS W.C. & A.N. MILLER DEVELOPMENT COMPANY, JUNE HUMBERT, HAMILTON AND HAMILTON, LLP, GEORGE T. MASSON, JR., NATHAN I. FINKELSTEIN, AND FINKELSTEIN & HORVITZ, P.C., TO ALTER OR AMEND MEMORANDUM AND ORDER**

In its Memorandum [53] filed in this cause on November 2, 2006, the Court stated as follows concerning many of the motions filed by defendants Hamilton and Hamilton, LLP, George T. Masson, Jr., Jeffrey Hardie, Richard Aguglia, Nathan I. Finkelstein, and Finkelstein & Horvitz, P.C. [32, 33, 34, 35, 40, 43, 49, and 51] :

> Most of these motions were completely unnecessary for the following reason: the plaintiff's first amended complaint [28] was filed in violation of F.R.Civ.P. 15(a), requiring plaintiffs to obtain leave of court or written permission of opposing parties to file an amended complaint after responsive motions have been filed. Defendants' motions for summary judgment [10, 12, 14] were responsive pleadings within the meaning of the rule and were filed before the filing of plaintiff's first amended complaint. Plaintiff's first amended complaint [28] was thus improperly filed and will be stricken and all subsequent motions [32, 33, 34, 35, 36, 40, 43, 49, 51] will be dismissed as moot.[1]

Memorandum [53] at 1. Accordingly, in its accompanying Order [54] the Court dismissed various motions filed by the defendants as being moot.

---

[1] Reference was not made in either the Memorandum or accompanying Order to the motion for sanctions against plaintiff filed by defendants Hamilton and Hamilton, LLP, and George T. Masson, Jr. [41]. However, the court's stated rationale applies equally to that motion as well.

These defendants respectfully submit that the Court erred in concluding that plaintiff's amended complaint [28] was filed in violation of F.R.Civ.P. 15(a) for the reason that a motion to dismiss and a motion for summary judgment are not deemed to be responsive pleadings within the meaning of Rule 15.  Rule 15 (a) provides, insofar as is relevant to this action, that "[a] party may amend the party's pleading once as a matter of course at any time before a *responsive pleading* is served . . . " (emphasis added).

In *James V. Hurson, Associates, Inc. v. Glickman, 343 U. S. App. D.C. 313, 229 F.3d 277, 282-83 (2000),* the Court stated as follows:

> The Federal Rules of Civil Procedure guarantee a plaintiff an absolute right to amend its complaint once any time before the defendant has filed a responsive pleading . . . . We have repeatedly clarified that a motion to dismiss is not a responsive pleading for purposes of Rule 15.

For the same reasons, motions to dismiss or, in the alternative, for summary judgment, as were filed by these movants in this action, are not responsive pleadings which precluded plaintiff from filing her first amended complaint absent leave of court or permission to do so granted by the defendants.  *Bowden v. United States, 336 U. S. App. D.C. 126, 176 F. 3d 552, 555 (1999)* ("At the time Bowden sought to amend, the government had filed only a motion to dismiss or in the alternative for summary judgment, which is not considered a responsive pleading."); *United States Information Agency v. Krc, 284 U. S. App. D.C. 284, 905 F. 2d 389, 399 (1990)* ("Motions for summary judgment or dismissal, however, do not constitute responsive pleadings that prevent a party from amending without leave of court."); *see also Confederate Memorial Association, Inc. v. Hines, 301 U. S. App. D.C. 395, 399, 995 F. 2d 295, 299 (1993)* (motion to dismiss does not qualify as a responsive pleading); *Autozone Development Corporation v. District of Columbia, 2006 U. S. Dist. LEXIS 11731 at *6-7* (motions to dismiss and for summary judgment do not qualify as responsive pleadings for purposes of Rule 15); *Valdes v. District of Columbia,*

2

*2005 U. S. Dist. LEXIS 17960 at \*16* (same).

