UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAROL A. FORTI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. : 06-00613-JR |
| v. | ) |
| | ) |
| W.C. & A.N. MILLER DEVELOPMENT COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO COURT'S NOTICE TO COUNSEL

In response to this Court's Notice to Counsel (Docket # 56), Defendants Richard Aguglia and Jeffrey Hardie, by counsel, state as follows:

### BACKGROUND

On April 3, 2006, Carol Forti ("Forti") filed suit against *inter alia* Alberto Chong and Luisa Zanforlin and their counsel, Richard Aguglia and Jeffrey Hardie, for alleged conspiracy and fraud over a broker's commission due W.C. & A.N. Miller from the sale of Forti's house to Chong and Zanforlin. On April 25, 2006, Chong, Zanforlin, Aguglia and Hardie moved to dismiss the Complaint and shortly thereafter, on May 8, 2006 served Forti with the appropriate Rule 11 letter and motion in an attempt to convince Forti to withdraw her frivolous, baseless and false Complaint. Forti responded by filing an opposition to the motion to dismiss on May 16, 2006.

On May 25, 2006, this Court issued an order (Docket # 18) to Forti to show cause within thirty (30) days why sanctions should not be imposed against her for filing the Complaint. In total disregard of this Court's Order, Forti filed a motion for summary judgment on May 30, 2006. The Court notified the defendants that they were not required to respond to Forti's motion for summary judgment. (Docket # 26).

Some 48 days later, Forti filed her response to the Court's Show Cause Order, and, in addition, amended her Complaint on July 12, 2006 to remove Chong and Zanforlin as defendants and restated her claims against Aguglia and Hardie. (Docket # 28). Counsel believed that this Court's notice excusing the defendants from responding to Forti's summary judgment motion should also apply to excuse any duty to respond to Forti's Amended Complaint, at least until a hearing on the Show Cause Order. On July 25, 2006, counsel contacted Chambers and sought clarification whether the Court's Order suspending defendants' obligation to respond to the summary judgment motion also applied to suspend any obligation to respond to the Amended Complaint. Counsel was advised that the Court's Order did not apply to the Amended Complaint and therefore did not suspend the defendants' obligation to respond to that pleading.

Counsel considered whether they could oppose the Amended Complaint on the grounds that their pending motions to dismiss barred Forti from amending her Complaint without first seeking leave of Court. After consultation among counsel for the co-defendants and review of case law, the parties concluded that a motion to dismiss, even when pled in the alternative as a motion for summary judgment, was not a responsive pleading that prevented Forti from amending her Complaint as of right and without leave of Court.[1] Defendants Aguglia and Hardie therefore concluded a response to the Amended Complaint was necessary to avoid the risk of a default. Accordingly, defendants moved to dismiss the Amended Complaint on July 31, 2006, and once again served Forti on August 2, 2006 with the appropriate Rule 11 letter and motion in a vain attempt to convince her to withdraw that Amended Complaint. Undeterred, Forti filed an amended motion for summary judgment on July 31, 2006, which counsel requested be stayed

---

[1] *See, e.g., James V. Hurson Associates, Inc. v. Glickman*, 343 U.S. App. D.C. 313; 229 F.3d 277, 282-283 (2000); *Bowden v. U.S.*, 336 U.S. App. D.C. 126; 176 F.3d 552, 555 (1999).

pending a ruling on the motion to dismiss. Hearing nothing from Forti, counsel filed another motion for sanctions on August 29, 2006, to preserve the record.

Forti's next "foray" was to move the court for leave to file a Second Amended Complaint on September 20, 2006. Defendants Aguglia and Hardie participated in a joint motion with all other defendants to oppose Forti's request for leave to file the Second Amended Complaint. Believing that Forti's relentless filings would continue until the Court addressed the merits of the Show Cause Order, all the defendants joined in a motion to request a status conference with the Court so they could request scheduling of a hearing on the pending motions.

