UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAROL A. FORTI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No. 1:06CV00613 |
| v. | * | Judge: James Robertson |
| | * | Deck Type: Contract |
| W.C. & A.N. MILLER | * | |
| DEVELOPMENT COMPANY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT MEMORANDUM OF POINTS AND AUTHORITIES OF DEFENDANTS, NATHAN I. FINKELSTEIN, FINKELSTEIN & HORVITZ, P.C., GEORGE MASSON, JR., HAMILTON AND HAMILTON, LLP, RICHARD AGUGLIA, AND JEFFREY HARDIE, IN OPPOSITION TO PLAINTIFF'S MOTION TO GRANT PLAINTIFF TIME TO RECOVER FROM MENTAL ILLNESS**

Defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C. ("Finkelstein Defendants"), George Masson, Jr. and Hamilton and Hamilton, LLP ("Hamilton Defendants"), and Richard Aguglia and Jeffrey Hardie ("Hunton Defendants") (collectively referred to as "Defendants"), by and through undersigned counsel, hereby submit this memorandum of points and authorities in opposition to the Motion to Grant Plaintiff Time to Recover from Mental Illness (of unlimited duration) filed by plaintiff, Carol A. Forti ("Forti").  Defendants file this memorandum pursuant to LCvR 7(b).

**I.    Background.**

On or about November 2, 2006, this Court entered an Order disposing of this case by granting the Defendants' motions to dismiss.  This Court also granted the Defendants' motions for sanctions against Forti, awarding the Finkelstein Defendants, the Hamilton Defendants, and the Hunton Defendants each $5,000.00.  The Order was accompanied by a Memorandum explaining the reasons for the Court's action, which

included, inter alia, findings that Forti's Complaint "exhibited a total disregard for previously settled decisions" and "repeatedly mischaracterizes facts and includes a litany of baseless charges," and that Forti's "bad faith and intent to harass are readily apparent." Order, p. 2-3.

On or about November 6, 2006, Forti filed her Motion for Reconsideration of the Court's Memorandum and Order Dated November 2, 2006 ("Forti's Motion for Reconsideration") requesting, inter alia, that the Court vacate its Order of November 2, 2006 on the grounds that she received bad advice from "the woman in the Clerk's Office who handles Judge Robertson's docket," she did not receive notice of the motions hearing, and that she "honestly believed" that her actions were not sanctionable. See Forti's Motion for Reconsideration. The Hamilton Defendants filed a memorandum of points and authorities in opposition to Forti's Motion for Reconsideration.

On or about November 16, 2006, defendants, W.C. & A.N. Miller Development Co., June Humbert, Hamilton and Hamilton, LLP, George T. Masson, Jr., Nathan I. Finkelstein, and Finkelstein & Horvitz, P.C., filed a motion to alter or amend the Court's Memorandum and Order of November 2, 2006 ("Defendants' Motion to Alter or Amend"). Defendants' Motion to Alter or Amend seeks an Order from the Court vacating the Order and Memorandum of November 2, 2006 on the grounds that the Court erred procedurally in considering only the Plaintiffs' Complaint, the Defendants' motions to dismiss, or in the alternative, for summary judgment in response to said Complaint, and the Defendants' first motions for sanctions against Forti. In said motion, the Hamilton Defendants and the Finkelstein Defendants contend that although Forti's Amended Complaint lacks any basis in law or fact, it was properly filed without leave of

Court pursuant to Fed. R. Civ. P. 15(a) because at the time of its filing, no response pleadings had been filed by the Defendants.  Defendants' Motion to Alter or Amend thus seeks an amendment of the Court's Memorandum and Order to clarify the record for a possible appeal by Forti, and to award additional attorneys' fees to the Defendants for the fees and expenses incurred in responding to Forti's Amended Complaint and subsequent filings.

On or about December 6, 2006, Forti filed her Motion to Grant Plaintiff Time to Recover From Mental Illness ("Forti's Motion").  The Defendants oppose Forti's Motion on the grounds set forth below.