The Court has correctly determined in this case that plaintiff, a *pro se* attorney, committed a clear violation of F.R.Civ.P. 11 when she failed to withdraw her complaint filed in this action after being requested by all defendants to do so. The same sanctions should be applicable to the first amended complaint and related filings of plaintiff in this cause. None of the defendants had yet filed a responsive pleading to the original complaint at the time plaintiff filed her amended complaint, and she was not required to obtain leave from the Court or consent from defendants prior to making such filing. Because a motion to dismiss the original complaint had not been granted as of the date when plaintiff filed her first amended complaint, defendants were required either to answer or, as they did in this case, move once again for dismissal or, alternatively, for summary judgment.[2] *See Valdes v. District of Columbia, 2005 U. S. Dist. LEXIS 17960 at\*16.*

Amendment of the Memorandum [53] and Order [54] is critical in order that defendants may recover the attorneys fees which to which they are reasonably entitled.[3] Apart from an entitlement to fees pursuant to a ruling that plaintiff's filings violated F.R.Civ.P. 11, defendants W.C. & A.N. Miller Development Company and June Humbert have a contractual right to recover attorney's fees from plaintiff arising from the Regional Sales Contract executed by

---

[2] F.R.Civ.P. 12 (f) provides that a court, pursuant to a motion to strike filed by a party, may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The motion is not an authorized or proper way to seek dismissal of all or a part of a complaint because of substantive failings. *See* 5C WRIGHT AND MILLER FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 1380 at 403.

[3] In light of Forti's litigious nature and her history of appealing decisions in which she does not prevail, these defendants also submit that the Memorandum and Order must be amended to clarify the record in the event of any appeal.

3

plaintiff for the sale of her house.[4]

Similarly, defendant Nathan I. Finkelstein is entitled to recovery of his attorney's fees under the terms of the Escrow Agreement executed with plaintiff.[5]

Although the movants assert their rights to be indemnified for their attorney's fees arising from contract, and to do so by separate motions which they might file in this cause, they respectfully submit in the interests of the efficient administration of justice that the Court should award them their fees reasonably incurred in this action in conjunction with a finding that plaintiff has committed multiple violations of F.R.Civ.P. 11.  As stated in *Lucas v. Spellings, 408 F. Supp. 2d 8, 26 (2006),* "[t]he sanction imposed because of the Rule 11 violation must be based on the costs actually incurred as a result of that violation" as well as being sufficient to deter others from engaging in similar behavior.  This is the second action which plaintiff has brought in her vain attempt to recover from various defendants in this case, and there is no legitimate reason why the parties she has sued should not be able to recover reasonable attorney's fees for all the papers which they have filed in defense against the baseless claims asserted by plaintiff.

---

[4]  The Regional Sales Contract is attached hereto as Exhibit "A" and incorporated by reference herein.  Paragraph 23 provides, *inter alia*, that "[i]n the event a dispute arises resulting in the Broker being made a party to any litigation . . ., the Purchaser and Seller agree to indemnify the Broker, its employees, and/or licensees for all attorney fees and costs of litigation, unless the litigation results in a judgment against the Broker, its employees and or licensees."

[5]  The Escrow Agreement is attached hereto as Exhibit "B" and incorporated by reference herein.  Paragraph 2d. provides that "Escrow Agent shall be indemnified and held harmless by the Parties against any claim, costs, damages, adjustments, attorney's fees, expenses, obligations or charges made against Escrow Agent by reason of its failing to act in accordance with this Escrow Agreement, unless caused by Escrow Agent's gross negligence or willful misconduct which results in the breach of this Agreement."

Respectfully submitted,

_____
George T. Masson, Jr., D.C. Bar No. 51953
Patrick Kavanaugh, D.C. Bar No. 192963
HAMILTON AND HAMILTON, LLP
1900 M Street, N.W., Suite 410
Washington, D.C. 20036-3532
Telephone: (202) 463-8282
Facsimile: (202) 463-7282

Attorneys for Defendants W.C. & A.N.
  Miller Development Company, June
  Humbert, Hamilton and Hamilton, LLP,
  and George T. Masson, Jr.


_____
Nathan I. Finkelstein, D.C. Bar No. 173682
Laurie B. Horvitz, D.C. Bar No. 384702
Robert J. Goldman, D.C. Bar No. 481642
Emily D. Gooding, D.C. Bar No. 496227
FINKELSTEIN & HORVITZ, P.C.
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401

Attorneys for Nathan I. Finkelstein and
  Finkelstein & Horvitz, P.C.