The Court noticed a hearing on the pending motions on October 17. Consistent with her conduct in the prior litigation in Superior Court, Forti did not appear and later claimed not to have received notice of the hearing. The Court dismissed the original Complaint filed by Forti, and held that her Amended Complaint was not properly filed because, given the pending motions to dismiss or, in the alternative, for summary judgment, an Amended Complaint could not be filed without leave of Court, which had neither been requested nor granted. The Court *sua sponte* awarded total sanctions of $15,000 against Forti for filing the original Complaint, $5,000 of which the Court awarded in favor of Chong, Zanforlin, Aguglia and Hardie jointly. Finding that no response was necessary to the Amended Complaint, the Court awarded no sanctions for the cost of responding to either the Amended Complaint or the motion for leave to file the Second Amended Complaint. An Order was entered dismissing the action with prejudice.

Forti moved for reconsideration of the Court's Order on November 6, 2006, arguing, *inter alia*: (i) she filed her original Complaint in good faith and not for the purpose of harassing defendants or increasing the cost of litigation, (ii) she honestly believed her Complaint was warranted by existing law and that her allegations had evidentiary support, (iii) the sanctions

imposed by the Court were excessive because her actions, at worst, were the result of mistake and not intentional misconduct; and (iv) sanctions should be no greater than necessary to effectuate Rule 11.

Defendants dispute the truth of Forti's representations, and believe these statements are a continuation of the malicious misrepresentations she has made throughout these proceedings and in her previous lawsuit. Before Forti filed her first suit, she threatened that if she was required to pay a commission, she would put the defendants through expensive and protracted litigation. In this respect, she has proved true to her word. The costs to which she has put all the defendants in this litigation, and in the appeal she will likely take following entry of final judgment by this Court, are far greater than the sanctions imposed.

## RESPONSE TO COURT'S NOTICE

In response to the Court's invitation to defendants to submit evidence of costs and fees for the Court's recalculation of fees in response to Forti's motion for reconsideration, Defendants Chong, Zanforlin, Aguglia and Hardie have submitted the Affidavit of Richard L. Aguglia, which details the time and charges devoted to the defense of this matter. As noted in Mr. Aguglia's Affidavit, Hunton & Williams has not yet submitted any statement for legal services to its clients, Chong and Zanforlin.

As shown in Mr. Aguglia's Affidavit, the time and expenses Hunton & Williams incurred responding to the original Complaint exceeds the $5,000 sanctions awarded by the Court jointly to Chong, Zanforlin, Aguglia and Hardie. To avoid any possible appearance of a conflict of interest between Hunton & Williams and its clients, attorneys Aguglia and Hardie request that in the Court's recalculation of sanctions, any sanctions imposed on Forti for filing the original Complaint be imposed solely in favor of their clients, Chong and Zanforlin.

## CONCLUSION

Forti's conduct more than justifies the imposition of substantial sanctions as sought in the defendants' Rule 11 motions. In its recomputation of sanctions, Chong, Zanforlin, Aguglia and Hardie request that the Court consider the defendants' Rule 11 motions and the following facts:

- Chong and Zanforlin *never* sued Forti, had no interest in the commission which was escrowed at closing, but were brought into the litigation in the Superior Court by Forti's mean-spirited and harassing third party complaint;

- Like the Superior Court litigation, this action was thrust upon Chong and Zanforlin by Forti, who has intentionally misused the judicial process to harass and make outrageously false and defamatory allegations against Chong and Zanforlin and their counsel;

- Forti's Motion for Reconsideration is totally unrepentant, makes utterly false, groundless and sensational allegations against Chong, Zanforlin and counsel that have no basis in fact, urges the continuation of this litigation, and is itself a violation of Rule 11; and

- The sanctions imposed by the Court to date are insufficient to deter continuing conduct by Forti that violates Rule 11.

Respectfully submitted,

RICHARD AGUGLIA
JEFFREY HARDIE


By:_____/s/ John Jay Range_____
John Jay Range, DC Bar No. 376028
HUNTON & WILLIAMS, LLP
1900 K Street, N.W., Suite 1200
Washington, D.C. 20006
202-955-1500

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing , together with a **Response to Court's Notice to Counsel**, to be electronically filed and sent by first-class mail, postage prepaid, this 29th day of November, 2006, to:

>Carol A. Forti, Esq.
>14 West Chapman Street
>Alexandria, Virginia 22301
>
>George Masson, Jr., Esq.
>1900 M Street, N.W.
>Suite 410
>Washington, D.C. 20036
>
>Nathan Finkelstein, Esq.
>7315 Wisconsin Avenue, N.W.
>Suite 400 East
>Bethesda, MD 20814

/s/ John Jay Range<br>
John Jay Range