## II.     This Court Should Deny Forti's Motion.

Any "stress" or "anxiety" experienced by Forti in this case has been self-inflicted, as she is the plaintiff in this case.  Defending against Forti's seemingly never-ending claims and allegations has heavily burdened the Defendants.  Forti brought and pursued the instant action against the Defendants without any basis in fact or law, despite the Defendants putting her on notice on numerous occasions that her claims were subject to sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.  In its Order and Memorandum of November 2, 2006, this Court recognized the baseless nature of Forti's claims.  Forti's Motion is yet another attempt to bombard the Court and the defendants with unnecessary papers in an effort to delay the enforcement of a judgment against her.  Granting Forti's Motion would greatly prejudice defendants' right to an expeditious resolution of this matter.

### A. Forti's Motion Does Not Seek An Appropriate Remedy.

#### 1. Forti's Motion Fails To State the Relief Sought With Sufficient Particularity.

Fed. R. Civ. P. 7(b)(1) provides in pertinent part that motions "shall state with particularity the grounds therefore, and shall set forth the relief or order sought." Forti's Motion does not specifically set forth any explanation of the relief sought from the Court. Ms. Forti merely states that she "needs stress-free time in order to recover from her mental illness." If Ms. Forti seeks a stay of the proceedings through her Motion, she has failed to specify the period for such a stay. Forti and her purported physician, Richard Greenberg, M.D., have failed to proffer any timeline for recovery. Forti has also failed to specify when or how a stay, if granted, could be lifted.[1] Therefore, Forti's fails to set forth the relief sought with sufficient particularity.

#### 2. Forti Has Not Been Adjudicated To Be Incompetent.

Ms. Forti also has failed to request any relief that would be appropriate for a litigant who has not been found to be incompetent under the laws of the District of Columbia or any other jurisdiction.[2] Staying the proceedings until Ms. Forti recovers

---

[1] Although there are multiple grounds for this Court to deny Forti's Motion, should this Court decide to grant a stay in the proceedings, the Defendants request that this Court order Ms. Forti to post a bond totaling $99,938.65, representing a portion of the attorneys' fees and costs incurred by the defendants in this action as reflected in each of the Defendants' statements submitted in response to the Court's Notice to Counsel of November 8, 2006.

[2] Despite her recent claim of incompetence in this proceeding, upon information and belief, Forti has concurrently contacted the adjacent property owner to her investment property in Anne Arundel County, Maryland regarding a sale of her investment property to that property owner. This is the same property that defendants' counsel sought to foreclose upon for unpaid fees in the litigation of Forti's claims in the District of Columbia Superior Court.

from her alleged mental illness is utterly unnecessary and would significantly prejudice the defendants.

Forti has failed to provide sufficient evidence of her alleged incapacity.[3] However, if Ms. Forti were truly incapable of participating in these legal proceedings, it would be appropriate for her to hire an attorney or to seek the appointment of a conservator to participate on her behalf.[4] Upon information and belief, Ms. Forti has not sought to undertake efforts to do either. Instead, Ms. Forti has asked the Court to postpone indefinitely the determination of post-judgment motions and the inevitable enforcement of the judgment against her. Significantly, there is no allegation that Ms. Forti was incompetent prior to the entry of this Court's Memorandum and Order of November 2, 2006, in which the Court found, inter alia, that Ms. Forti brought this action in bad faith. Surely, the requested delay is not appropriate under these circumstances.

### B. This Case Does Not Require Any Further Participation By Forti.

Judgment has been entered in this matter. As discussed in more detail above, there are currently three (3) post judgment motions pending before the Court. Ms. Forti filed two of the pending motions. Ms. Forti failed to file any opposition to the third

---

[3] The only purported evidence of Forti's alleged "incompetence" is the informal letter attached to her Motion from Richard Greenberg, M.D. Interestingly, Ms. Forti was still able to submit her Motion to the Court and serve it on all of the defendants despite her alleged incompetence.

[4] Sections 21-2051 through 21-2054 of the District of Columbia Code provide procedures by which a conservator can be appointed to manage the affairs of an incapacitated individual. Such procedures require that a petition be filed seeking the appointment of a conservator, that a qualified examiner evaluate the condition of the allegedly incapacitated individual and submit a written report to the Court with his or her findings, and that a hearing be held where the person alleged to be incapacitated is present and represented by counsel. D.C. Code §21-2052 - §21-2054.

pending motion, Defendant's Motion to Alter or Amend, within the time prescribed by LCvR 7(b). None of the pending motions requires a hearing, nor has an oral hearing been requested by any of the parties under LCvR 7(f). Therefore, the Court can resolve the pending motions without any further participation by Forti.

### C. Forti's Motion Does Not Comply With LCvR 7(a) or (m).

Forti's Motion fails to comply with applicable local rules. Forti failed to include a statement of points and authorities in support of her Motion as required by LCvR 7(a). Rule 7(a) provides, in pertinent part, that "each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." Id. Clearly, Forti's Motion is deficient as a result of her failure to include a statement of points and authorities in support of her motion.

LCvR 7(m) requires counsel to confer with opposing counsel on any nondispositive motions filed in a civil action. This Rule also provides that "[a] party shall include in its motion a statement that the required discussion occurred, and a statement as to whether the motion is opposed." Id. Defendants' counsel were not contacted by Forti requesting their consent to the filing of her most recent Motion, and Forti did not include in her motion that "the required discussion occurred." Accordingly, Forti's Motion should be denied.

### III. Conclusion

For all the foregoing reasons, Defendants respectfully request that this Honorable Court deny Forti's Motion to Grant Plaintiff Time to Recover From Mental Illness.

6

                Respectfully submitted,

                NATHAN I. FINKELSTEIN
                FINKELSTEIN & HORVITZ, P.C.

By:     /s/_____
                Nathan I. Finkelstein, D.C. Bar # 173682
                Laurie B. Horvitz, D.C. Bar # 384702
                Robert J. Goldman, D.C. Bar # 481642
                Emily D. Gooding, D.C. Bar #496227
                FINKELSTEIN & HORVITZ, P.C.
                7315 Wisconsin Avenue, Suite 400 East
                Bethesda, Maryland 20814
                Telephone: (301) 951-8400

                RICHARD AGUGLIA
                JEFFREY HARDIE

By:     /s/_____
                John Jay Range, D.C. Bar # 376028
                HUNTON & WILLIAMS, LLP
                1900 K Street, N.W., Suite 1200
                Washington, D.C. 20006
                Telephone: (202) 955-1500

                HAMILTON AND HAMILTON, LLP

By:     /s/_____
                Patrick Kavanaugh, D.C. Bar # 192963
                HAMILTON AND HAMILTON, LLP
                1900 M Street, N.W., Suite 410
                Washington, D.C. 20036-3532
                Telephone: (202) 463-8282

                _____/s/_ _____
                George T. Masson, Jr., D.C. Bar # 51953
                HAMILTON AND HAMILTON, LLP
                1900 M Street, N.W., Suite 410
                Washington, D.C. 20036-3532
                Telephone: (202) 463-8282

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of December, 2006, the foregoing Joint Memorandum of Points and Authorities of Defendants, Nathan I. Finkelstein and Finkelstein & Horvitz, P.C., George Masson, Jr. and Hamilton and Hamilton, LLP, and Richard Aguglia and Jeffrey Hardie, in Opposition to Plaintiff's Motion to Grant Plaintiff Time to Recover From Mental Illness, and proposed Order were mailed first-class with adequate postage prepaid to:

    Carol A. Forti, Esq.
    14 West Chapman Street
    Alexandria, Virginia 22301

    John Jay Range, Esq.
    Richard L. Arguglia, Esq.
    Jeffrey Hardie, Esq.
    Hunton & Williams, LLP
    1900 K Street, N.W., Suite 1200
    Washington, D.C. 20006

    George Masson, Jr., Esq.
    Patrick Kavanaugh, Esq.
    Hamilton and Hamilton, LLP
    1900 M Street, N.W., Suite 410
    Washington, D.C. 20036

                                      _____/s/_____
                                      Nathan I. Finkelstein